## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICHOLAS CAGGIANIELLO, NEIL HOWARD and THOMAS FALCO, on behalf of themselves and all other similarly situated employees of FSG PrivatAir, Inc. | : CASE NO. 303CV1011(AWT) |
| PLAINTIFFS, | : |
| VS. | : |
| FSG PRIVATAIR, INC. and in "their individual and official capacities DAVID C. HURLEY, HUGH F. REGAN, THOMAS H. MILLER and THOMAS L. CONNELLY | : |
| DEFENDANTS. | : OCTOBER 23 2003 |

### DEFENDANTS' PROPOSED CASE MANAGEMENT PLAN

**I.    Certification**

Pursuant to Your Honor's order at oral argument on October 9, 2003, the defendants, by their attorney, submit the following proposed case management plan and attached memorandum of law.  Undersigned counsel certifies that, after consultation with the defendants, they have discussed the nature and basis of the parties' claims and defenses and any possibilities of achieving a prompt settlement or other resolution of the case and, in consultation with the defendants, have developed the following proposed case management plan.

**II.    Jurisdiction**

      A.    Subject Matter Jurisdiction:

This Court does not have subject matter jurisdiction pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, as amended, or by the provisions of 28 U.S.C. § 1337. Subject matter jurisdiction is contested.

B.    Personal Jurisdiction

Personal jurisdiction is not contested.

## III.    Brief Description of Case

A.    Claims of Plaintiff:

Plaintiffs bring three claims on behalf of themselves and other employees of Defendants similarly situated to recover unpaid wages, overtime compensation, liquidated damages, attorney's fees and costs as provided for under the Fair Labor Standards Act ("FLSA"). The first claim addressed overtime compensation due to a class of employees with the job title "Flight Follower" on the basis they are not employed in a bona fide executive, administrative or professional capacity and therefore, not exempt from the overtime payment requirements under the FLSA. The second claim addresses overtime compensation due to hourly employees in accordance with Section 7 of the FLSA by providing hourly employees overtime wages at the rate of one and a half times their regular wage and not by straight compensatory time. The third claim addresses the overtime compensation due to a class of employees with the job title "Maintenance Manager" and "Maintenance Coordinator" for time dedicated to certain administrative tasks whenever such tasks require them to work in excess of forty hours per week.

**B.    Defenses and Claims of Defendants:**

The plaintiffs are exempt from the overtime provisions of the FLSA because they are employees of an air carrier subject to the Railway Labor Act.

The plaintiffs are exempt from the overtime provisions of the FLSA because they are executive employees under 29 U.S.C. § 213 (a) (1).

The plaintiffs are exempt from the overtime provisions of the FLSA because they are administrative employees under 29 U.S.C. § 213 (a) (1).

The plaintiffs are exempt from the overtime provisions of the FLSA because they are professional employees under the 29 U.S.C. § 213 (a) (1).

The on call time the plaintiffs allege is subject to overtime pay is not compensable under the FLSA.

Any off-duty or other time spent away from the workplace that the plaintiffs allege is subject to overtime pay is not compensable under the FLSA beyond what has already been paid to the plaintiffs by PrivatAir.

The plaintiffs have been paid by PrivatAir for all overtime they are entitled to under the FLSA.

The plaintiffs are salaried employees who receive straight-time compensation and are, therefore, not entitled to the time-and-a-half overtime they allege is owed to them.

The plaintiffs' claims are barred by the doctrine of laches.

The plaintiffs' claims are barred by the doctrines of waiver and estoppel.

Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

The complaint fails to state a cause of action for which relief can be granted

The plaintiffs failed to exhaust their administrative remedies.

**C.**    **Defenses and Claims of Third Party Defendant(s):**

N/A

**IV.**    **Statement of Undisputed Facts**

The defendants state that they are unable to agree at this time as to any material facts that are undisputed.

**V.**    **Case Management Plan**

*A.*    *Standing Order on Scheduling in Civil Cases*

The defendants request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

*B.*    *Scheduling Conference with the Court*

The defendants do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

*C.*    *Early Settlement Conference*

1.    The defendants certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2.    The defendants are not likely to request an early settlement conference.

3.    The defendants do not request referral for alternative dispute resolution pursuant to L. Civ. R. 36.

**D.**    **Joinder of Parties and Amendment of Pleadings**

4

1.    Plaintiffs should be allowed until November 23, 2003 to file motions to join additional parties and until November 23, 2003 to file motions to amend the pleadings.

2.    Defendants should be allowed until November 23, 2003 to file motions to join additional parties and until November 23, 2003 to file an answer to the complaint.

**E.    Discovery**

1.    The defendants anticipate discovery will be needed on the dispositive issue of subject matter jurisdiction and the status of PrivatAir as a common air carrier. The defendants anticipate that full discovery, if necessary, will be needed on the following subjects: (a) all issues fairly arising out of the claims contained in plaintiffs' complaint, including plaintiffs' job duties, periods of employment, hours worked and compensation received; (b) names of all similarly situated employees; (c) all issues arising out of the defenses of the defendants'; (d) documents relating to Plaintiffs' and Defendant' actions; (e) alleged damages, suffered by Plaintiffs' as a result of the Defendants' acts.

2.    All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced on January 23, 2004 and completed by November 20, 2004.

3.    Discovery will be conducted in phases starting first with discovery addressing subject matter jurisdiction and PrivatAir's status as a common air carrier and

completed by January 23, 2004; and all other discovery, if necessary, will be completed by November 20, 2004.

4.    The parties anticipate the Plaintiffs will require a total of 4-6 depositions of fact witnesses and that the Defendants will require a total of 10-20 depositions of fact witnesses.  The depositions will commence by January 23, 2003, if necessary, and be completed by November 20, 2004.

5.    The defendants will request permission to serve more than twenty-five (25) interrogatories.

6.    Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by January 23, 2004.  Depositions of any such expert will be completed by March, 23 2004.

7.    Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by January 23, 2004.  Depositions of such experts will be completed by March 23, 2004

8.    A damages analysis will be provided by any party who has a claim or counterclaim by December 1, 2003.

**F.    Dispositive Motions**

A dispositive motion will be filed within (90) ninety days after the first phase of discovery is completed on the issue of subject matter jurisdiction.  All other Dispositive Motions will be filed on or before November 20, 2004.

**G.    Joint Trial Memorandum**

The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within (30) thirty days after the entry on the ruling on the last dispositive motion. If dispositive motions are not filed, the Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within (60) sixty days after the completion of all discovery.

## VI.    Trial Readiness

The case will be ready for trial one month after the filing of the parties' Joint Trial Memoranda.

As officers of the Court, undersigned counsel agrees to cooperate with plaintiffs' counsel and the Court to promote the just, speedy and inexpensive determination of this action.

Respectfully Submitted,

THE DEFENDANTS

By: _____

Joseph C. Maya, Esq. ct/17742
Russell J. Sweeting, Esq. ct/24877
Maya & Associates, P. C.
183 Sherman Street
Fairfield, CT 06824
Telephone:  (203) 255-5600
Fax No:      (203) 255-5699

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed this 23rd day of October 2003 to:

James T. Baldwin, Esq.
Coles, Baldwin & Craft, LLC
1261 Post Road, P.O. Box 577

Fairfield, CT 06824

Russell J. Sweeting