UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICHOLAS CAGGIANIELLO, NEIL HOWARD and THOMAS FALCO, on behalf of themselves and all other similarly situated employees of FSG PrivatAir, Inc.<br><br>PLAINTIFFS,<br>VS.<br><br>FSG PRIVATAIR, INC. and in "their individual and official capacities DAVID C. HURLEY, HUGH F. REGAN, THOMAS H. MILLER and THOMAS L. CONNELLY<br><br>DEFENDANTS. | CASE NO. 303CV1011 (AWT)<br><br><br><br><br><br><br><br><br><br><br>OCTOBER 23, 2003 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PROPOSED
CASE MANAGEMENT PLAN**

**I.     PRELIMINARY STATEMENT**

Defendants FSG PrivatAir, Inc. ("PrivatAir"), David C. Hurley, Hugh F. Regan, Thomas H. Miller and Thomas L. Connelly, by their attorney, submit this memorandum of law in support of their proposed case management plan. The defendants respectfully request the Court limit initial discovery to the issue of whether PrivatAir is a common air carrier for the purpose of determining subject matter jurisdiction. If PrivatAir is a common air carrier, then the Court lacks subject matter jurisdiction over the Fair Labor Standards Act ("FLSA") claims of the plaintiffs.

**II.    LAW**

"Generally, a plaintiff may be allowed limited discovery with respect to the jurisdictional issue; but until she has shown a reasonable basis for assuming jurisdiction,

she is not entitled to any other discovery." *See* First City, N.A. v. Rafidain Bank, 150 F. 3d 172, 176 (2nd Cir. 1998) *citing* Filus v. Lot Polish Airlines, 907 F.2d 1328 (2nd Cir. 1990)  Most importantly, the plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *See* Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)

**III.   ARGUMENT**

**A.   LIMITED DISCOVERY SHOULD BE CONDUCTED TO DETERMINE SUBJECT MATTER JURISDICTION**

The defendants submit that, as a threshold matter, subject matter jurisdiction must be determined through limited discovery. *See* First City, N.A., 150 F.2d at 176, *citing* Filus 907 f.2d 1328. This limited discovery is only a small portion of the discovery that will be necessary if the Court determines that subject matter jurisdiction exists in this case. As the plaintiffs referenced in their proposed case management plan, the issues surrounding the FLSA claims will require extensive discovery concerning the plaintiffs' job duties, etc. *See* Exhibit A, p. 5, ¶ 1. In addition, the plaintiffs recognized the need to conduct discovery in two phases, starting with the subject matter jurisdiction exemption issue. *Id.* at 5, ¶ 3. In order to avoid the potential waste of judicial time and resources, it is imperative that subject matter jurisdiction be decided initially, before general discovery is conducted on the merits of the plaintiffs' FLSA claims. In fact, the plaintiffs bear the burden of establishing subject matter jurisdiction in this case. *See* Makarova v. United States, 201 F.3d at 113. Therefore, the parties should conduct limited discovery to determine whether subject matter jurisdiction exists.

B. **THIS COURT LACKS SUJBECT MATTER JURISDICTION OVER THE FLSA CLAIMS IF PRIVATAIR IS A COMMON AIR CARRIER**

The Court lacks subject matter jurisdiction over the FLSA claims of the plaintiffs because PrivatAir is a common air carrier. 29 U.S.C. § 213(b)(3) (2000). The plaintiffs dispute the fact that PrivatAir is a common air carrier. Therefore, discovery should be conducted on this preliminary issue which may prove dispositive of the entire case. In fact, this issue can be narrowed down to whether or not PrivatAir lawfully operates under the air carrier certificate of its subsidiary, Ogden Flight Services. Anyone holding such certificate is subject to the Railway Labor Act by force of law and therefore exempt from the FLSA. *See* 49 U.S.C. § 42112(b) (3). Once limited discovery is conducted on the air carrier issue, the Court can determine if subject matter jurisdiction exists in this case.

## IV    CONCLUSION

Based on the foregoing, the defendants respectfully request the Court limit initial discovery to the issue of whether PrivatAir is a common air carrier for the purpose of determining subject matter jurisdiction.

Respectfully Submitted,
THE DEFENDANTS

By: _____
Joseph C. Maya, Esq. ct/17742
Russell J. Sweeting, Esq. ct/24877
Maya & Associates, P. C.
183 Sherman Street
Fairfield, CT 06824
Telephone: (203) 255-5600
Fax No:    (203) 255-5699

## CERTIFICATION

      This is to certify that a copy of the foregoing was mailed this 23rd day of October 2003 to:

James T. Baldwin, Esq.
Coles, Baldwin & Craft, LLC
1261 Post Road, P.O. Box 577
Fairfield, CT 06824

                                                    Russell J. Sweeting

Exhibit A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICHOLAS CAGGIANIELLO, NEIL HOWARD and THOMAS FALCO, on behalf of themselves and all other similarly situated employees of FSG Privatair, Inc. | CIVIL ACTION NO. 3:03CV1011(AWT) |
| Plaintiffs, | August , 2003 |
| vs. | |
| FSG PRIVATAIR, INC., and in their individual and official capacities DAVID C. HURLEY, HUGH F. REGAN, THOMAS H. MILLER and THOMAS L. CONNELLY | |
| Defendants. | |

### REPORT OF PARTIES PLANNING MEETING

Date Complaint Filed:                                      June 6, 2003

Date Complaint Served:
- FSG PrivatAir, Inc.    July 2, 2003
- David C. Hurley        June 24, 2003
- Hugh F. Regan          June 23, 2003
- Thomas H. Miller       June 23, 2003
- Thomas L. Connelly     June 23, 2003

Date of Defendants' Appearance:
- Attorney Joseph C. Maya        July 1, 2003
- Attorney Russell J. Sweeting   July 1, 2003
- Attorney Richard J. Diviney    July 1, 2003

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on July_____, 2003. The participants were:

Attorney James T. Baldwin: Representing the Plaintiffs.

Attorneys Joseph C. Maya, Russell J. Sweeting, and Richard J. Diviney representing the Defendants.

I.    **CERTIFICATION**

The undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities of achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.   **JURISDICTION**

A.    **Subject Matter Jurisdiction**

Jurisdiction is pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, as amended, and by the provisions of 28 U.S.C. § 1337 relating to any civil action or proceeding under any Act of Congress regulating commerce.

B.    **Personal Jurisdiction**

Personal jurisdiction is not contested.

III.  **BRIEF DISCRIPTION OF THE CASE**

A.    **Claims of Plaintiffs**

Plaintiffs bring three claims on behalf of themselves and other employees of Defendants similarly situated to recover unpaid wages, overtime compensation, liquidated damages, attorney's fees and costs as provided for under the Fair Labor Standards Act ("FLSA"). The first claim addresses overtime compensation due to a class of employees with the job title "Flight Follower" on the basis they are not employed in a bona fide executive, administrative or professional capacity and not therefor exempt from the overtime payment requirements under the FLSA. The second claim addresses

overtime compensation due to hourly employees in accordance with Section 7 of the FLSA by providing hourly employees are paid overtime wages at the rate of one and a half times their regular wage and not by straight compensatory time. The third claim addresses the overtime compensation due to a class of employees with the job title "Maintenance Manager" and "Maintenance Coordinator" for time dedicated to certain administrative tasks whenever such tasks require them to work in excess of forty hours per week.

    **B.**    **Defenses and Claims of Defendants**

    **C.**    **Defenses and Claims of Third Party Defendants**

There are no third party defendants.

## IV. STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material fact that are not in dispute. The parties state that the following material facts are undisputed:

1. Nicholas Caggianiello is employed by FSG PrivatAir, Inc. as a Flight Follower.
2. Neil Howard was formerly employed by FSG PrivatAir, Inc. as a Flight Follower.
3. Thomas Falco is employed by FSG PrivatAir, Inc. as a Maintenance Manager.
4. David C. Hurley has held the positions of Chief Executive Officer of PrivatAir, Inc. and Board Vice Chairman of PrivatAir S.A.
5. Hugh F. Regan held the positions of Chief Financial Officer and President and Chief Operating Officer of PrivatAir, Inc.
6. Thomas H. Miller is the Director of Operations of PrivatAir, Inc.
7. Thomas L. Connelly is Vice President of Technical Services and Director of

Maintenance of PrivatAir, Inc.

8. FSG PrivatAir, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal office and place of business located in Stratford, Connecticut.

## V. CASE MANAGEMENT PLAN

### A. Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

### B. Scheduling Conference with the Court

The parties request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). The parties prefer a conference by telephone.

### C. Early Settlement Conference

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference.

3. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

### D. Joinder of Parties and Amendment of Pleadings

1. Plaintiffs should be allowed until 60 days after defendants' compliance with discovery identifying similarly situated employees to file motions to join additional parties and to file motions to amend the pleadings.

4

2. Defendants should be allowed until _____ to file motions to join additional parties and until _____ to file a response to the complaint.

**E.   Discovery**

1. The parties anticipate that discovery will be needed on the following subjects: (a) all issues fairly arising out of the claims contained in Plaintiffs' complaint, including Plaintiffs job duties, periods of employment, hours worked and compensation received; (b) names of all similarly situated employees; (c) all issues arising out of the defenses of the Defendants'; (d) documents relating to Plaintiffs' and Defendants' actions; (e) damages, suffered by Plaintiffs' as of result of the Defendants' acts.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by August 5, 2003 and completed by March 30, 2004.

3. Discovery will be conducted in phases starting first with discovery addressing defendants claimed exemption from the Railway Labor Act and completed by October 18, 2003; discovery addressing all similarly situated employees will be completed by November 18, 2003; and all other discovery to be completed by March 30, 2004.

4. Discovery will be completed by March 30, 2004.

4. The parties anticipate that the Plaintiffs will require a total of 4-6 depositions of fact witnesses and that the Defendants will require a total of _____ depositions of fact witnesses. The depositions will commence by _____ and be completed by _____.

5. The parties will request permission to serve more than 25 interrogatories.

5

6. Plaintiffs do intend to call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 19, 2003. Depositions of any such experts will be completed by January 22, 2004.

7. Defendants intend/do not intend to call expert witness at trial.

8. A damage analysis will be provided by any party who has a claim or counterclaim for damages by 45 days after the period stated in V.D.1 above.

### F. Dispositive Motions:

Dispositive motions will be filed on or before February 25, 2004.

### G. Joint Trial Memoradum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within (30) days after the entry on the ruling on the last dispositive motion. If dispositive motions are not filed, the Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within (60) sixty days after the completion of all discovery.

### VI. TRIAL READINESS

The case will be ready for trial by June 30, 2004..

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| PLAINTIFFS: | DEFENDANTS: |
|---|---|
| By:_____ | By:_____ |
| Date:_____ | Date:_____ |
| Attorney James T. Baldwin | Attorney Joseph C. Maya |
|    Coles, Baldwin & Craft, LLC |    Maya & Associates, PC |
|    1261 Old Post Road |    183 Sherman Street |
|    Fairfield, CT 06824 |    Fairfield, CT 06824 |
|    (203) 319-0800 Phone |    (203) 255-5600 Phone |

(203) 319-1210 Fax

(203) 255-5699 Fax

By: _____
Date: _____
Attorney Russell J. Sweeting
Maya & Associates, PC
183 Sherman Street
Fairfield, CT 06824
(203) 255-5600 Phone
(203) 255-5699 Fax

By: _____
Date: _____
Attorney Richard J. Diviney
65 Jesup Road
PO Box 390
Westport, CT 06881-0390
(203) 227-9585 Phone
(203) 227-7777 Fax