UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


FILED

2003 OCT 30 P 1: 11

US DISTRICT COURT
HARTFORD CT

NICHOLAS CAGGIANIELLO, NEIL
HOWARD and THOMAS FALCO, on behalf
of themselves and all other similarly situated
employees of FSG Privatair, Inc.

:   CASE NO. 3:03CV1011(AWT)

Plaintiffs,

: October 28, 2003

vs.

FSG PRIVATAIR, INC., and in their
individual and official capacities DAVID C.
HURLEY, HUGH F. REGAN, THOMAS H.
MILLER and THOMAS L. CONNELLY

Defendants.

### PLAINTIFFS' PROPOSED CASE MANAGEMENT PLAN

**I.   CERTIFICATION**

Pursuant to the Court's order at oral argument on October 9, 2003, the undersigned counsel for the plaintiffs understood the parties were instructed to jointly file their respective positions and proposals on matters concerning discovery with the court pursuant to Fed. R. Civ. P. 16(b) and 26(f), and L. Civ. R. 16(b) and 26(e). Pursuant to said rules and court order, counsel attempted to schedule telephonic conferences with defense counsel however messages and faxes left with defense counsel for this purpose went unanswered. With receipt of defendants' Proposed Case Management Plan, dated October 23, 2003, plaintiff's counsel now hereby submits a proposed case management plan which is a variation of the revised draft proposed planning meeting report forwarded via facsimile to defendants' counsel on October 24, 2003, after several phone messages

went unreturned. Counsel certifies further that a copy of this proposed management plan has been forwarded to his clients.

## II. JURISDICTION

### A. Subject Matter Jurisdiction

Jurisdiction pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, as amended, and by the provisions of 28 U.S.C. § 1337 relating to any civil action or proceeding under any Act of Congress regulating commerce, is disputed.

### B. Personal Jurisdiction

Personal jurisdiction is not contested.

## III. BRIEF DISCRIPTION OF THE CASE

### A. Claims of Plaintiffs

Plaintiffs bring three claims on behalf of themselves and other employees of Defendants similarly situated to recover unpaid wages, overtime compensation, liquidated damages, attorney's fees and costs as provided for under the Fair Labor Standards Act ("FLSA"). The first claim addresses overtime compensation due to a class of employees with the job title "Flight Follower" on the basis they are not employed in a bona fide executive, administrative or professional capacity and not therefor exempt from the overtime payment requirements under the FLSA. The second claim addresses overtime compensation due to hourly employees in accordance with Section 7 of the FLSA by providing hourly employees are paid overtime wages at the rate of one and a half times their regular wage and not by straight compensatory time. The third claim addresses the overtime compensation due to a class of employees with the job title "Maintenance Manager" and "Maintenance Coordinator" for time dedicated to certain

administrative tasks whenever such tasks require them to work in excess of forty hours per week.

### B.     Defenses and Claims of Defendants

The Plaintiffs are exempt from the overtime provisions of the FLSA because they are employees of an air carrier subject to the Railway Labor Act.

The Plaintiffs are exempt from the overtime provisions of the FLSA because they are executive employees under 29 U.S.C. § 213(a)(1).

The Plaintiffs are exempt from the overtime provisions of the FLSA because they are administrative employees under 29 U.S.C. § 213(a)(1).

The Plaintiffs are exempt from the overtime provisions of the FLSA because they are professional employees under 29 U.S.C. § 213(a)(1).

The on call time the Plaintiffs allege is subject to overtime pay and is not compensable under the FLSA.

Any off-duty or other time spent away from the workplace that the Plaintiffs allege is subject to overtime pay is not compensable under the FLSA beyond what has already been paid to the Plaintiffs by PrivatAir.

The Plaintiffs have been paid by PrivatAir for all overtime they are entitled to under the FLSA.

The Plaintiffs are salaried employees who receive straight-time compensation an dare, therefore, not entitled to the time-and-a-half overtime they allege is owed to them.

The Plaintiffs' claims are barred by the doctrine of laches.

The Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

The Complaint fails to state a cause of action for which relief can be granted.

The Plaintiffs failed to exhaust their administrative remedies.

**C.     Defenses and Claims of Third Party Defendants**

There are no third party defendants.

## IV.   STATEMENT OF UNDISPUTED FACTS

Plaintiffs' Counsel certifies that he has made a good faith attempt to determine whether there are any material facts that are not in dispute but, due to lack of cooperation from defense counsel, is unable to state with certainty any such facts, though the following have been proposed to be undisputed:

1. Nicholas Caggianiello is employed by FSG PrivatAir, Inc. as a Flight Follower.

2. Neil Howard was formerly employed by FSG PrivatAir, Inc. as a Flight Follower.

3. Thomas Falco was employed by FSG PrivatAir, Inc. as a Maintenance Manager.

4. David C. Hurley has held the positions of Chief Executive Officer of PrivatAir, Inc. and Board Vice Chairman of PrivatAir S.A.

5. Hugh F. Regan held the positions of Chief Financial Officer and President and Chief Operating Officer of PrivatAir, Inc.

6. Thomas H. Miller is the Director of Operations of PrivatAir, Inc.

7. Thomas L. Connelly is Vice President of Technical Services and Director of Maintenance of PrivatAir, Inc.

8. FSG PrivatAir, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal office and place of business located in Stratford, Connecticut.

V. **CASE MANAGEMENT PLAN**

   A. **Standing Order on Scheduling in Civil Cases**

   Plaintiffs request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

   B. **Scheduling Conference with the Court**

   Plaintiffs request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). The plaintiffs prefer a conference by telephone.

   C. **Early Settlement Conference**

   1. Plaintiffs certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

   2. Plaintiffs do not request an early settlement conference.

   3. The plaintiffs do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

   D. **Joinder of Parties and Amendment of Pleadings**

   1. Plaintiffs should be allowed until 60 days after defendants' compliance with discovery identifying similarly situated employees to file motions to join additional parties and to file motions to amend the pleadings.

5

2. Defendants should be allowed until November 1, 2003 to file motions to join additional parties and until November 1, 2003 to file a response to the complaint.

**E.  Discovery**

1. The plaintiffs anticipate that discovery will be needed on the following subjects: (a) all aspects of defendants' claim that it is exempt from the FLSA by operation of 29 U.S.C. §213(b)(3) including FAA Filings, documents and applications; Tax filings and applications; corporate documents, minutes, filings, payrolls and business plans of defendant and affiliated entities; flight operation records; third-party contracts and leases and, filings with, applications to, and all forms of compliance with, the National Mediation Board and other agencies or third parties concerning defendants' operation under the Railroad Labor Act; (b) all issues fairly arising out of the claims contained in Plaintiffs' complaint, including Plaintiffs job duties, periods of employment, hours worked and compensation received; (c) names of all similarly situated employees; (d) all issues arising out of the defenses of the Defendants'; (e) documents relating to Plaintiffs' and Defendants' actions; (f) damages, suffered by Plaintiffs' as of result of the Defendants' acts.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by November 5, 2003 and completed by June 30, 2004.

6

3. (a).   Plaintiffs ask the court to allow discovery addressing all aspects of the claims and defenses, including jurisdictional claims, on the basis that the jurisdictional issues concerning defendant's national operations and facilities overlap and intertwine with the underlying claims of the plaintiffs and potential plaintiffs. Plaintiffs further request immediate and expedited discovery in the narrow area of similarly situated employees on the basis that delay in that discovery which pertains to such potential plaintiffs may be prejudicial to their possible interest and participation in the litigation by operation of possible laches or statutory limitations. Plaintiffs therefore request discovery conducted in the following stages: discovery addressing all similarly situated employees will be completed by January 1, 2004; and all other discovery to be completed by June 30, 2004.

4. The parties anticipate that the Plaintiffs will require a total of 4-6 depositions of fact witnesses and that the Defendants will require a total of 10-20 depositions of fact witnesses. The depositions will commence by November 5, 2003 and be completed by June 30, 2004.

5. The plaintiffs will request permission to serve more than 25 interrogatories.

6. Plaintiffs do intend to call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by January 23, 2004. Depositions of any such experts will be completed by March 31, 2004.

7. Defendants do intend to call expert witness at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by January 23, 2004. Depositions of any such experts will be completed by March 31, 2004.

8. A damages analysis will be provided by any party who has a claim or counterclaim by 45 days after the period stated in V.D.1 above.

**F. Dispositive Motions:**

Dispositive motions will be filed within (90) ninety days after completion of discovery, on or before June 30, 2004.

**G. Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memorandum Civil Cases will be filed within (30) days after the entry on the ruling on the last dispositive motion. If dispositive motions are not filed, the Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within (60) sixty days after the completion of all discovery.

**VI. TRIAL READINESS**

The case will be ready for trial one month after the filing of the parties' Joint Trial Memorandum.

As an officer of the Court, undersigned counsel agrees to cooperate with defendants' counsel and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFFS:

By: _____

Date: 10-28-03

James T. Baldwin, Esq. (ct08535)
COLES, BALDWIN & CRAFT, LLC.
1261 Post Road, P.O. Box 577
Fairfield, CT 06824
Tel. (203) 319-0800
Fax (203) 319-1210

## CERTIFICATION

This is to certify that a copy of this Proposed Case Management Plan was sent by first class mail on October 28, 2003 to the following counsel of record:

Joseph C. Maya, Esq.
Maya & Associates, P.C.
183 Sherman Street
Fairfield, CT 06824

Russell J. Sweeting, Esq.
Maya & Associates, P.C.
183 Sherman Street
Fairfield, CT 06824

Richard J. Diviney, Esq.
65 Jesup Road
PO Box 390
Westport, CT 06881-0390

_____
James T. Baldwin, Esq.