## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

NICHOLAS    CAGGIANIELLO,    NEIL : 
HOWARD and THOMAS FALCO, on behalf : CASE NO. 3:03CV1011(AWT)
of themselves and all other similarly situated :
employees of FSG Privatair, Inc. :
                                    :
                       Plaintiffs, :
                                    : October 28, 2003

         vs.

FSG  PRIVATAIR,  INC.,  and  in  their
individual and official capacities DAVID C.
HURLEY, HUGH F. REGAN, THOMAS H.
MILLER and THOMAS L. CONNELLY
                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## PLAINTIFFS' REPLY TO DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR PROPOSED CASE MANAGEMENT PLAN

### PRELIMINARY STATEMENT

It is unfortunate defense counsel ignored the undersigned counsel's attempts to

discuss the parties' respective positions toward compliance with Fed. R. Civ. P. 16(b),

26(f) and L. Civ. R. 16 and 26(e). Equally troubling is the fact that additional time and

resources must now be expended to explain to the Court the reason for the failure of the

parties to submit their report to the Court in joint fashion, as these rules require. In this

context, Plaintiffs submit that Defendants' act of unilaterally filing a case management

proposal and accompanying Memorandum of Law runs contrary to the pledge of

cooperation asserted therein.

Plaintiffs also take exception to the Defendants' mischaracterization ("plaintiffs'

proposed joint management plan") and misuse of what was only a proposed working

draft of a joint planning meeting report, required under Fed. R. Civ. P. 26(f) and L. Civ.

R. 26(e). (Defendants' Memorandum of Law In Support of Defendants' Proposed Case

Management Plan, p.2)  That document (Exhibit A), imbedded with a "DRAFT"

watermark, was originally faxed to defense counsel on July 30, 2003 along with a request

that it be made subject of further discussion between counsel (which never took place).

Subsequently, the Court issued its ruling on the Motion to Dismiss and from the bench

ordered the parties to submit a "26(f)" joint planning report with their respective

discovery requests and reasons stated therein. Plaintiffs' counsel subsequently attempted

to discuss revisions to that original draft with defense counsel however all such messages

were ignored. In frustration, counsel for Plaintiffs forwarded to Defendants' counsel a

revised proposed report reflecting the Court's ruling on October 24, 2003 (Exhibit B).

It is with sincere regret that the undersigned counsel for Plaintiffs is now

compelled to respond with its own proposed case management plan in lieu of a joint

report as well as the instant reply memorandum.


## CASE MANAGEMENT PLAN MATTERS IN DISPUTE


Without the benefit of conference, Plaintiffs' counsel has gleaned from

Defendants' proposed case management plan the following differences or disagreements

in the plans now before the Court.

### IV.    Statement of Undisputed Facts

Plaintiffs firmly believe that most, if not all, of the proposed undisputed facts set

forth in its plan should be agreed upon by the Defendants. Since counsel for

Defendants' have refused to discuss the subject, the statement that they "are unable to agree at this time as to any material facts that are undisputed" is nothing less than disingenuous verbiage.

## V.    Case Management Plan

### B. Scheduling Conference with Court

Plaintiffs would prefer a Pre-Trial Conference with the Court, telephonically or otherwise, to address any questions or concerns with respect to issuing a scheduling order pursuant to Fed. R. Civ. P. 16(b).

### D. 1,2. Joinder of Parties and Amendment of Pleadings

Due to the nature of this case, a representative suit pursuant to the Fair Labor Standards Act 29 U.S.C. §216(b), it is logically necessary that additional party plaintiffs be allowed to join the action within reasonable time after Defendants' compliance with discovery identifying those potential additional plaintiffs. Braunstein v. Eastern Photographic Laboratories, Inc., 600 F2d 335 (1978), cert den 441 US 944, 60 L Ed 2d 1046, 99 S Ct 2162.  For this reason, as well as the reason that possible laches or statutory limitations on said potential Plaintiffs' claims may not necessarily be tolled, Plaintiffs request expedited discovery on this limited subject.

As for part two of this subsection, Plaintiffs submit that there is no compelling reason for allowing Defendants until November 23, 2003 to file motions to join additional parties or to give any more time for them to answer the Complaint that is already late. Fed. R. Civ. P. 12(a)(4)(A).

3

**E. Discovery**

Plaintiffs object to Defendants' proposal to conduct discovery in phases starting first with subject matter jurisdiction on the basis that a substantial portion of discovery concerning that issue is intertwined and overlapping with the underlying FLSA claims. Furthermore, the nature of the Defendant, FSG PrivatAir Inc.'s, relationships with and reliance upon and between other associated or affiliated corporations and individuals could not possibly be completed by January 23, 2004 as Defendants propose. Indeed, this proposed early completion date for jurisdictional discovery underscores concerns raised at oral argument before the Court on October 9, 2003, that unnecessary objections to the scope and relevancy of Plaintiffs' jurisdictional discovery requests will ensue if discovery is staged in this fashion.

As stated at the October 9, 2003 argument, Plaintiffs submit that the lion's share of discovery will involve the jurisdictional issue and that it will be more efficient to allow discovery on all matters with the one exception that the Defendants provide the names of employees similarly situated to the Plaintiffs on an expedited basis. The dates submitted by Plaintiffs in subparagraph 3 and 7 reflect the inherent dependence Plaintiffs have upon Defendants' compliance with this aspect of discovery.

**CONCLUSION**

Based on the foregoing, the Plaintiffs request expedited discovery on the narrow subject of similarly situated employees so additional parties plaintiffs may be joined and the Court otherwise allow full discovery on the underlying claims and the jurisdictional

defenses on the basis that they are so intertwined and involved that it would be inefficient for the Court and the parties to do otherwise.

Respectfully submitted,

THE PLAINTIFFS

BY: _____

James T. Baldwin, Esq. (ct08535)
COLES, BALDWIN & CRAFT, LLC.
1261 Post Road, P.O. Box 577
Fairfield, CT 06824
Tel. (203) 319-0800
Fax (203) 319-1210

## CERTIFICATION

This is to certify that a copy of this Reply to Defendants' Memorandum of Law in Support of Their Proposed Management Plan was sent by first class mail on October 28, 2003 to the following counsel of record:

Joseph C. Maya, Esq.
Maya & Associates, P.C.
183 Sherman Street
Fairfield, CT 06824

Russell J. Sweeting, Esq.
Maya & Associates, P.C.
183 Sherman Street
Fairfield, CT 06824

Richard J. Diviney, Esq.
65 Jesup Road
PO Box 390
Westport, CT 06881-0390

_____

James T. Baldwin, Esq.

Exhibit A

# COLES, BALDWIN & CRAFT, LLC

**Attorneys and Counselors at Law**

Kevin A. Coles
James T. Baldwin
Susan E. Craft
Sara D. Clinton
Caroline R. Crisa†
Catherine L. Creager

~

Of Counsel: Peter L. Craft*

*Also admitted in New York
 and Massachusetts
†Also admitted in New York

1261 Post Road
P. O. Box 577
Fairfield, Connecticut 06824

Phone (203) 319-0800
Fax (203) 319-1210



## FACSIMILE TRANSMISSION COVER SHEET

**TO:**            Attorneys Joseph C. Maya, Russell J. Sweeting

**CC:**            Richard J. Diviney  (203) 227-7777

**DATE:**          July 30, 2003

**FAX #:**         (203) 255-5699

**FROM:**          James T. Baldwin, Esq.

**# OF PAGES:**    8, including cover sheet

**RE:**            Caggianiello et. al. vs. FSG PrivatAir, Inc.

**MESSAGE:**

Gentlemen: Attached please find a draft in progress 26(f) Planning Report. I look forward to discussing further in the immediate future. Please advise if any time this Thursday or Friday is available for this purpose.

**NOTICE:** This transmission may contain Attorney-Client communications or information otherwise subject to a privilege of non-disclosure. If you have received this transmission by mistake, please call the sender as set forth above and destroy all the documents you received. Thank you for your help.

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICHOLAS CAGGIANIELLO, NEIL HOWARD and THOMAS FALCO, on behalf of themselves and all other similarly situated employees of FSG Privatair, Inc. | CIVIL ACTION NO. 3:03CV1011(AWT) |
| Plaintiffs, | |
| | August    , 2003 |
| vs. | |
| FSG PRIVATAIR, INC., and in their individual and official capacities DAVID C. HURLEY, HUGH F. REGAN, THOMAS H. MILLER and THOMAS L. CONNELLY | |
| Defendants. | |

## REPORT OF PARTIES PLANNING MEETING

Date Complaint Filed:                          June 6, 2003

Date Complaint Served:

| | |
|---|---|
| FSG PrivatAir, Inc. | July 2, 2003 |
| David C. Hurley | June 24, 2003 |
| Hugh F. Regan | June 23, 2003 |
| Thomas H. Miller | June 23, 2003 |
| Thomas L. Connelly | June 23, 2003 |

Date of Defendants' Appearance:

| | |
|---|---|
| Attorney Joseph C. Maya | July 1, 2003 |
| Attorney Russell J. Sweeting | July 1, 2003 |
| Attorney Richard J. Diviney | July 1, 2003 |

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on July_____, 2003. The participants were:

Attorney James T. Baldwin: Representing the Plaintiffs.

Attorneys Joseph C. Maya, Russell J. Sweeting, and Richard J. Diviney representing the Defendants.

## I.   CERTIFICATION

The undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities of achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

## II.   JURISDICTION

### A.   Subject Matter Jurisdiction

Jurisdiction is pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, as amended, and by the provisions of 28 U.S.C. § 1337 relating to any civil action or proceeding under any Act of Congress regulating commerce.

### B.   Personal Jurisdiction

Personal jurisdiction is not contested.

## III.   BRIEF DISCRIPTION OF THE CASE

### A.   Claims of Plaintiffs

Plaintiffs bring three claims on behalf of themselves and other employees of Defendants similarly situated to recover unpaid wages, overtime compensation, liquidated damages, attorney's fees and costs as provided for under the Fair Labor Standards Act ("FLSA").  The first claim addresses overtime compensation due to a class of employees with the job title "Flight Follower" on the basis they are not employed in a bona fide executive, administrative or professional capacity and not therefor exempt from the overtime payment requirements under the FLSA.  The second claim addresses

overtime compensation due to hourly employees in accordance with Section 7 of the FLSA by providing hourly employees are paid overtime wages at the rate of one and a half times their regular wage and not by straight compensatory time. The third claim addresses the overtime compensation due to a class of employees with the job title "Maintenance Manager" and "Maintenance Coordinator" for time dedicated to certain administrative tasks whenever such tasks require them to work in excess of forty hours per week.

  **B.**   **Defenses and Claims of Defendants**

  **C.**   **Defenses and Claims of Third Party Defendants**

  There are no third party defendants.

## IV.   STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material fact that are not in dispute. The parties state that the following material facts are undisputed:

  1. Nicholas Caggianiello is employed by FSG PrivatAir, Inc. as a Flight Follower.

2. Neil Howard was formerly employed by FSG PrivatAir, Inc. as a Flight Follower.

  3. Thomas Falco is employed by FSG PrivatAir, Inc. as a Maintenance Manager.

  4. David C. Hurley has held the positions of Chief Executive Officer of PrivatAir, Inc. and Board Vice Chairman of PrivatAir S.A.

  5. Hugh F. Regan held the positions of Chief Financial Officer and President and Chief Operating Officer of PrivatAir, Inc.

  6. Thomas H. Miller is the Director of Operations of PrivatAir, Inc.

  7. Thomas L. Connelly is Vice President of Technical Services and Director of

3

Maintenance of PrivatAir, Inc.

8.  FSG PrivatAir, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal office and place of business located in Stratford, Connecticut.

## V.    CASE MANAGEMENT PLAN

### A.    Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

### B.    Scheduling Conference with the Court

The parties request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). The parties prefer a conference by telephone.

### C.    Early Settlement Conference

1.  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2.  The parties do not request an early settlement conference.

3.  The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

### D.    Joinder of Parties and Amendment of Pleadings

1.  Plaintiffs should be allowed until 60 days after defendants' compliance with discovery identifying similarly situated employees to file motions to join additional parties and to file motions to amend the pleadings.

4

2.    Defendants should be allowed until _____ to file motions to join additional parties and until _____ to file a response to the complaint.

**E.    Discovery**

1.    The parties anticipate that discovery will be needed on the following subjects: (a) all issues fairly arising out of the claims contained in Plaintiffs' complaint, including Plaintiffs job duties, periods of employment, hours worked and compensation received; (b) names of all similarly situated employees; (c) all issues arising out of the defenses of the Defendants'; (d) documents relating to Plaintiffs' and Defendants' actions; (e) damages, suffered by Plaintiffs' as of result of the Defendants' acts.

2.    All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by August 5, 2003 and completed by March 30, 2004.

3.    Discovery will be conducted in phases starting first with discovery addressing defendants claimed exemption from the Railway Labor Act and completed by October 18, 2003; discovery addressing all similarly situated employees will be completed by November 18, 2003; and all other discovery to be completed by March 30, 2004.

4.    Discovery will be completed by March 30, 2004.

4.    The parties anticipate that the Plaintiffs will require a total of 4-6. depositions of fact witnesses and that the Defendants will require a total of _____ depositions of fact witnesses. The depositions will commence by _____ and be completed by _____.

5.    The parties will request permission to serve more than 25 interrogatories.

5

6.       Plaintiffs do intend to call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 19, 2003.  Depositions of any such experts will be completed by January 22, 2004.

7.       Defendants intend/do not intend to call expert witness at trial.

8.       A damage analysis will be provided by any party who has a claim or counterclaim for damages by 45 days after the period stated in V.D.1 above.

**F.  Dispositive Motions:**

Dispositive motions will be filed on or before February 25, 2004.

**G.  Joint Trial Memoradum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within (30) days after the entry on the ruling on the last dispositive motion.  If dispositive motions are not filed, the Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within (60) sixty days after the completion of all discovery.

**VI.     TRIAL READINESS**

The case will be ready for trial by June  30, 2004..

As officers of the Court, undersigned  counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFFS:                                          DEFENDANTS:
By: _____            By:_____
Date:_____            Date: _____
Attorney James T. Baldwin                      Attorney Joseph C. Maya
     Coles, Baldwin & Craft, LLC                   Maya & Associates, PC
     1261 Old Post Road                                 183 Sherman Street
     Fairfield, CT 06824                                 Fairfield, CT 06824
     (203) 319-0800 Phone                             (203) 255-5600 Phone

6

(203) 319-1210 Fax

(203) 255-5699 Fax

By:_____
Date:_____
Attorney Russell J. Sweeting
          Maya & Associates, PC
          183 Sherman Street
          Fairfield, CT 06824
          (203) 255-5600 Phone
          (203) 255-5699 Fax


By: _____
Date:_____
Attorney Richard J. Diviney
65 Jesup Road
PO Box 390
Westport, CT 06881-0390
(203) 227-9585 Phone
(203) 227-7777 Fax

DRAFT

Exhibit B

# COLES, BALDWIN & CRAFT, LLC

**Attorneys and Counselors at Law**

Kevin A. Coles
James T. Baldwin
Susan E. Craft
Sara D. Clinton
Caroline R. Crisa†
Catherine L. Creager

~

Of Counsel:  Peter L. Craft*

*Also admitted in New York
 and Massachusetts
†Also admitted in New York

1261 Post Road
P. O. Box 577
Fairfield, Connecticut 06824

Phone  (203) 319-0800
Fax  (203) 319-1210

## FACSIMILE TRANSMISSION
## COVER SHEET

**TO:**  Attorneys Joseph C. Maya, Russell J. Sweeting

**CC:**  Richard J. Diviney  (203) 227-7777

**DATE:**  **October 24, 2003**

**FAX #:**  (203) 255-5699

**FROM:**  **James T. Baldwin, Esq.**

**# OF PAGES:**  **9, including cover sheet**

**RE:**  **Caggianiello et. al. vs. FSG PrivatAir, Inc.**

**MESSAGE:**

Gentlemen: Attached please find a draft in progress 26(f) Planning Report.  I look forward to discussing further in the immediate future.  Please advise if any time today or Monday is available for this purpose.

NOTICE:  This transmission may contain Attorney-Client communications or information otherwise subject to a privilege of non-disclosure. If you have received this transmission by mistake, please call the sender as set forth above and destroy all the documents you received. Thank you for your help.

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

NICHOLAS    CAGGIANIELLO,    NEIL    CIVIL ACTION NO. 3:03CV1011(AWT)
HOWARD and THOMAS FALCO, on behalf
of themselves and all other similarly situated
employees of FSG Privatair, Inc.

                                   Plaintiffs,

                                              October 24, 2003

              vs.

FSG  PRIVATAIR,  INC.,  and  in  their
individual and official capacities DAVID C.
HURLEY, HUGH F. REGAN, THOMAS H.
MILLER and THOMAS L. CONNELLY

- - - - - - - - - - - - - - - - - - - - - - Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - -

## REPORT OF PARTIES PLANNING MEETING

Date Complaint Filed:                    June  6, 2003

Date Complaint Served:    FSG PrivatAir, Inc.    July  2, 2003
                          David C. Hurley        June 24, 2003
                          Hugh F. Regan          June 23, 2003
                          Thomas H. Miller       June 23, 2003
                          Thomas L. Connelly     June 23, 2003

Date of Defendants' Appearance:
                          Attorney Joseph C. Maya        July 1, 2003
                          Attorney Russell J. Sweeting    July 1, 2003
                          Attorney Richard J. Diviney     July 1, 2003

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference

was held on October     , 2003.  The participants were:

Attorney James T. Baldwin: Representing the Plaintiffs;

Attorneys Joseph C. Maya, Russell J. Sweeting, and Richard J. Diviney

representing the Defendants.

## I.   CERTIFICATION

The undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities of achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.   JURISDICTION

### A.     Subject Matter Jurisdiction

Jurisdiction is pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, as amended, and by the provisions of 28 U.S.C. § 1337 relating to any civil action or proceeding under any Act of Congress regulating commerce.

### B.     Personal Jurisdiction

Personal jurisdiction is not contested.

## III.   BRIEF DISCRIPTION OF THE CASE

### A.     Claims of Plaintiffs

Plaintiffs bring three claims on behalf of themselves and other employees of Defendants similarly situated to recover unpaid wages, overtime compensation, liquidated damages, attorney's fees and costs as provided for under the Fair Labor Standards Act ("FLSA"). The first claim addresses overtime compensation due to a class of employees with the job title "Flight Follower" on the basis they are not employed in a bona fide executive, administrative or professional capacity and not therefor exempt from the overtime payment requirements under the FLSA. The second claim addresses

2

overtime compensation due to hourly employees in accordance with Section 7 of the FLSA by providing hourly employees are paid overtime wages at the rate of one and a half times their regular wage and not by straight compensatory time.  The third claim addresses the overtime compensation due to a class of employees with the job title "Maintenance Manager" and "Maintenance Coordinator" for time dedicated to certain administrative tasks whenever such tasks require them to work in excess of forty hours per week.

### B.    Defenses and Claims of Defendants

### C.    Defenses and Claims of Third Party Defendants

There are no third party defendants.

## IV.    STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material fact that are not in dispute.  The parties state that the following material facts are undisputed:

1.    Nicholas Caggianiello is employed by FSG PrivatAir, Inc. as a Flight Follower.

2.    2. Neil Howard was formerly employed by FSG PrivatAir, Inc. as a Flight Follower.

3. Thomas Falco is employed by FSG PrivatAir, Inc. as a Maintenance Manager.

4. David C. Hurley has held the positions of Chief Executive Officer of PrivatAir, Inc. and Board Vice Chairman of PrivatAir S.A.

3

5.   Hugh F. Regan held the positions of Chief Financial Officer and President and
     Chief Operating Officer of PrivatAir, Inc.

6.   Thomas H. Miller is the Director of Operations of PrivatAir, Inc.

7.   Thomas L. Connelly is Vice President of Technical Services and Director of
     Maintenance of PrivatAir, Inc.

8.   FSG PrivatAir, Inc. is a corporation organized and existing under the laws of
     the State of Delaware, having its principal office and place of business located
     in Stratford, Connecticut.

## V.    CASE MANAGEMENT PLAN

### A.    Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on
Scheduling in Civil Cases as follows:

### B.    Scheduling Conference with the Court

The parties request a pretrial conference with the Court before entry of a
scheduling order pursuant to Fed. R. Civ. P. 16(b).  The parties prefer a
conference by telephone.

### C.    Early Settlement Conference

1.   The parties certify that they have considered the desirability of attempting
     to settle the case before undertaking significant discovery or motion
     practice.  Settlement is unlikely at this time.

2.   The parties do do/not request an early settlement conference.

3.   The parties do not request a referral for alternative dispute resolution
     pursuant to D. Conn. L. Civ. R. 16.

4

**D.    Joinder of Parties and Amendment of Pleadings**

1.    Plaintiffs should be allowed until 60 days after defendants' compliance with discovery identifying similarly situated employees to file motions to join additional parties and to file motions to amend the pleadings.

2.    Defendants should be allowed until November 1, 2003 to file motions to join additional parties and until October 24, 2003 to file a response to the complaint.

**E.    Discovery**

1.    The parties anticipate that discovery will be needed on the following subjects: (a) all aspects of defendants' claim that it is exempt from the FLSA by operation of 29 U.S.C. §213(b)(3) including FAA Filings, documents and applications; Tax filings and applications; corporate documents, minutes, filings, payrolls and business plans of defendant and affiliated entities; flight operation records; third-party contracts and leases and, filings with, applications to, and all forms of compliance with, the National Mediation Board and other agencies or third parties concerning defendants' operation under the Railroad Labor Act; (b) all issues fairly arising out of the claims contained in Plaintiffs' complaint, including Plaintiffs job duties, periods of employment, hours worked and compensation received; (c) names of all similarly situated employees; (d) all issues arising out of the defenses of the Defendants'; (e) documents

relating to Plaintiffs' and Defendants' actions; (f) damages, suffered by Plaintiffs' as of result of the Defendants' acts.

2.     All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by November 5, 2003 and completed by June 30, 2004.

3.     (a).     Plaintiffs ask the court to allow discovery addressing all aspects of the claims and defenses, including jurisdictional matters, on the basis that the jurisdictional issues concerning defendant's national operations and facilities overlap and intertwine with the underlying claims of the plaintiffs and potential plaintiffs. Plaintiffs further request immediate and expedited discovery in the narrow area of similarly situated employees on the basis that delay in that discovery which pertains to such potential plaintiffs may be prejudicial to their possible interest and participation in the litigation by operation of possible latches and statutory limitations. Plaintiffs therefore request discovery conducted in the following stages: discovery addressing all similarly situated employees will be completed by January 1, 2004; and all other discovery to be completed by June 1, 2004.

(b).     Defendants ask the court.............

4.    Discovery will be completed by June 30, 2004.

5.    The parties anticipate that the Plaintiffs will require a total of 4-6 depositions of fact witnesses and that the Defendants will require a total of____depositions of fact witnesses. The depositions will commence by November 5, 2003 and be completed by June 30, 2004.

4.    The parties will request permission to serve more than 25 interrogatories.

5.    Plaintiffs do intend to call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 19, 2003. Depositions of any such experts will be completed by March 31, 2004.

6.    Defendants intend/do not intend to call expert witness at trial.

7.    A damage analysis will be provided by any party who has a claim or counterclaim for damages by 45 days after the period stated in V.D.1 above.

**F. Dispositive Motions:**

Dispositive motions will be filed on or before February 25, 2004.

**G. Joint Trial Memoradum**

The joint trial memorandum required by the Standing Order on Trial Memorandain Civil Cases will be filed within (30) days after the entry on the ruling on the last dispositive motion. If dispositive motions are not filed, the Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within (60) sixty days after the completion of all discovery.

## VI.    TRIAL READINESS

The case will be ready for trial by October 1, 2004..

As officers of the Court, undersigned counsel agree to cooperate with each other and the

Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFFS:
By: _____
Date:_____
Attorney James T. Baldwin
       Coles, Baldwin & Craft, LLC
       1261 Old Post Road
       Fairfield, CT 06824
       (203) 319-0800 Phone
       (203) 319-1210 Fax

DEFENDANTS:
By:_____
Date: _____
Attorney Joseph C. Maya
       Maya & Associates, PC
       183 Sherman Street
       Fairfield, CT 06824
       (203) 255-5600 Phone
       (203) 255-5699 Fax

By:_____
Date:_____
Attorney Russell J. Sweeting
       Maya & Associates, PC
       183 Sherman Street
       Fairfield, CT 06824
       (203) 255-5600 Phone
       (203) 255-5699 Fax

By: _____
Date:_____
Attorney Richard J. Diviney
65 Jesup Road
PO Box 390
Westport, CT 06881-0390
(203) 227-9585 Phone
(203) 227-7777 Fax