UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICHOLAS CAGGIANIELLO, NEIL HOWARD and THOMAS FALCO, on behalf of themselves and all other similarly situated employees of FSG PrivatAir, Inc.<br><br>PLAINTIFFS,<br>VS.<br><br>FSG PRIVATAIR, INC. and in their individual and official capacities DAVID C. HURLEY, HUGH F. REGAN, THOMAS H. MILLER and THOMAS L. CONNELLY<br><br>DEFENDANTS. | CASE NO. 303CV1011 (AWT)<br><br>FILED 2004 MAR 25 P 2: 49<br><br>MARCH 19, 2004 |

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY ORDERED THAT:

1. (a) This Order shall govern all documents, testimony and other information, including all copies, excerpts, and summaries thereof (collectively, "Material") produced, given or filed during discovery and other proceedings in this action.

(b) Any Party may designate as "Confidential" any Material that it produces when such Party in good faith believes such material contains trade secrets or other corporate proprietary or corporate financial information. Notwithstanding the foregoing, any information publicly disclosed by the producing Party and any individual's name, business address, dates of employment, and job title shall not be considered "Confidential." The Material so designated will also render "Confidential" any copies, excerpts, summaries or other disclosure of the substance or contents of such

**APPROVED and SO ORDERED.**

ALVIN W. THOMPSON, U.S.D.J.
HARTFORD, CT   03/24/04

1

Material.

(c) The provisions of this Order shall apply to (i) the Parties to this action, and (ii) any other Person producing, disclosing or receiving Material in this action who agrees to be bound by the terms of this Order. As used herein, "Person" includes the named Parties and others who have agreed, or who agree with the consent of the Parties, to be bound by this Order. "Parties" is limited to the named parties in this action.

(2) Such Confidential Material shall be subject to the following restrictions:

(a) Confidential Material shall be used by the non-producing Party only for the purpose of preparing for and conducting this action (including appeals), and not for any business or other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except those specified in sub-paragraph (b) below to whom it is necessary that such Material be given or shown for the purposes permitted under this paragraph. No Person to whom Confidential Material is disclosed in this action shall disclose or directly use such Material for purposes other than this action.

(b) Confidential Material shall be disclosed by the non-producing Party, for the purposes set forth in subparagraph (a) above, only to:

(i) the named Parties to this action, counsel of record and other designated counsel for the Parties in this action, and attorneys, clerical, paralegal and other staff employed by such counsel who are assisting in the conduct of this action and for no other purposes;

(ii) the Court (in the manner provided by paragraphs 2(d) and 5(d) hereof) and court personnel;

(iii) designated consultants or experts retained by a Party solely

2

for this action, provided that each such consultant or expert signs the acknowledgment form described in Paragraph 3 and attached hereto:

    (iv)    any other Person as to whom the producing Person consents in writing;

    (v)    witnesses at depositions and at trial; and

    (vi)    court reporter employed in connection with this action.

(c)    Before a Party discloses the Confidential Material to any Person listed in this paragraph, the provisions of paragraph 3 shall be complied with.

(d)    Subject to the Federal Rules of Evidence, stamped "CONFIDENTIAL" documents may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives fourteen days' advance notice to counsel for any party or other person that designated the information as Confidential. Any party may move the court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as Confidential Material and, if so, what protection, if any, may be afforded to such Confidential Material at the trial.

3.    Each Person given access to Confidential Material pursuant to the terms hereof (other than Parties and counsel of record and their employees, contractors and agents) shall be advised that (i) the Confidential Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed other than pursuant to the terms hereof, and (ii) that the violation of the terms of Order (by disclosure or direct use of the Confidential Material for business purposes or in any other impermissible manner)

may constitute contempt of a court order. Before any Person is given access to Confidential Material by the non-producing Party, the proposed recipient must sign an acknowledgment in the form attached hereto.

At the conclusion of this action, all such above-described acknowledgment forms signed by recipients of Confidential Material must be made available at the request of the producing Party, except that the non-producing Party need not make a available such above-described forms signed by consulting experts in the absence of a showing of substantial need by the producing Party. Rather, in the case of consulting experts, unless a showing of substantial need is made by the producing Party, the non-producing Party must simply indicate the number of consulting experts to whom disclosure has been made.

4. Before a Party gives access to Confidential Material pursuant to the terms hereof to any Person (other than counsel of record and their employees) who is a competitor (or an employee of a competitor) of the Party that so designated the document, the Party wishing to make such disclosure shall give at least ten days' advance notice in writing to the counsel who designated such Material as Confidential, stating the names and addresses of the Person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purpose of such disclosure. If a timely motion is filed objecting to the proposed disclosure, there shall be no disclosure until the court had decided such motion.

5. Confidential Material shall be designated as follows:

(a) In the case of documents, designation shall be made by placing the following legend on each page of any such document prior to production:

"CONFIDENTIAL."

  (b) In the case of interrogatory answers, designation shall be made by placing the following legend immediately before each such answer: "Confidential." Any Confidential interrogatory answers shall be placed on a page that is separate from non-Confidential answers.

  (c) In the case of depositions, designation of the portion of the transcript (including exhibits) that contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition, or by a statement in writing sent to all counsel within five (5) business days after receipt of the transcript.

  6. No Party concedes that any Material designated by any other Person as Confidential Material does in fact contain or reflect confidential information, or has been properly designated as Confidential Material. A Party shall not be obligated to challenge the propriety of the designation of Material as Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If a Party challenges such designation, it shall send or give notice to the designating Person, and they shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the designating Person or the challenging Party may, on reasonable notice, apply for appropriate ruling(s) from the Court. The Material in issue shall continue to be treated as Confidential Material until the Court orders otherwise.

  7. This Order, insofar as it restricts the communication and us of Confidential Material, shall continue to be binding throughout and after the conclusion of

this action, including any appeals. At the conclusion of this action, all documents, material or other information designated as Confidential, all copies thereof and all documents reflecting same, whether or not in the possession of the non-producing Party, shall be promptly returned by the non-producing Party at the request of and at the expense of the producing Party. Such Confidential Material shall be retained and safeguarded by the producing Party for six years.

      8.     If another court or an administrative agency subpoenas, requests, or orders production of stamped Confidential documents which a Party has obtained under the terms of this Order, such Party shall promptly notify the Party who designated the document as Confidential of the pendency of such subpoena, request or order.

      9.     Subject to approval by the court, the parties may agree in writing to modifications to this Protective Order or may agree to relief from provisions of this Order with respect to certain Material. A Party seeking a modification or relief shall notify the other Party, and the parties shall confer in good faith in an attempt to come to an agreement as to the sought-after modification or relief. In the event that the parties cannot agree on the sought-after modification or relief, the Party seeking the modification or relief may apply for such relief to the Court on notice to the other Parties hereto and on a showing of good cause.

DEFENDANTS,
By: _____
Russell J. Sweeting (ct24877)
Maya & Associates, P.C.
183 Sherman St.
Fairfield, CT 06824
(203) 255-5600

March 19, 2004

PLAINTIFFS,
By: _____
James T. Baldwin (ct08535)
Coles, Baldwin & Craft, LLC.
1261 Post Road, P.O. Box 577
Fairfield, CT 06824
(203) 319-0800

March 16, 2004