UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

2004 APR 27  A 11: 15
U.S. DISTRICT COURT
HARTFORD, CT.

NICHOLAS CAGGIANIELLO, NEIL
HOWARD and THOMAS FALCO, on
behalf of themselves and all other similarly
situated employees of FSG PrivatAir, Inc.

CASE NO. 303CV1011(AWT)

PLAINTIFFS,

VS.

FSG PRIVATAIR, INC. and in their
individual and official capacities DAVID C.
HURLEY, HUGH F. REGAN, THOMAS H.
MILLER and THOMAS L. CONNELLY

DEFENDANTS.

APRIL 26, 2004

### MEMORANDUM OF LAW IN SUPPORT OF RENEWED MOTION FOR SANCTIONS

**I.    PRELIMINARY STATEMENT**

Defendants FSG PrivatAir, Inc. ("PrivatAir"), David C. Hurley, Hugh F. Regan, Thomas H. Miller and Thomas L. Connelly, by their attorney, move the court pursuant to F.R.C.P. 11 (c) for an order imposing sanctions on the Plaintiffs' attorney for violations of F.R.C.P. 11(b)(2) and (3). Your Honor denied Defendants' original Motion for Sanctions at oral argument on October 9, 2004, but subsequently ordered the parties to conduct discovery on subject matter jurisdiction. Based on discovery, the Defendants submit that Platiniffs' attorney had no reasonable basis to assert claims under the Fair Labor Standards Act ("FLSA") and therefore, renew their Motion for Sanctions. In requesting sanctions, the Defendants rely on their Renewed Motion to Dismiss filed simultaneously with the Court.

The Plaintiffs have brought three claims in this action against the Defendants under Section 7 (a) of the FLSA. The Defendant PrivatAir is a Common Air Carrier and subject to

Title II of the Railway Labor Act ("RLA") under 45 U.S.C. § 181. Therefore, PrivatAir is exempt from the FLSA as a Common Air Carrier pursuant to 29 U.S.C. § 213(b) (3).

Plaintiffs' attorney should be sanctioned for filing a lawsuit with no reasonable basis in law or fact that has no chance of success under existing law or extension thereof. Plaintiffs' attorney failed to make a reasonable inquiry into the law and facts by asserting boilerplate allegations with no factual support. Therefore, Plaintiffs' attorney should be sanctioned under F.R.C.P. 11.

## II.   STANDARD FOR RULE 11 MOTION

According to F.R.C.P. 11 (b) (2) and (3), by signing a pleading an attorney represents to the court, "to the best of the attorney's knowledge, information and belief, formed after an inquiry reasonable under the circumstances... (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;" and "(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."

A motion for sanctions against an attorney is appropriate pursuant to F.R.C.P 11 (c), when an attorney has violated subdivision (b) of the rule.

## III.   ARGUMENT

### A.   THE PLAINTIFFS' ATTORNEY SHOULD BE SANCTIONED UNDER F.R.C.P 11 FOR FILING A LAWSUIT WITH NO REASONABLE BASIS IN LAW OR FACT.

The Plaintiffs' attorney should be sanctioned for filing a lawsuit with no reasonable basis in law or fact.

The court may impose sanctions against a party who fails to make an objectively reasonable inquiry into the facts and law before submitting a pleading or other paper to the court.[1] F.R.C.P. 11(b)(3) (allegations must have evidentiary support); F.R.C.P. 11(b)(2) (claim must be justified by existing law or reasonable argument for its extension or modification); Barth v. Kaye, 178 F.R.D. 371 (N.D.N.Y. 1998) (ordering pro se plaintiff to show cause why he should not be sanctioned for repeatedly litigating the same frivolous claim in several courts). Sanctions must be imposed when, after reasonable inquiry, a competent attorney would not be able to form a reasonable belief that the pleadings are well grounded in fact or law. Daddona v. Gaudio, 156 F.Supp.2d 153, 166 (D. Conn. 2000), *quoting* Eastway Construction Corp. v. City of New York, 762 F.2d 243, 254 (2nd Cir. 1985). When sanctions are imposed, the court must identify the specific conduct that violated Rule 11. MacDraw, Inc. v. CIT Group Equipment Financing, Inc., 73 F.3d 1253 (2nd Cir. 1996) (vacating sanctions award because trial court failed to identify or adequately describe attorney's sanctionable conduct). All doubts must be resolved in favor of the attorney whose conduct is being challenged. K.M.B. Warehouse Distributors v. Walker Manufacturing Co., 61 F.3d 123 (2nd Cir. 1995). It does not matter whether the party's failure was made in good or bad faith. Barth, 178 F.R.D. 371.

In this case, the Plaintiffs allege that the Defendants violated the FLSA, 29 U.S.C. § 201 et seq. However, the FLSA does not apply to the Plaintiffs because their employer is PrivatAir, a Common Air Carrier governed by the RLA. *See* 29 U.S.C. § 213(b)(3).

---

[1] The Court retains jurisdiction to impose sanctions against the Plaintiffs or their attorney for filing a frivolous lawsuit despite the Court's lack of subject matter jurisdiction over the Plaintiffs' claims. Chemiakin v. Yefimov, 932 F.2d 124 (2nd Cir. 1991).

In Paragraphs 22 and 23 of the Complaint, the Plaintiffs allege they are not exempt from the FLSA under the air carrier provision but have not and cannot point to any facts in support of their conclusion. The Plaintiffs' claim had no chance of success from the start because they were Common Air Carrier employees of PrivatAir and exempt from the FLSA. Plaintiffs' attorney either ignored this obvious fact or did not undertake due diligence in his inquiry before filing this lawsuit. Plaintiffs' attorney should be sanctioned for his reckless conduct.

This Court has discretion in awarding attorney fees and other expenses to the Defendants. F.R.C.P. 11(c)(2). This total award should include expenses associated with filing the motion for sanctions. Howard v. Klynveld Peat Marwick Goerdeler, 977 F.Supp. 654, 667 (S.D.N.Y. 1997). The sanctions award should be the minimum amount necessary to reimburse the moving party and to deter future violations. Id. In Chemiakin v. Yefimov, the Second Circuit ordered the action dismissed for lack of subject matter jurisdiction and affirmed a Rule 11 sanctions order for $10,270.50, representing all attorney fees and expenses incurred by the defendant during the entire course of litigation. 932 F.2d 124 (2nd Cir. 1991). In a more recent case, the district court awarded sanctions in an amount that would be based on the wasted time and resources of the adversaries necessitated by defending the frivolous action. Williams v. Perry, No. 3:99-CV-00725, 2000 U.S. Dist. LEXIS 2499 (D. Conn. 2000), *vacated on other grounds* 229 F.3d 1136 (2nd Cir. 2000), *circuit court decision reported in full at* 2000 U.S. App. LEXIS 25382.

The court should impose Rule 11 sanctions on Plaintiffs' attorney for filing a frivolous lawsuit with no chance of success under existing law or a reasonable extension thereof. Plaintiffs' attorney failed to make a reasonable inquiry into the law and facts

4

before filing a Complaint including boilerplate allegations with no evidentiary support. In this case, the court should award full attorney fees and other expenses to reimburse the Defendants for their wasted time and to deter Plaintiffs' attorney from filing claims without first undertaking due diligence.

### B. PLAINTIFFS' ATTORNEY SHOULD BE SANCTIONED FOR FILING A CLAIM THAT HAS NO CHANCE OF SUCCESS UNDER EXISTING LAW OR A REASONABLE EXTENSION THEREOF.

To withstand a motion for sanctions, the challenged attorney must have had a reasonable basis for filing the complaint under existing law or a reasonable argument for modifying the law to allow such a claim. Knipe v. Skinner, 19 F.3d 72 (2nd Cir. 1994) (awarding sanctions for claim that made no argument why it should be upheld in the face of contrary precedent). Plaintiffs' attorney should be sanctioned because the present case is quite similar to Knipe. No precedent supports the Plaintiffs' claims. Plaintiffs' attorney cannot make any reasonable arguments to extend the law in his favor because the claims are governed by clear and unambiguous statutes.

The air carrier exemption consists of three elements: 1) the employer is a Common Air Carrier, (2) the employer is engaged in interstate commerce, and (3) the employee's work is related to the air transportation business of the employer. 45 U.S.C. § 181; e.g., Thibodeaux v. Executive Jet International, Inc., 328 F.3d 742 (5th Cir. 2003).

The Defendants' Renewed Motion to Dismiss, filed concurrently with this motion, clearly shows how the law and facts prove that PrivatAir is a Common Air Carrier. Moreover, the Plaintiffs' own allegations show that Plaintiffs' attorney was aware of PrivatAir's air transportation business when the Complaint was filed. In Paragraph 26 of the Complaint, the Plaintiffs admit that they "engaged at all times in

substantial activities related to interstate commerce…with the knowledge and intention on the part of defendants that such activities would facilitate the operation of aircraft and aircraft services across state lines." The Plaintiffs further admit, in Paragraph 25 of the Complaint, that they "were engaged in activities in the furtherance of PrivatAir's business of aircraft management and private air charter services." Plaintiffs' attorney cannot argue that the nature of PrivatAir's air transportation business was unknown or not subject to reasonable investigation.

Furthermore, Plaintiffs' attorney was not arguing to extend existing law because he was unaware of the existing laws' provisions. Szabo Food Service, Inc. v. Canteen Corp., 823 F.2d 1073 (7th Cir. 1987) (imposing sanctions because a plaintiff who ignored existing law could not be making an argument to modify or expand it). As discussed *infra*, Plaintiffs' attorney did not adequately research the FLSA claims against PrivatAir and did not put forth a reasonable argument within the confines of existing precedent or to expand the law.

### C. PLAINTIFFS' ATTORNEY SHOULD BE SANCTIONED FOR FAILING TO MAKE A REASONABLE INQUIRY INTO THE LAW AND FACTS.

Plaintiffs' attorney did not take into account the Common Air Carrier exemption because he did not make a reasonable inquiry into the law or facts. The reasonable inquiry standard includes determining whether any obvious defenses bar the case. FDIC v. Calhoun, 34 F.3d 1291 (5th Cir. 1994). The Common Air Carrier exemption was such an obvious defense that the Plaintiffs denied that it applied to their claims in the Complaint but had no evidence to support such a claim. *See* Complaint, ¶¶ 22-23.

It is clear that from the Defendants' Motion to Dismiss, filed concurrently with this motion, that PrivatAir conducts Air Carrier Operations and the Plaintiff employees

6

were familiar with the business. The Plaintiffs themselves should have known that PrivatAir conducted Common Air Carrier operations because their jobs required them to be familiar with Federal Aviation Regulations, including the licensing/certification requirements. *See* Defendants' Renewed Motion to Dismiss.

Rather than plead facts to show that the air carrier exemption did not apply, the Plaintiffs plead that PrivatAir was engaged in interstate commerce and that they worked in its air transportation business. C.f. Walker by Walker v. Northwest Corp., 108 F.3d 158 (8th Cir. 1997) (awarding sanctions against plaintiff who alleged diversity jurisdiction but plead facts tending to show there was no diversity). The Plaintiffs' allege FLSA claims but plead facts tending to show the application of the RLA. Plaintiffs' attorney ignored the law and facts involved with the Plaintiffs' claims and should be sanctioned for his recklessness.

### D. PLAINTIFFS' ATTORNEY SHOULD BE SANCTIONED BECAUSE THE PLAINTIFFS' COMPLAINT IMPERMISSIBLY INCLUDED BOILERPLATE ALLEGATIONS WITH NO FACTUAL SUPPORT.

It appears that Plaintiffs' attorney asserted FLSA claims using boilerplate allegations without having supporting facts to rely on. Rule 11(b) does not countenance boilerplate allegations. Oliveri v. Thompson, 803 F.2d 1265 (2nd Cir. 1986) (suggesting boilerplate allegations would have been sanctionable if opposing counsel had taken them seriously and devoted appreciable time to opposing them). In Oliveri, the plaintiff's attorney included several allegations that he regarded as standard and automatically included in every civil rights complaint. The court held that automatic allegations were improper unless supported by facts. Id. Similarly, the allegations in the present case are improper because they are not supported by facts.

There must be at least some colorable basis for asserting allegations. <u>O'Brien v. Alexander</u>, 101 F.3d 1479 (2nd Cir. 1996) (interpreting 1993 amendments that eliminated "well grounded in fact and law" language). In <u>O'Brien</u> the plaintiffs made allegations that could not be fully verified until discovery had taken place. Here, PrivatAir and the Plaintiffs fall squarely within the Common Air Carrier exemption to the FLSA. The boilerplate allegation that they are not exempt has no basis in law or fact and provides ample grounds for sanctioning Plaintiffs' attorney.

## IV. CONCLUSION

Based on the foregoing, the Defendants respectfully request that the Court impose sanctions on the Plaintiffs' attorney pursuant to F.R.C.P 11 (c). Plaintiffs' attorney has violated F.RC.P. 11 (b) (2) and (3) by filing a lawsuit with no reasonable basis in law or fact that has no chance of success under existing law or extension thereof. Plaintiff's attorney failed to make a reasonable inquiry into the law and facts by asserting boilerplate allegations with no factual support. Therefore, Defendants' attorney should be awarded attorney fees and costs in defending this action.

Respectfully Submitted,
THE DEFENDANTS

By: _____
Joseph C. Maya, Esq. ct/17742
Russell J. Sweeting, Esq. ct/24877
Maya & Associates, P. C.
183 Sherman Street
Fairfield, CT 06824
Telephone: (203) 255-5600
Fax No:    (203) 255-5699