# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

NICHOLAS CAGGIANIELLO, NEIL
HOWARD and THOMAS FALCO, on behalf
of themselves and all other similarly situated
employees of FSG Privatair, Inc.

**Plaintiffs**,

vs.                                                            CIVIL ACTION NO. 3:03CV1011(AWT)

FSG PRIVATAIR, INC., and in their
individual and official capacities DAVID C.
HURLEY, HUGH F. REGAN, THOMAS H.                              May 18, 2004
MILLER and THOMAS L. CONNELLY

**Defendants**.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## Motion to Compel

  The Plaintiffs, Nicholas Caggianiello, *et. al.* by and through their undersigned counsel,

and pursuant to **F.R.C.P. 37 (a)**, hereby move this honorable court for an order compelling the

Defendants to fully and completely respond to outstanding discovery requests.  In support of

said Motion, the Plaintiffs state as follows:

  1.  On or about December 24, 2003, this court ordered that the Parties conduct

discovery limited to the jurisdictional issues raised by the Defendant.

  2.  On or about January 23, 2004, the Plaintiff propounded various interrogatories,

pursuant to **F.R.C.P. 33** and Requests for Production of Documents, pursuant to **F.R.C.P. 34**.

  3.  On or about February 26, 2004, the Defendants served their responses to both

the Interrogatories and Requests for Production, which responses contained myriad objections,

including objections which are improper, not contemplated under the federal rules, and upon information and belief, interposed for the purpose of harassment, delay and oppression. The Defendants' responses – containing the requests propounded to the Defendants – are attached hereto as Exhibit "A."

4.      On or about March 15 and March 22, 2004, the Parties conducted a conference, in an effort to resolve discovery disputes without resorting to filing the instant Motion. Despite the efforts to resolve such disputes, counsel for the Parties were unable to obtain a resolution to Defendants' objections. (See Affidavit of Counsel attached hereto as Exhibit "B").

5.      Since the March 22, 2004 discovery conference, counsel for Defendants has, sporadically, supplemented its responses. Attached hereto, as Exhibit "C" are the Supplemental Responses of the Defendants to the discovery propounded.

5.      Notwithstanding the supplement, the responses were, and continue to be improper, and violative of the rules of this court. Moreover, although counsel for the Defendants assert privilege as a basis for withholding, *inter alia,* documents, counsel has refused to provide a privilege log as required by the Rules.

6.      On or about May 10, 2004, counsel for the Plaintiffs made one final attempt to resolve discovery disputes without resorting to filing the instant Motion. Attached hereto as Exhibit "D" is a letter from Plaintiff's counsel to Defense counsel.

7.    On or about May 14, 2004, defense counsel responded and rejected any further efforts to obtain compliance with discovery, claiming, *inter alia*, that discovery was stayed by this Court. Attached hereto as Exhibit "D" is defense counsel's response.

8.    As a result of the obstructionist conduct of defense counsel, including interposing improper and baseless objections and failing to comply with the requirements of Local Rule 37(a)1, the Plaintiffs seek an order of this court compelling the Defendants to answer the propounded discovery.

9.    And for those other reasons as are set forth in the attached Memorandum, pursuant to Local Rule 37(a)3.

WHEREFORE, for the above stated reasons and for good and just cause, the Plaintiffs respectfully move this Honorable Court for an order as proposed herein.

Respectfully submitted,

THE PLAINTIFFS


BY:    _____
John B. Kaiser
Federal Bar No. 23577
COLES, BALDWIN & CRAFT, LLC.
1261 Post Road, P.O. Box 577
Fairfield, CT 06824
Tel. (203) 319-0800
Fax (203) 319-1210

## <u>CERTIFICATION</u>

This is to certify that on the _____ day of May, 2004, a copy of the foregoing was delivered by first class mail to the following:

Joseph C. Maya, Esq.
Maya & Associates, P.C.
183 Sherman Street
Fairfield, CT 06824

Russell J. Sweeting, Esq.
Maya & Associates, P.C.
183 Sherman Street
Fairfield, CT 06824

Richard J. Diviney, Esq.
65 Jesup Road
PO Box 390
Westport, CT 06881-0390

_____
John B. Kaiser

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

NICHOLAS     CAGGIANIELLO,     NEIL
HOWARD and THOMAS FALCO, on behalf
of themselves and all other similarly situated
employees of FSG Privatair, Inc.

**Plaintiffs**,

vs.                                                    **CIVIL ACTION NO. 3:03CV1011(AWT)**

FSG   PRIVATAIR,   INC.,   and   in   their
individual and official capacities DAVID C.
HURLEY, HUGH F. REGAN, THOMAS H.                       May 18, 2004
MILLER and THOMAS L. CONNELLY

**Defendants**.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Memorandum In Support of Plaintiff's**
**Motion to Compel**

The Plaintiffs, Nicholas Caggianiello, *et. al.* by and through their undersigned counsel,

and   pursuant   to   **F.R.C.P. 37 (a)**   and   **Local   Rule   37**,   hereby   provides   the   following

Memorandum in support of their Motion to Compel.

**A.  Concise Statement of the Nature of the Case.**

This action arises under the provisions of Section 16(b) of the Fair Labor Standards

Act of 1938, as amended, (hereinafter "the Act"), (29 USCA 201 et seq.). The Plaintiffs, are

employees of defendant FSG PrivatAir, Inc., and they bring three claims in this action on

behalf of themselves and other employees of defendant employer similarly situated to recover

5

unpaid wages, overtime compensation, liquidated damages, attorney's fees and costs as provided under the Act.

The first claim addresses the failure of defendants to pay overtime compensation to a class of employees with the job title "Flight Follower" on the basis that they are not employed in a bona fide executive, administrative or professional capacity and are not therefor exempt from the overtime payment requirements of the Act.

The second claim addresses the failure of defendants to pay overtime compensation to hourly employees in accordance with Section 7 of the Act by providing hourly employees with straight compensatory time in lieu of overtime wages at the rate of one and a half times their regular wage.

The third claim addresses the failure of defendants to pay overtime compensation to a class of employees with the job title "Maintenance Manager" and "Maintenance Coordinator." In violation of Section 7 of the Act, these hourly employees are not compensated for time dedicated to certain administrative tasks whenever such tasks require them to work in excess of forty hours per week.

### B.  Legal Analysis in Support of Instant Motion.

The "scope of discovery under FED. R. CIV. P. 26(b) is very broad, 'encompass[ing] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978)).  Along these lines, it is fundamental that

6

"parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

In this case, this Court has limited discovery to issues relating to the jurisdiction of the Court to hear the case. As set forth below, the discovery propounded is proper, not objectionable and is indeed tailored to discover information relevant to this court's jurisdiction. Moreover, counsel for Defendants have interposed improper, illusory and obstructionist objections solely to delay, harass and oppress the Plaintiffs from advancing their case.

**C. Articulation of Factual Basis for Motion.**

In conformity with the requirements of Local Rule 37(a)3, the following summarizes the discovery propounded and the reason why the discovery should be allowed:

1. Interrogatories and Reasons for Allowing:

**Interrogatory 1.** Identify, as that term is defined (B.1.) above, the person or persons responding to these interrogatory requests on behalf of the Defendant, FSG PrivatAir, Inc.

**Reason for Allowing:** The information sought is designed to identify appropriate corporate witnesses for purposes of taking depositions in this case and to inquire into the basis of and for their contentions in this cause.

**Interrogatory 2.** Identify, as that term is defined (B.2.) above, all parent, subsidiary or affiliated entities of FSG PrivatAir, Inc., including but not limited to corporations, partnerships, LLCs, and sole proprietorships.

7

**Reason for Allowing:** The information sought is basic and fundamental party information. The information sought can lead to admissible evidence including the ownership structure of the Defendants, the federal licensing of the Defendants and the applicability of the Act to specific defendants. The information can – where properly provided –substantially narrow the focus of this case.

**Interrogatory 3**. If not already identified in the preceding interrogatory, identify, as that term is defined (B.2.) above, and set forth the relationship, if any, FSG PrivatAir, Inc. has with, the following entities named, having a derivation of the name, or doing business as:

(a) Flight Services Group, Inc.
(b) FSG
(c) Ogden Flight Services Group, Inc.
(d) Flight Services Properties, Inc.

**Reason for Allowing:** The information sought is basic and fundamental party information. The information sought can lead to admissible evidence including the ownership structure of the Defendants, the federal licensing of the Defendants and the applicability of the Act to specific defendants. The information can – where properly provided – substantially narrow the focus of this case.

**Interrogatory 4.** For FSG PrivatAir, Inc. and each entity identified in interrogatories 2 and 3 above, please:

(a) State whether it is a successor in interest to the business, assets, or liabilities of any other entity; and
(b) If a corporation, set forth the full and exact legal name in which the corporate Charter or Articles are issued; and
(c) If a corporation, set forth the date and place or places of incorporation; and
(d) If a corporation, set forth the corporate number or other designation assigned by the state of incorporation at the time of incorporation, if any; and
(e) If a corporation, set forth the name, business and residence address and telephone number of each person designated in the Articles of Incorporation or Charter as an incorporator; and

(f)  If a corporation, set forth the name, business and residence address, and telephone number of each of the individuals presently serving as officers of the corporation; and

(g)  If a partnership or LLC, set forth the date upon which the partnership or LLC was constituted; and

(h)  If a partnership or LLC, state whether there exists a written partnership or operating agreement; and

(i)  If a partnership or LLC, identify, as that term is defined (B.1., B.2.) above, each person or entity holding a partnership or ownership interest; and

(j)  If a partnership or LLC, identify, as that term is defined (B.1.) above, each person to whom managerial authority has been delegated; and

(k)  If a partnership, state whether it is a general or limited partnership; and

(l)  If a sole proprietorship, identify, as that term is defined (B.1.) above, current and past owners of the sole proprietorship; and

(m)  If a sole proprietorship, state the date upon which the sole proprietorship was constituted; and

(n)  If a sole proprietorship, state whether the sole proprietorship has ever conducted business under any other name.

**Reason for Allowing:** The information sought is basic and fundamental party information.  The information sought can lead to admissible evidence including the ownership structure of the Defendants, the federal licensing of the Defendants and the applicability of the Act to specific defendants.  The information can – where properly provided – substantially narrow the focus of this case.

**Interrogatory 5.** As to FSG PrivatAir, Inc. and each corporate entity identified in interrogatories 2 and 3 above, please set forth:

(a)  The date upon which the corporation was capitalized; and

(b)  The manner in which the corporation was capitalized; and

(c)  The name, business and residence address, and telephone number of each of the individuals who have served as Directors of the corporation within the last 10 years; and

(d)  Whether, within the last 10 years, the corporation has conducted meetings of its Board of Directors; and

(e)  The name and capacity of each officer of the corporation for the last 10 years; and

(f)  Whether within the last 10 years, the corporation has conducted meetings of the shareholders of the corporation; and

(g) Whether within the last 10 years the corporation has maintained minutes of its meetings of its Board of Directors; and

(h) Whether within the last 10 years the corporation has maintained minutes pertaining to meetings of the shareholders; and

(i) The name, business and residence address, and telephone number of the present custodian of any minutes pertaining to directors or shareholder meetings; and

(j) The identity of any person to whom shares of stock in the corporation have been issued; and

(k) The date upon which shares of stock in the corporation were issued to any such person.

**Reason for Allowing:** The information sought is basic and fundamental party information. The information sought can lead to admissible evidence including the ownership structure of the Defendants, the federal licensing of the Defendants and the applicability of the Act to specific defendants. The information can – where properly provided – substantially narrow the focus of this case.

**Interrogatory 6.** As to FSG PrivatAir, Inc. and each entity identified in interrogatories 2 and 3 above, please:

(a) Identify any and all FAA issued Air Carrier Certificates by which the entity conducted carrier, on demand air taxi, or air charter passenger services, if any, from January 1, 1997 to present.

(b) Identify any and all operations and specifications manuals each has filed with the FAA in accordance with U.S.C. Title 14, including any amendments filed therewith, by which the entity conducted carrier, on demand air taxi, or air charter passenger services, if any, from January 1, 1997 to present.

(c) Identify all applications submitted by the entity to the FAA pertaining to obtaining, amending, or transferring any air carrier certificates from January 1997 to present.

**Reason for Allowing:** The information sought is specifically directed to the jurisdictional issues raised by the Defendants including the applicability of the Act to the Defendants. The information sought can also lead to related admissible evidence.

**Interrogatory 7.** List all aircraft owned or leased in the name of FSG PrivatAir, Inc. and as to each set forth:

10

(a) The dates the aircraft was owned or leased by FSG PrivatAir, Inc.
(b) The make and model of the aircraft.
(c) The Registration or "Tail" Number of the aircraft.
(d) The airport or place where the aircraft is based.
(e) The State where the aircraft is registered.
(f) Identify the place where the aircraft's operating certificate is held.
(g) In whose name the operating certificate is held.
(h) In whose name the insurance certificate is held.
(i) Identify each logged trip or flight made during the lease period or period of ownership after 1997.
(j) The passenger list or manifest for each flight identified in subpart (i) of this interrogatory.
(k) Whether a flight log, voyage report or trip sheet exists for each flight identified in subpart (i) of this interrogatory.
(l) Identify any and all charter or taxi passenger service contracts, agreements or invoices corresponding to flights identified in subpart (i) of this interrogatory.
(m) Identify the present custodian of any and all records identified in your answer to this interrogatory and any of its subparts, (a) thru (m).

**Reason for Allowing:** The information sought is specifically directed to the jurisdictional issues raised by the Defendants including the applicability of the Act to the Defendants and their purported defense that they are an exempt entity. The information sought can also lead to related admissible evidence.

**Interrogatory 8**. List all aircraft owned or leased in the name of an entity other than FSG PrivatAir, Inc., that is identified in interrogatory 2 or 3 above, and as to each set forth:

(a) The dates the aircraft was owned or leased by the named entity.
(b) The make and model of the aircraft.
(c) The Registration or "Tail" Number of the aircraft.
(d) The airport or place where the aircraft is based.
(e) The State where the aircraft is registered.
(f) Identify the place where the aircraft's operating certificate is held.
(g) In whose name the operating certificate is held.
(h) In whose name the insurance certificate is held.
(i) Identify each logged trip or flight made during the lease period or period of ownership after 1997.

11

(j) The passenger list or manifest for each flight identified in subpart (i) of this interrogatory.

(k) Whether a flight log, voyage report or trip sheet exists for each flight identified in subpart (i) of this interrogatory.

(l) Identify any and all charter or taxi passenger service contracts, agreements or invoices corresponding to flights identified in subpart (i) of this interrogatory.

(m) Whether a contract of any kind exists between FSG PrivatAir, Inc. and the owner or lessee.

(n) Whether an account ledger of any kind exists between FSG PrivatAir, Inc. and the owner or lessee.

(o) Whether FSG PrivatAir, Inc. possesses a maintenance log, journal or record of any kind for the subject aircraft.

(p) The identity of the present custodian of any and all records identified in your answer to this interrogatory and any of its subparts, (a) thru (o).

**Reason for Allowing:** The information sought is specifically directed to the jurisdictional issues raised by the Defendants including the applicability of the Act to the Defendants and their purported defense that they are an exempt entity. The information sought can also lead to related admissible evidence.

**Interrogatory 9.** List all aircraft not owned by, or leased in the name of, any entity listed in interrogatory 2 or 3 above, that is managed, maintained or in any way operated by FSG PrivatAir, Inc., and as to each set forth:

(a) The identity of the person or entity that owns the aircraft.

(b) The make and model of the aircraft.

(c) The Registration or "Tail" Number of the aircraft.

(d) The airport or place where the aircraft is based.

(e) The State where the aircraft is registered.

(f) Identify the place where the aircraft's operating certificate is held.

(g) In whose name the operating certificate is held.

(h) In whose name the insurance certificate is held.

(i) Identify each logged trip or flight made during the period FSG PrivatAir, Inc. managed, maintained or in any way operated the aircraft after 1997.

(j) The passenger list or manifest for each flight identified in subpart (i) of this interrogatory.

(k) Whether a flight log, voyage report or trip sheet exists for each flight identified in subpart (i) of this interrogatory.

12

(l)  Identify any and all charter or taxi passenger service contracts, agreements or invoices corresponding to flights identified in subpart (i) of this interrogatory.

(m) Whether a contract of any kind exists between FSG PrivatAir, Inc. and the owner or lessor.

(n)  Whether an account ledger of any kind exists between FSG PrivatAir, Inc. and the owner or lessor.

(o)  Whether FSG PrivatAir, Inc. possesses a maintenance log, journal or record of any kind for the subject aircraft.

(p)  The identity of the present custodian of any and all records identified in your answer to this interrogatory and any of its subparts, (a) thru (o).

**Reason for Allowing:** The information sought is specifically directed to the jurisdictional issues raised by the Defendants including the applicability of the Act to the Defendants and their purported defense that they are an exempt entity.  The information sought can also lead to related admissible evidence.

**Interrogatory 10.** Identify all banks, payroll companies or financial institutions used by or on behalf of FSG PrivatAir, Inc. for the purpose of paying its employees.

**Reason for Allowing:** The information sought is specifically directed to uncovering the corporate structure of the Defendants and is information uniquely in its control.  The Defendants have placed their status as parties at issue and the Plaintiffs are entitled to information related thereto to properly address Defendants' Motions to Dismiss. The information sought can also lead to related admissible evidence.

**Interrogatory 11.** Identify by caption, court and court docket number all lawsuits filed within the past 10 years by an employee, officer or agent against FSG PrivatAir, Inc. or its predecessor corporations. Please specify the nature of the claims brought, the disposition of the lawsuits if resolved, and the current status of the lawsuits if currently pending.

**Reason for Allowing:** The information sought seeks to uncover any position(s) the Defendants have taken with respect to litigation which may be similar to the instant litigation or which may be used to impeach the credibility of the Defendants as it relates to positions

13

they have espoused in this case.   The information sought can also lead to related admissible evidence.

**Interrogatory 12.** Please identify any administrative proceedings which were actually initiated relating to FSG PrivatAir, Inc., its predecessor or successor corporations relating to any employee claims arising from or related to the Fair Labor Standards Act or any similar state wage statute brought by or on behalf of employees or officers of FSG PrivatAir, Inc., its predecessor or successor entities. Please specify the nature of each such proceeding, the nature of FSG PrivatAir, Inc.'s involvement in these proceedings, who initiated each of these proceedings, the disposition of these proceedings if resolved, and the current status of any proceedings currently pending.

**Reason for Allowing:** The information sought seeks to uncover any position(s) the Defendants have taken with respect to administrative proceedings which may be similar to the instant litigation or which may be used to impeach the credibility of the Defendants as it relates to positions they have espoused in this case.   The information sought can also lead to related admissible evidence.

**Interrogatory 13.** Please identify all formal or informal complaints filed within the last 10 years against FSG PrivatAir, Inc. not specified in the answer to the preceding interrogatory involving requests or demands or compliance with the Fair Labor Standards Act or similar state wage statutes brought by employees or officers of FSG PrivatAir, Inc. For each specify who initiated each of these complaints, the nature of the complaints, the disposition of the complaints, and the current status of the complaints.

**Reason for Allowing:** The information sought seeks to uncover any position(s) the Defendants have taken with respect to any other claims made based upon issues identical to those in this cause.   The information may also be used to impeach the credibility of the Defendants as it relates to positions they have espoused in this case.   The information sought can also lead to related admissible evidence.

**Interrogatory 14.** Please identify any administrative proceedings which were actually initiated relating to FSG PrivatAir, Inc., its predecessor or successor corporations relating to

14

any employee claims arising from or related to Title II of the Railroad Labor Act brought by or on behalf of employees or officers of FSG PrivatAir, Inc., its predecessor or successor entities. Please specify the nature of each such proceeding, the nature of FSG PrivatAir, Inc.'s involvement in these proceedings, who initiated each of these proceedings, the disposition of these proceedings if resolved, and the current status of any proceedings currently pending.

**Reason for Allowing:** The information sought seeks to uncover any position(s) the

Defendants have taken with respect to administrative proceedings which may be similar to the

instant litigation or which may be used to impeach the credibility of the Defendants as it

relates to positions they have espoused in this case. The information sought can also lead to

related admissible evidence.

**Interrogatory 15.** Please identify all formal or informal complaints filed within the last 10 years against FSG PrivatAir, Inc. not specified in the answer to the preceding interrogatory involving requests or demands or compliance with Title II of the Railroad Labor Act brought by employees or officers of FSG PrivatAir, Inc. For each specify who initiated each of these complaints, the nature of the complaints, the disposition of the complaints, and the current status of the complaints.

**Reason for Allowing:** The information sought seeks to uncover any actions asserted

against the Defendant in which action(s) the Defendant articulated a position contrary to that

raised herein. The information sought may also be used to impeach the credibility of the

Defendants as it relates to positions they have espoused in this case. The information sought

can also lead to related admissible evidence.

**Interrogatory 16.** Identify the location of every FSG PrivatAir, Inc. operation and as to each set forth:

(q) Address;
(r) Nature of operations;
(s) Identify by job description all employees paid overtime wages pursuant to the Fair Labor Standards Act.
(t) Identify by job description all employees paid overtime pursuant to Title II of the Railway Labor Act.

**Reason for Allowing:** The information sought is specifically directed to the jurisdictional issues raised by the Defendants including the applicability of the Act to the Defendants. The information sought can also lead to related admissible evidence.

**Interrogatory 17.** Please state whether FSG PrivatAir, Inc. has, since January 1, 1997 to the present, paid overtime hourly wages to employees with the job description or title "Flight Follower."

**Reason for Allowing:** The information sought is specifically directed to the jurisdictional issues raised by the Defendants including the applicability of the Act to the Defendants and the merits of the underlying claims. The information sought can also lead to related admissible evidence. Moreover, the request seeks a simple yes or no response.

**Interrogatory 18.** If your answer to the preceding interrogatory above is yes, please:

(a) Provide a complete description of the genesis, scope and application of any and all such "Flight Follower" overtime policies, programs, or circumstances.
(b) Identify each person who has knowledge of the genesis, scope, and application of any and all such "Flight Follower" overtime policies, programs, or circumstances.
(c) Identify each document, or communication relating to the genesis, scope, and application of any and all such "Flight Follower" overtime policies, programs, or circumstances.
(d) Identify each and every state statute, state regulation, federal statute, or federal regulation, relating to the genesis, scope, and application of any and all such "Flight Follower" overtime policies, programs, or circumstances.
(e) Identify the present custodian of each document or communication identified in your answer to the preceding interrogatory.

**Reason for Allowing:** The information sought is specifically directed to the jurisdictional issues raised by the Defendants including the applicability of the Act to the Defendants and the merits of the underlying claims. The information sought can also lead to related admissible evidence.

16

**Interrogatory 19.** Please state whether FSG PrivatAir, Inc. has, since January 1, 1997 to the present, paid hourly overtime wages to employees engaged in the maintenance of aircraft.

**Reason for Allowing:** The information sought is specifically directed to the jurisdictional issues raised by the Defendants including the applicability of the Act to the Defendants and the merits of the underlying claims. The information sought can also lead to related admissible evidence. Moreover, the request seeks a simple yes or no response.

**Interrogatory 20.** If your answer to the preceding interrogatory above is yes, please:

(a) Provide a complete description of the genesis, scope and application of any and all such hourly overtime policies, programs, or circumstances.
(b) Identify each person who has knowledge of the genesis, scope, and application of any and all such hourly overtime policies, programs, or circumstances.
(c) Identify each document or communication relating to the genesis, scope, and application of any and all such hourly overtime policies, programs, or circumstances.
(d) Identify each and every state statute, state regulation, federal statute, or federal regulation, relating to the genesis, scope, and application of any and all such hourly overtime policies, programs, or circumstances.
(e) Identify the present custodian of each document or communication identified in your answer to the preceding interrogatory.

**Reason for Allowing:** The information sought is specifically directed to the jurisdictional issues raised by the Defendants including the applicability of the Act to the Defendants and the merits of the underlying claims. The information sought can also lead to related admissible evidence.

**Interrogatory 21.** Do you contend that at all times since January 1, 1997 FSG PrivatAir, Inc. was subject to Title II of the Railroad Labor Act and thereby exempt from the provisions of the Fair Labor Standards Act pursuant to 29 U.S.C. §213(b)(3)?

**Reason for Allowing:** The information sought is specifically directed to the jurisdictional issues raised by the Defendants including the applicability of the Act to the

17

Defendants and the merits of the underlying claims.  The information sought can also lead to related admissible evidence. Moreover, the request seeks a simple yes or no response.

**Interrogatory 22.** If your answer to interrogatory 21 above is yes, please:

(a) State each fact upon which you base that contention.
(b) Identify each person who has knowledge of any fact relating to that contention who may be called as a witness.
(c) Identify each document or communication relating to that contention.
(d) Identify the present custodian of each document or communication identified in your answer to the preceding interrogatory.

**Reason for Allowing:** The information sought is specifically directed to the jurisdictional issues raised by the Defendants including the applicability of the Act to the Defendants and the merits of the underlying claims.  The information sought can also lead to related admissible evidence.

**Interrogatory 23.** Do you contend that, at any time prior to the institution of this lawsuit, FSG PrivatAir, Inc. adopted, maintained, or followed a policy that it was subject to Title II of the Railroad Labor Act?

**Reason for Allowing:** The information sought is specifically directed to the jurisdictional issues raised by the Defendants including the applicability of the Act to the Defendants and the merits of the underlying claims and the Defendants' contentions to support their position(s).  The information sought can also lead to related admissible evidence. Moreover, the request seeks a simple yes or no response.

**Interrogatory 24.**  If your answer to interrogatory 23 above was yes, please:

(a) State each fact upon which you base that contention.
(b) Identify each person who has knowledge of any fact relating to that contention who may be called as a witness.
(c) Identify each document or communication relating to that contention.

(d) Identify the present custodian of each document or communication identified in your answer to the preceding interrogatory.

**Reason for Allowing:** The information sought is specifically directed to the jurisdictional issues raised by the Defendants including the applicability of the Act to the Defendants and the merits of the underlying claims and the Defendants' contentions to support their position(s). The information sought can also lead to related admissible evidence.

**Interrogatory 25.** Please identify and describe all marketing and advertising campaigns by FSG PrivatAir, Inc. pertaining to solicitation of air charter or air taxi services offered to the general public including whether such advertising or marketing program engaged a public relations or advertising firm, the cost of such advertising and marketing and the medium in which it was disseminated to the general public.

**Reason for Allowing:** The information sought is specifically directed to the jurisdictional issues raised by the Defendants including the applicability of the Act to the Defendants. Purported advertising and marketing is particularly relevant to the legal analysis relating to the applicability of the Act to the Defendants.

2. <u>Requests for Production and Reasons for Allowing</u>:

**Request for Production 1.** Copies of all documents identified in response to Interrogatories numbers 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 18, 20, 22, 24 and 25, including their subparts.

**Reason for Allowing:** The information sought is specifically directed to the jurisdictional issues and seeks the actual tangible documents that are to be "identified" in the interrogatories. The reasons for allowing the specific interrogatories are adopted and incorporated herein by specific reference.

**Request for Production 2.** As to FSG PrivatAir, Inc. and each corporate entity identified in interrogatories 2 and 3, produce copies of any and all local, state, and federal tax

19

records, including, but not limited to quarterly filings, and returns, including all schedules attached thereto, for the years 1997, 1998, 1999, 2000, 2001, 2002, and 2003.

      **Reason for Allowing:** The information sought is basic and fundamental party information and the corporate ownership structure and financing of the Defendants. The information can – where properly provided – substantially narrow the focus of this case.

      **Request for Production 3.**  Copies of entire personnel files for Plaintiffs, Nicholas Caggianiello, Neil Howard and Thomas Falco, including, but not limited to, offer letters, schedules and duty rosters.

      **Reason for Allowing:** The information sought is basic and fundamental party information uniquely and solely within the control and possession of the Defendants.

### D.  Conclusion

      This court has ordered expedited and comprehensive discovery tailored to the issue of jurisdiction in this cause. The Defendants have interposed improper, illusory and otherwise obstructionist objections to proper discovery. Attached hereto, collectively, as Exhibit "C" are the responses of the Defendants. In this District, it is improper to simply assert imaginative objections such as "information that qualifies as trial preparation and materials that can be easily obtained elsewhere…" (*see,* Defendant's General Objections), without further elaboration or substantiation. *See, generally, In re Grand Jury Subpoena*, 750 F.2d 223, 224 (2d Cir. 1984) ("[i]t is axiomatic that the burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship, . . a burden not discharged by mere conclusory or ipse dixit assertions" (internal quotation marks and citations omitted)).

Where, as here, a Plaintiff has propounded discovery to refute assertions made by a Defendant – based upon jurisdictional grounds – and a Defendant interposes a variety of improper objections, designed to prevent the Plaintiff from refuting the same, this court should, necessarily, order the Defendants to respond forthwith.  It is in the interests of justice and judicial economy to provide an immediate court order compelling the Defendants to respond.

Respectfully submitted,

THE PLAINTIFFS

BY:    _____
          John B. Kaiser
          Federal Bar No. 23577
          COLES, BALDWIN & CRAFT, LLC.
          1261 Post Road, P.O. Box 577
          Fairfield, CT 06824
          Tel. (203) 319-0800
          Fax (203) 319-1210

**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

NICHOLAS    CAGGIANIELLO,    NEIL
HOWARD and THOMAS FALCO, on behalf
of themselves and all other similarly situated
employees of FSG Privatair, Inc.

**Plaintiffs**,

vs.                                            **CIVIL ACTION NO. 3:03CV1011(AWT)**

FSG  PRIVATAIR,  INC.,  and  in  their
individual and official capacities DAVID C.
HURLEY, HUGH F. REGAN, THOMAS H.                  May 18, 2004
MILLER and THOMAS L. CONNELLY

**Defendants**.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## <u>ORDER</u>

UPON CONSIDERATION, of the Plaintiffs' Motion to Compel, and any opposition

thereto, it is, hereby, this _____ day of _____, 2004

ORDERED, that the Plaintiffs' Motion be, and the same hereby is GRANTED; and it

is further

ORDERED, that the Defendants provide full and complete responses to the discovery

of record within 14 days from the date of this Order.


_____
United States District Judge

22