### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

_____
:
NICHOLAS CAGGIANIELLO, NEIL       :    CASE NO. 303CV1011(AWT)
HOWARD and THOMAS FALCO, on       :
behalf of themselves and all other similarly   :
situated employees of FSG PrivatAir, Inc.   :
:
PLAINTIFFS,   :
VS.                                :
:
FSG PRIVATAIR, INC. and in their       :
individual and official capacities DAVID C.   :
HURLEY, HUGH F. REGAN, THOMAS H.   :
MILLER and THOMAS L. CONNELLY       :
:
DEFENDANTS.   :    JUNE 17, 2004
_____

### DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION TO COMPEL

Defendants FSG PrivatAir, Inc. ("PrivatAir"), David C. Hurley, Hugh F. Regan, Thomas H. Miller and Thomas L. Connelly, by their attorney, submit their Objection to Plaintiffs' Motion to Compel. Pursuant to Judge Thompson's Order during the May 28, 2004 conference call with the parties, the Defendants are not required to respond to the Plaintiffs' Motion to Compel. However, to clarify the issues, the Defendants submit this Objection at the direction of Judge Martinez in preparation for argument on June 18, 2004. The Defendants assert that the Plaintiffs' Motion to Compel is untimely and in violation of this Court's Scheduling Orders. In the event the Court considers the merits of the Plaintiffs' Motion, the Defendants assert that the additional discovery requests of the Plaintiffs are unrelated to whether PrivatAir holds itself out to the public as a Common Air Carrier.

## A.    BACKGROUND

In support of their objection, the Defendants state as follows:

1.    On or about June 11, 2003, the Plaintiffs served a Complaint on the Defendants asserting claims under the Fair Labor Standards Act ("FLSA").

2.    On or about July 1, 2003, the Defendants filed their original Motions to Dismiss the Complaint and for Sanctions with the Court asserting that subject matter jurisdiction does not exist in this case because the Plaintiffs are employees of PrivatAir, a Common Air Carrier, and are exempt from the provisions of the FLSA and subject to the Railway Labor Act ("RLA").

3.    On or about October 9, 2004, Your Honor denied Defendants' original Motions to Dismiss and for Sanctions at oral argument on October 9, 2004

4.    On or about December 24, 2003, this Court ordered that discovery be conducted on subject matter jurisdiction and whether PrivatAir is a Common Air Carrier.  In addition, this Court ordered that dispositive motions on the issue of subject matter jurisdiction be filed on or before April, 26, 2004.

5.    On or about January 23, 2004, the Plaintiffs served interrogatories and requests for production on the Defendants.

6.    On or about February 12, 2004, this Court ordered discovery to be stayed except as to the issue of subject matter jurisdiction.

7.    On or about February 26, 2004, the Defendants served their responses and objections to the Plaintiff's discovery requests dated January 23, 2004.

8.    On or about March 15 and March 22, 2004, the Parties conducted two telephone conferences in an effort to resolve discovery disputes regarding the Plaintiffs'

discovery requests.  The Defendants agreed to provide, and subsequently provided, additional discovery and maintained the bulk of their objections.

9.       On or about April 26, 2004, the Defendants served their Renewed Motions to Dismiss and for Sanctions on the issue of subject matter jurisdiction in accordance with this Court Scheduling Order dated December 24, 2003.  The Plaintiffs did not request an extension of time to conduct subject matter jurisdiction discovery beyond this deadline or contact the Defendants regarding a Motion to Compel.

10.      On or about May 10, 2004, Plaintiffs' counsel contacted the undersigned requesting an additional telephone conference to resolve discovery disputes concerning the Defendants' objections to discovery dated February 26, 2004.  Defendants' Renewed Motions to Dismiss and for Sanctions on the issue of subject matter jurisdiction had already been filed on April 26, 2004.

11.      On or about May 18, 2004, the Plaintiffs' served a Motion to Compel discovery on the issue of subject matter jurisdiction despite the pending Defendants' Renewed Motions to Dismiss and for Sanctions.

A.       **SUBJECT MATTER JURISDICTION DISCOVERY HAS ENDED**

The Defendants filed their Renewed Motions to Dismiss and for Sanctions regarding subject matter jurisdiction on April 26, 2004 in accordance with the Court's Order dated December 24, 2003.  The Plaintiffs have not contacted the Defendants or the Court regarding an extension of time to conduct subject matter jurisdiction discovery beyond the April 26, 2004 deadline.  Therefore, the Plaintiffs have no basis to conduct additional discovery on this issue and cannot now request additional time due to their failure to litigate this case in a timely manner.

**B.    THE PLAINTIFFS CANNOT RETROACTIVELY EXTEND THE TIME FOR SUBJECT MATTER JURISDICTION DISCOVERY**

1.    The Plaintiffs were fully aware that discovery on subject matter jurisdiction was to be completed and dispositive motions filed by April 26, 2004 pursuant to the Court's Order dated December 24, 2003.  In addition, the Plaintiffs were notified by the Court's Order dated February 12, 2004 that all discovery was stayed pending the resolution of the subject matter jurisdiction issue.

2.    Plaintiffs' counsel did not contact the undersigned between March 22, 2004, when the parties made a good faith attempt to resolve discovery issues via telephone conference, and April 26, 2004, when dispositive motions were to be filed regarding subject matter jurisdiction.  The Plaintiffs had ample time to request an extension of time to conduct subject matter jurisdiction discovery before the April 26, 2004 deadline and failed to do so.

3.    Plaintiffs' counsel finally contacted the undersigned 45 days after the March 22, 2004 discovery conference via a letter dated May 10, 2004 demanding an unnecessary conference concerning subject matter jurisdiction discovery.  The Defendants' Renewed Motions to Dismiss and for Sanctions were already filed on April 26, 2004.

4.    The time for the parties to conduct subject matter jurisdiction discovery has passed and the Plaintiffs should be precluded from violating the Court's Scheduling Orders.  In addition, the Plaintiffs have failed to timely file a Motion to Compel.

5.    The Defendants should be awarded costs and sanctions in opposing Plaintiffs' Motion to Compel because the Plaintiffs have filed an untimely and frivolous motion in violation of the Court's Scheduling Orders.

4

6.      In addition, Local Rule 41(a) provides that "the Clerk shall give notice of proposed dismissal to counsel of record" if scheduling orders do not appear to have been met pursuant to Local Rule 16.  The Plaintiffs' failure to prosecute their case in a timely manner concerning subject matter jurisdiction discovery should be considered grounds for dismissal.

### C.    THE DISCOVERY RESPONSES SERVED ON THE DEFENDANTS SHOW THAT PRIVATAIR IS A COMMON AIR CARRIER

The Defendants have complied with the Plaintiffs' discovery requests that are relevant to whether PrivatAir is a Common Air Carrier.  The information disclosed proves that PrivatAir is a Common Air Carrier.

A Common Air Carrier is defined as a business that indiscriminately offers transportation services to anyone interested in, and willing to pay for, such services.  Valdivieso v. Atlas Air, Inc., 305 F.3d 1283, 1285 (11th Cir. 2002), *cert. denied*, 155 L. Ed. 2d 1105 (2003).  The Court in Valdivieso found that Atlas Air was a Common Air Carrier because its services were available to anyone who sought them.  Id.  Atlas Air sold air cargo services indiscriminately to commercial airlines and other businesses, subject to available resources.

Even though the business serves only a small segment of the general public, it is still a Common Air Carrier as long it provides services to those who are interested.  *See* Id., *citing* Terminal Taxicab Co. v. Kutz, 241 U.S. 252 (1916); Woolsey v. National Transportation Safety Board, 993 F.2d 516 (5th Cir. 1993); Las Vegas Hacienda, Inc. v. Civil Aeronautics Board, 298 F.2d 430 (9th Cir. 1962); Rocky Mountain Holdings, 26 NMB 132.

Additionally, a Common Air Carrier advertises itself as willing to service any member of the public.  Thibodeaux, 328 F.3d 742, *quoting* Woolsey, 993 F.2d at 524.  In Thibodeaux, an airline that marketed its air transportation services on the internet, through direct mail, in business publications, and at public events was found to be a Common Air Carrier.  Id

Finally, an air carrier is subject to the RLA if it holds a certificate authorizing it to operate as an air carrier.  49 U.S.C. § 42112(b) (3); *see* Roland v. United Airlines, Inc., 75 F.Supp. 25 (N.D. Ill. 1947)

The Plaintiffs have provided the following documents, in addition to relevant interrogatory answers, to the Defendants and attached many of the documents to their pending Renewed Motion to Dismiss:

1.    Affidavit from Federal Aviation Administration official Max Schmitter confirming that PrivatAir operates in furtherance of air carrier operations under the air carrier certificate of Ogden Flight Services Group.

2.    Flight Services Group, Inc. ("Ogden") FAR 135 Maintenance Manual.

   A.    Part 1, Section 2, P.3- Flight Services Group Organizational Chart under Part 135 of the FAR.  It includes Director of Maintenance, Director of Operations, Maintenance Manager/Coordinator and flight follower

   B.    Part 1, Section 2, P. 48-This page contains the job description for maintenance manager and maintenance coordinator

   C.    Part 1, Section 3, p. 51-This page shows the authorized areas of operations for flights under Ogden's certificate and includes most of the world

   D.    Part 1, Section 6, p. 3-Trip planning procedures carried out by Flight Followers

   E.    Part 1, Section 10, p. 2-Trip planning procedures for Flight Followers on international flights

      F.      Part 1, Section 10, p.44-Section on Flight Followers regarding approval of flights

3.      PrivatAir Group organization chart listing PrivatAir Holding S.A. as the parent corporate entity.  FSG PrivatAir and Ogden Flight Services Group are listed as two subsidiaries.

4.      Five Ogden/FSG PrivatAir operator manager contract agreements.

      A.      Aviation Personnel Services Agreement between FSG PrivatAir and Ogden showing overlapping and interconnecting management/operations.

      B.      Aircraft Sublease and Operation Agreement between FSG PrivatAir and Ogden Flight Services Group

      C.      Flight Crew Services Agreement showing how FSG PrivatAir procures from Ogden the flight crews necessary to provide Air charter services under FAR.

      D.      Part 135 Aircraft Maintenance Services Agreement showing that FSG PrivatAir provides management and maintenance services for the aircraft operations under Ogden's Part 135 air carrier certificate.

      E.      Flight Planning and Administrative Support Agreement showing that FSG PrivatAir provides flight planning and administrative support services for Part 135 Operations under Ogden's certificate.

5.      PrivatAir advertising information.

      A.      Specific ads in newspapers and radio spots advertising the charter and corporate shuttle services of PrivatAir

            1.      Transcript of Radio Advertisement on Bloomberg Radio

            2.      Advertisement in the Air Charter Guide

            3.      Advertisement in the Business Jet Traveler

            4.      Advertisement in the Wall St. Journal

      B.      PrivatAir Information packet on Aircraft Sales and management, ground services, corporate shuttle and Private travel.

6.      FAA Air Carrier Certificates and FAA Air-Operator Certificate Information documents of Ogden and PrivatAir S.A. documenting the aircraft operated by them.

It is obvious from the information produced in discovery that PrivatAir is a Common Air Carrier.  The additional discovery requests of the Plaintiffs will not lead to any relevant information regarding PrivatAir's clear status as a Common Air Carrier.

### D.      THE PLAINTIFFS ARE NOT ENTITLED TO ADDITIONAL DISCOVERY THAT IS BEYOND THE SCOPE OF WHETHER PRIVATAIR IS A COMMON AIR CARRIER

The Defendants submit that the Plaintiffs' additional discovery requests are beyond the scope of subject matter jurisdiction and whether PrivatAir is a Common Air Carrier.  In order to clarify the issue, the Defendants have reproduced the Plaintiffs' discovery requests and the Defendants' responses below.  Under REASON FOR DISALLOWING each numbered request, the Defendants argue here that the Plaintiffs are not entitled to additional discovery beyond what has already been provided.

### RESPONSES AND SPECIFIC OBJECTIONS

1.      Identify, as that term is defined (B.1.) above, the person or persons responding to these interrogatory requests on behalf of the Defendant, FSG PrivatAir, Inc.

RESPONSE: The undersigned attorney as agent for the corporate Defendant.  The Defendant objects to this Interrogatory on the grounds that the additional information sought is not relevant to any claim or defense at issue in this case.  Alternatively, the Defendant objects on the grounds that this Interrogatory is overly broad, burdensome and oppressive.  Also, see general objection 8 above.[1]

REASON FOR DISALLOWING:  Asked and answered.  The personal info regarding the undersigned is irrelevant.

---

[1] General objection 8 in the Defendants' responses to Plaintiffs' discovery requests was "Defendant objects to the extent the Request calls for information that is not relevant to subject matter jurisdiction and the air carrier issue."

2.      Identify, as that term is defined (B.2.) above, all parent, subsidiary or affiliated entities of FSG PrivatAir, Inc., including but not limited to corporations, partnerships, LLCs, and sole proprietorships.

RESPONSE: Subject to and without waiver of objections, Defendant provides the information relevant to subject matter jurisdiction bounded together as "Exhibit A" including the PrivatAir Organization Chart.   Also, the Defendant objects to this Interrogatory on the grounds that the additional information sought is not relevant to any claim or defense at issue in this case.   Alternatively, the Defendant objects on the grounds that this Interrogatory is overly broad, burdensome and oppressive.   Also, see general objection 8 above.

REASON FOR DISALLOWING:   Information supplied on the entities FSG PrivatAir, PrivatAir S.A. and Ogden Flight Services Group.   All other info not relevant to the Common Air Carrier issue because only FSG PrivatAir's relationship with its corporate parent, PrivatAir S.A. and the air carrier certificate holder, Ogden Flight Services Group, is relevant.

3.      If not already identified in the preceding interrogatory, identify, as that term is defined (B.2.) above, and set forth the relationship, if any, FSG PrivatAir, Inc. has with, the following entities named, having a derivation of the name, or doing business as:

      (a) Flight Services Group, Inc.

      (b) FSG

      (c) Ogden Flight Services Group, Inc.

      (d) Flight Services Properties, Inc.

RESPONSE:  Subject to and without waiver of objections, Defendant provides the information relevant to subject matter jurisdiction bounded together as "Exhibit A" including the PrivatAir Organization Chart.  Also, the Defendant objects to this Interrogatory on the grounds that the additional information sought is not relevant to any claim or defense at issue in this case.  Alternatively, the Defendant objects on the grounds that this Interrogatory is overly broad, burdensome and oppressive.  Also, see general objection 8 above.

REASON FOR DISALLOWING:  Information supplied on the entities FSG PrivatAir, PrivatAir S.A. and Ogden Flight Services Group.  All other info not relevant to the Common Air Carrier issue because only FSG PrivatAir's relationship with its corporate parent, PrivatAir S.A. and the air carrier certificate holder, Ogden Flight Services Group, is relevant.

4.      For FSG PrivatAir, Inc. and each entity identified in interrogatories 2 and 3 above, please:

(a) State whether it is a successor in interest to the business, assets, or liabilities of any other entity; and

(b) If a corporation, set forth the full and exact legal name in which the corporate Charter or Articles are issues; and

(c) If a corporation, set forth the date and place or places of incorporation; and

(d) If a corporation, set forth the corporate number or other designation assigned by the state of incorporation at the time of incorporation, if any; and

(e) If a corporation, set forth the name, business and residence address, and telephone number of each person designated in the Articles of Incorporation or Charter as an incorporator; and

(f) If a corporation, set forth the name, business and residence address, and telephone number of each of the individuals presently serving as officers of the corporation; and

(g) If a partnership or LLC, set forth the date upon which the partnership or LLC was constituted; and

(h) If a partnership or LLC, state whether there exists a written partnership or operating agreement; and

(i) If a partnership or LLC, identify, as that term is defined (B.1, B.2.) above, each person or entity holding a partnership or ownership interest; and

(j) If a partnership or LLC, identify, as that term is defined (B.1.) above, each person to whom managerial authority has been delegated; and

(k) If a partnership, state whether it is a general or limited partnership; and

(l) If a sole proprietorship, identify, as that term is defined (B.1.) above, current and past owners of the sole proprietorship; and
(m) If a sole proprietorship, state the date upon which the sole proprietorship was constituted; and

(n) If a sole proprietorship, state whether the sole proprietorship has ever conducted business under any other name.

RESPONSE: Subject to and without waiver of objections, Defendant provides the information relevant to subject matter jurisdiction bounded together as "Exhibit A" including PrivatAir Group Organization Chart.  Also, the Defendant objects to this Interrogatory on the grounds that the information sought is not relevant to any claim or defense at issue in this case.  Alternatively, the Defendant objects on the grounds that this Interrogatory is overly broad, burdensome and oppressive.  Also, see general objection 8 above.

REASON FOR DISALLOWING:  Information supplied on the entities FSG PrivatAir, PrivatAir S.A. and Ogden Flight Services Group.  All other info not relevant to the Common Air Carrier issue because only FSG PrivatAir's relationship with its corporate parent, PrivatAir S.A. and the air carrier certificate holder, Ogden Flight Services Group, is relevant.

5.      As to FSG PrivatAir, Inc. and each corporate entity identified in interrogatories 2 and 3 above, please set forth:

(a) The date upon which the corporation was capitalized; and

(b) The manner in which the corporation was capitalized; and

(c) The name, business and residence address, and telephone number of each of the individuals who has served as Directors of the corporation within the last 10 years; and

(d) Whether, within the last 10 years, the corporation has conducted meetings of its Board of Directors; and

(e) The name and capacity of each officer of the corporation for the last 10 years; and

(f) Whether within the last 10 years, the corporation has conducted meetings of the shareholders of the corporation; and

(g) Whether within the last 10 years the corporation has maintained minutes of its meetings of its Board of Directors; and

(h) Whether within the last 10 years the corporation has maintained minutes pertaining to meetings of the shareholders; and

(i) The name, business and residence address, and telephone number of the resent custodian of any minutes pertaining to directors or shareholder meetings; and

(j) The identity of any person to whom shares of stock in the corporation have been issued; and

(k) The date upon which shares of stock in the corporation were issued to any such person.

RESPONSE:  The Defendant objects to this Interrogatory on the grounds that the information sought is not relevant to any claim or defense at issue in this case. Alternatively, the Defendant objects on the grounds that this Interrogatory is overly broad, burdensome and oppressive.  Also, see general objection 8 above.

REASON FOR DISALLOWING:  The requests will not lead to info on whether PrivatAir holds itself out to the public as a Common Air Carrier.

6.      As to FSG PrivatAir, Inc. and each entity identified in interrogatories 2 and 3 above, please:

(a) Identify any and all FAA issued Air Carrier Certificates by which the entity conducted carrier, on demand air taxi, or air charter passenger services, if any, from January 1, 1997 to present.

(b) Identify any and all operations and specifications manuals each has filed with the FAA in accordance with U.S.C. Title 14, including any amendments filed therewith, by which the entity conducted carrier, on demand air taxi, or air charter passenger services, if any, from January 1, 1997 to present.

(c) Identify all applications submitted by the entity to the FAA pertaining to obtaining, amending, or transferring any air carrier certificates from January 1997 to present.

RESPONSE:  Subject to and without waiver of objections, Defendant provides the information relevant to subject matter jurisdiction bounded together as "Exhibit A" including the FAR 135 Operations Manual, the FAR 135 Air Carrier Certificate and the foreign air carrier authorization.  The Defendant objects to this Interrogatory on the grounds that the additional information sought is not relevant to any claim or defense at issue in this case.  Alternatively, the Defendant objects on the grounds that this Interrogatory is overly broad, burdensome and oppressive.  Also, see general objection 8 above.

REASON FOR DISALLOWING:  The Defendants have supplied the air carrier certificate and manual for Ogden, the holder of the air carrier certificate that PrivatAir operates under.  The additional information requested is irrelevant to PrivatAir's status as a Common Air Carrier.

7.      List all aircraft owned or leased in the name of FSG PrivatAir, Inc. and as to each set forth:

(a) The dates the aircraft was owned or leased by FSG PrivatAir, Inc.

(b) The make and model of the aircraft.

(c) The Registration or "Tail" Number of the aircraft.

(d) The airport or place where the aircraft is based.

(e) The State where the aircraft is registered.

(f) Identify the place where the aircraft's operating certificate is held.

(g) In whose name the insurance certificate is held.

(h) In whose name the insurance certificate is held.

(i) Identify each logged trip or flight made during the lease period or period of ownership after 1997.

(j) The passenger list or manifest for each flight identified in subpart (i) of this interrogatory.

(k) Whether a flight log, voyage report or trip sheet exists for each flight identified in subpart (i) of this interrogatory.

(l) Identify any and all charter or tax passenger service contracts, agreements or invoices corresponding to flights identified in subpart (i) of this Interrogatory.

(m) Identify the present custodian of any and all records identified in your answer to this interrogatory and any of its subparts, (a) thru (m).

RESPONSE:  Subject to and without waiver of objections, Defendant provides the information relevant to subject matter jurisdiction bounded together as "Exhibit A" regarding its FAR 135 operations.  The Defendant objects to this Interrogatory on the grounds that the additional information sought is not relevant to any claim or defense at issue in this case.  Alternatively, the Defendant objects on the grounds that this Interrogatory is overly broad, burdensome and oppressive.  Also, see general objection 8 above.

REASON FOR DISALLOWING:  The ownership of the aircraft is not relevant to whether PrivatAir is a Common Air Carrier.  The identity of the airplanes operating under the air carrier certificates of Ogden and PrivatAir S.A. has already been provided pursuant to the FAA operator information.  The additional information requested is overly burdensome and not relevant to establishing whether PrivatAir holds itself out to the public as a Common Air Carrier.

8.      List all aircraft owned or leased in the name of an entity other than FSG PrivatAir, Inc., that is identified in interrogatory 2 or 3 above, and as to each set forth:

(a) The dates the aircraft was owned or leased by the named entity.

(b) The make and model of the aircraft.

(c) The Registration or "Tail" Number of the aircraft.

(d) The airport or place where the aircraft is based.

(e) The State where the aircraft is registered.

(f) Identify the place where the aircraft's operating certificate is held.

(g) In whose name the operating certificate is held.

(h) In whose name the insurance certificate is held.

(i) Identify each logged trip or flight made during the lease period or period of ownership after 1997.

(j) The passenger list or manifest for each flight identified in subpart (i) of this interrogatory.

(k) Whether a flight log, voyage report or trip sheet exists for each flight identified in subpart (i) of this interrogatory.

(l) Identify any and all charter or tax passenger service contracts, agreements or invoices corresponding to flights identified in subpart (i) of this Interrogatory.

(m) Whether a contract of any kind exists between FSG PrivatAir, Inc. and the owner or lessee.

(n) Whether an account ledger of any kind exists between FSG PrivatAir, Inc. and the owner or lessee.

(o) Whether FSG PrivatAir, Inc. possesses a maintenance log, journal or record of any kind for the subject aircraft.

(p) The identity of the present custodian of any and all records identified in your answer to this interrogatory and any of its subparts, (a) thru (o).

RESPONSE:  The Defendant objects to this Interrogatory on the grounds that the information sought is not relevant to any claim or defense at issue in this case. Alternatively, the Defendant objects on the grounds that this Interrogatory is overly broad, burdensome and oppressive.  Also, see general objection 8 above.

REASON FOR DISALLOWING:  The ownership of the aircraft is not relevant to whether PrivatAir is a Common Air Carrier.  The identity of the airplanes operating under the air carrier certificates of Ogden and PrivatAir S.A. has already been provided pursuant to the FAA operator information.  The additional information requested is overly burdensome and not relevant to establishing whether PrivatAir holds itself out to the public as a Common Air Carrier.

9.      List all aircraft not owned by, or leased in the name of, any entity listed in interrogatory 2 or 3 above, that is managed, maintained or in any way operated by FSG PrivatAir, Inc. and as to each set forth:

    (a) The identity of the person or entity that owns the aircraft.

    (b) The make and model of the aircraft.

    (c) The Registration or "Tail" Number of the aircraft.

    (d) The airport or place where the aircraft is based.

    (e) The State where the aircraft is registered.

    (f) Identify the place where the aircraft's operating certificate is held.

    (g) In whose name the operating certificate is held.

    (h) In whose name the insurance certificate is held.

    (i) Identify each logged trip or flight made during the lease period or period of ownership after 1997.

    (j) The passenger list or manifest for each flight identified in subpart (i) of this interrogatory.

    (k) Whether a flight log, voyage report or trip sheet exists for each flight identified in subpart (i) of this interrogatory.

    (l) Identify any and all charter or tax passenger service contracts, agreements or invoices corresponding to flights identified in subpart (i) of this Interrogatory.

    (m) Whether a contract of any kind exists between FSG PrivatAir, Inc. and the owner or lessee.

(n) Whether an account ledger of any kind exists between FSG PrivatAir, Inc. and the owner or lessee.

(o) Whether FSG PrivatAir, Inc. possesses a maintenance log, journal or record of any kind for the subject aircraft.

(p) The identity of the present custodian of any and all records identified in your answer to this interrogatory and any of its subparts, (a) thru (o)..

RESPONSE:  The Defendant objects to this Interrogatory on the grounds that the information sought is not relevant to any claim or defense at issue in this case. Alternatively, the Defendant objects on the grounds that this Interrogatory is overly broad, burdensome and oppressive.  Also, see general objection 8 above.

REASON FOR DISALLOWING:  The ownership of the aircraft is not relevant to whether PrivatAir is a Common Air Carrier.  The identity of the airplanes operating under the air carrier certificates of Ogden and PrivatAir S.A. has already been provided pursuant to the FAA operator information.  The additional information requested is overly burdensome and not relevant to establishing whether PrivatAir holds itself out to the public as a Common Air Carrier

10.    Identify all banks, payroll companies or financial institutions used by or on behalf of FSG PrivatAir, Inc. for the purpose of paying its employees.

RESPONSE:  The Defendant objects to this Interrogatory on the grounds that the information sought is not relevant to any claim or defense at issue in this case. Alternatively, the Defendant objects on the grounds that this Interrogatory is overly broad, burdensome and oppressive.  Also, see general objection 8 above.

REASON FOR DISALLOWING:  Completely unrelated to subject matter jurisdiction.

11.    Identify by caption, court and court docket number all lawsuits filed within the past 10 years by an employee, officer or agent against FSG PrivatAir, Inc. or it predecessor corporations.  Please specify the nature of the claims brought, the disposition of the lawsuits if resolved, and the current status of the lawsuits if currently pending.

RESPONSE:  The Defendant objects to this Interrogatory on the grounds that the information sought is not relevant to any claim or defense at issue in this case. Alternatively, the Defendant objects on the grounds that this Interrogatory is overly broad.  Also, see general objection 8 above.

REASON FOR DISALLOWING:  Completely unrelated to subject matter jurisdiction.

12.     Please identify any administrative proceedings which were actually initiated relating to FSG PrivatAir, Inc., its predecessor or successor corporations relating to any employee claims arising from or related to the Fair Labor Standards Act or any similar state wage statute brought by or on behalf of employees or officers of FSG PrivatAir, Inc., its predecessor or successor entities.  Please specify the nature of each such proceeding, the nature of FSG PrivatAir, Inc.'s involvement in these proceedings, who initiated each of these proceedings, the disposition of these proceedings if resolved, and the current status of any proceedings currently pending.

RESPONSE:  The Defendant objects to this Interrogatory on the grounds that the information sought is not relevant to any claim or defense at issue in this case.  Alternatively, the Defendant objects on the grounds that this Interrogatory is overly broad.  Also, see general objection 8 above.

REASON FOR DISALLOWING: Completely unrelated to subject matter jurisdiction

13.     Please identify all formal or informal complaints filed within the last 10 years against FSG PrivatAir, Inc. not specified in the answer to the preceding interrogatory involving requests or demands or compliance with the Fair Labor Standards Act or similar state wage statutes brought by employees or officers of FSG PrivatAir, Inc.  For each specify who initiated each of these complaints, the nature of the complaints, the disposition of the complaints, and the current status of the complaints.

RESPONSE:  The Defendant objects to this Interrogatory on the grounds that the information sought is not relevant to any claim or defense at issue in this case.  Alternatively, the Defendant objects on the grounds that this Interrogatory is overly broad.  Also, see general objection 8 above.

REASON FOR DISALLOWING:  Completely unrelated to subject matter jurisdiction

14.     Please identify any administrative proceedings which were actually initiated relating to FSG PrivatAir, Inc., its predecessor or successor corporations relating to any employee claims arising from or related to Title II of the Railroad Labor Act brought by or on behalf of employees or officers of FSG PrivatAir, Inc., its predecessor or successor entities.  Please specify the nature of each such proceeding, the nature of FSG PrivatAir, Inc.'s involvement in these proceedings, who initiated each of these proceedings, the disposition of these proceedings if resolved, and the current status of any proceedings currently pending.

RESPONSE:  The Defendant objects to this Interrogatory on the grounds that the information sought is not relevant to any claim or defense at issue in this case.  Alternatively, the Defendant objects on the grounds that this Interrogatory is overly broad.  Also, see general objection 8 above.

REASON FOR DISALLOWING:  Completely unrelated to subject matter jurisdiction. Previous legal proceedings are not relevant to whether PrivatAir holds itself out to the public as a Common Air Carrier.

15.     Please identify all formal or informal complaints filed within the last 10 years against FSG PrivatAir, Inc. not specified in the answer to the preceding interrogatory involving requests or demands or compliance with Title II of the Railroad Labor Act brought by employees or officers of FSG PrivatAir, Inc.  For each specify who initiated each of these complaints, the nature of the complaints, the disposition of the complaints, and the current status of the complaints.

RESPONSE:  The Defendant objects to this Interrogatory on the grounds that the information sought is not relevant to any claim or defense at issue in this case. Alternatively, the Defendant objects on the grounds that this Interrogatory is overly broad.  Also, see general objection 8 above.

REASON FOR DISALLOWING:  Completely unrelated to subject matter jurisdiction. Previous legal proceedings are not relevant to whether PrivatAir holds itself out to the public as a Common Air Carrier.


16.     Identify the location of every FSG PrivatAir, Inc. operation and as to each set forth:

>    (a) Address;

>    (b) Nature of operations;

>    (c) Identify by job description all employees paid overtime wages pursuant to the Fair Labor Standards Act.

>    (d) Identify by job description all employees paid overtime pursuant to Title II of the Railway Labor Act.

RESPONSE:  The Defendant objects to this Interrogatory on the grounds that the information sought is not relevant to any claim or defense at issue in this case. Alternatively, the Defendant objects on the grounds that this Interrogatory is overly broad, burdensome and oppressive.  Also, see general objection 8 above.

REASON FOR DISALLOWING:  The information requested on overtime pay is obviously outside the scope of the Common Air Carrier issue.  The nature of PrivatAir's operations have already been disclosed and the location of those operations is not relevant to whether PrivatAir is a Common Air Carrier.

17.    Please state whether FSG PrivatAir, Inc. has, since January 1, 1997 to the present, paid overtime hourly wages to employees with the job description or title "Flight Follower."

RESPONSE:  The Defendant objects to this Interrogatory on the grounds that the information sought is not relevant to any claim or defense at issue in this case. Alternatively, the Defendant objects on the grounds that this Interrogatory is overly broad.  Also, see general objection 8 above.

REASON FOR DISALLOWING:  The information requested on overtime pay is obviously outside the scope of the Common Air Carrier issue.

18.    If your answer to the preceding interrogatory above is yes, please:

(a) Provide a complete description of the genesis, scope and application of any and all such "Flight Follower" overtime policies, programs, or circumstances.

(b) Identify each person who has knowledge of the genesis, scope and application of any  and all such "Flight Follower" overtime policies, programs, or circumstances.

(c) Identify each document, or communication relating to the genesis, scope, and application of any and all such "Flight Follower" overtime policies, programs, or circumstances.

(d) Identify each and every state statute, state regulation, federal statute, or federal regulation, relating to the genesis, scope, and application of any and all such "Flight Follower" overtime policies, programs, or circumstances.

(e) Identify the present custodian of each document or communication identified in your answer to the preceding interrogatory.

RESPONSE:  The Defendant objects to this Interrogatory on the grounds that the information sought is not relevant to any claim or defense at issue in this case. Alternatively, the Defendant objects on the grounds that this Interrogatory is overly broad.  Also, see general objection 8 above.

REASON FOR DISALLOWING:  The information requested on overtime pay is obviously outside the scope of the Common Air Carrier issue.

19.    Please state whether FSG PrivatAir, Inc. has, since January 1, 1997 to the present, paid hourly overtime wages to employees engaged in the maintenance of aircraft.

RESPONSE:  The Defendant objects to this Interrogatory on the grounds that the information sought is not relevant to any claim or defense at issue in this case.

Alternatively, the Defendant objects on the grounds that this Interrogatory is overly broad.  Also, see general objection 8 above.

REASON FOR DISALLOWING:  The information requested on overtime pay is obviously outside the scope of the Common Air Carrier issue.

20.    If your answer to the preceding interrogatory above is yes, please:

(a) Provide a complete description of the genesis, scope and application of any and all such hourly overtime policies, programs, or circumstances.

(b) Identify each person who has knowledge of the genesis, scope and application of any and all such hourly overtime policies, programs, or circumstances.

(c) Identify each document, or communication relating to the genesis, scope, and application of any and all such hourly overtime policies, programs, or circumstances.

(d) Identify each and every statute, state regulation, federal statute, or federal regulation, relating to the genesis, scope, and application of any and all such hourly overtime policies, programs, or circumstances.

(e) Identify the present custodian of each document or communication identified in your answer to the preceding interrogatory.

RESPONSE:  The Defendant objects to this Interrogatory on the grounds that the information sought is not relevant to any claim or defense at issue in this case.  Alternatively, the Defendant objects on the grounds that this Interrogatory is overly broad.  Also, see general objection 8 above.

REASON FOR DISALLOWING:  The information requested on overtime pay is obviously outside the scope of the Common Air Carrier issue.

21.    Do you contend that at all times since January 1, 1997 FSG PrivatAir, Inc. was subject to Title II of the Railroad Labor Act and thereby exempt from the provisions of the Fair Labor Standard Act pursuant to 29 U.S.C. §213(b)(3)?

RESPONSE:  Defendant objects to this Interrogatory on the grounds of the attorney client privilege, along with the work product doctrine.  As a corporation, Defendant is not competent to make legal conclusions.  Alternatively, any understanding of such evidence is derived from communications with its attorneys in this case, and those communications from her attorneys represent work product in any event.

REASON FOR DISALLOWING:  The Defendant, PrivatAir, is not capable of making a legal conclusion and is not a lawyer.

20

22.    If your answer to inerrogatory 21 above is yes, please:

(a) State each fact upon which you base that contention.

(b) Identify each person who has knowledge of any fact relating to that contention who may be called as a witness.

(c) Identify each document or communication relating to that contention.

(d) Identify the present custodian of each document or communication identified in your answer to the preceding interrogatory.

RESPONSE:  Defendant objects to this Interrogatory on the grounds of the attorney client privilege, along with the work product doctrine.  As a corporation, Defendant is not competent to make legal conclusions.  Alternatively, any understanding of such evidence is derived from communications with its attorneys in this case, and those communications from her attorneys represent work product in any event.

REASON FOR DISALLOWING:  The Defendant, PrivatAir, is not capable of making a legal conclusion and is not a lawyer.

23.    Do you contend that, at any time prior to the institution of this lawsuit, FSG PrivatAir, Inc. adopted, maintained, or followed a policy that it was subject to Title II of the Railroad Labor Act?

RESPONSE:  Defendant objects to this Interrogatory on the grounds of the attorney client privilege, along with the work product doctrine.  As a corporation, Defendant is not competent to make legal conclusions.  Alternatively, any understanding of such evidence is derived from communications with its attorneys in this case, and those communications from her attorneys represent work product in any event.

REASON FOR DISALLOWING:  The Defendant, PrivatAir, is not capable of making a legal conclusion and is not a lawyer.

24.    If your answer to interrogatory 23 above was yes, please:

(a) State each fact upon which you base that contention.

(b) Identify each person who has knowledge of any fact relating to that contention who may be called as a witness.

(c) Identify each document or communication relating to that contention.

(d) Identify the present custodian of each document or communication identified in your answer to the preceding interrogatory.

RESPONSE:  Defendant objects to this Interrogatory on the grounds of the attorney client privilege, along with the work product doctrine.  As a corporation, Defendant is not competent to make legal conclusions.  Alternatively, any understanding of such evidence is derived from communications with its attorneys in this case, and those communications from her attorneys represent work product in any event.

REASON FOR DISALLOWING:  The Defendant, PrivatAir, is not capable of making a legal conclusion and is not a lawyer.

25.    Please identify and describe all marketing and advertising campaigns by FSG PrivatAir, Inc. pertaining to solicitation of air charter or air taxi services offered to the general public, including whether such advertising or marketing program engaged a public relations or advertising firm, the cost of such advertising and marketing and the medium in which it was disseminated to the general public.

RESPONSE:   Subject to and without waiver of objections, Defendant provides the information relevant to subject matter jurisdiction bounded together as "Exhibit A" including print and radio advertising.  The Defendant objects to this Interrogatory on the grounds that the additional information sought is not relevant to any claim or defense at issue in this case.  Alternatively, the Defendant objects on the grounds that this Interrogatory is overly broad, burdensome and oppressive.  Also, see general objection 8 above.

REASON FOR DISALLOWING:  This information has already been provided except for the irrelevant information relating to costs and corporate strategy regarding marketing and advertising.

## E.    CONCLUSION

Based on the foregoing, the Plaintiffs' Motion to Compel must be denied because it violates the Court's Scheduling Orders and is a frivolous attempt to retroactively extend the time for subject matter jurisdiction discovery in this case.  In addition, the additional discovery request by the Plaintiffs is unrelated to the issue of subject matter jurisdiction and whether PrivatAir is a Common Air Carrier.  Therefore, the Defendants' Motion to Compel should be denied in its entirety.

Respectfully Submitted,

THE DEFENDANTS

By: _____

    Joseph C. Maya, Esq. ct/17742
    Russell J. Sweeting, Esq. ct/24877

    Maya & Associates, P. C.
    183 Sherman Street
    Fairfield, CT 06824
    Telephone:  (203) 255-5600
    Fax No:      (203) 255-5699

<u>CERTIFICATION</u>

This is to certify that a copy of the foregoing was faxed and mailed this 17th day of June 2004 to:


James T. Baldwin, Esq.
John B. Kaiser, Esq.
Coles, Baldwin & Craft, LLC
1261 Post Road, P.O. Box 577
Fairfield, CT 06824

_____
Russell J. Sweeting