UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NICHOLAS CAGGIANIELLO, NEIL  :
HOWARD and THOMAS FALCO,     :
on behalf of themselves and  :
all other similarly situated :
employees of FSG PrivatAir,  :
Inc.,                        :
                             :
     Plaintiffs,             :
                             :
     v.                      :    CASE NO. 3:03CV1011(AWT)
                             :
FSG PRIVATAIR, INC. and in   :
their individual and official:
capacities DAVID C. HURLEY,  :
HUGH F. REGAN, THOMAS H.     :
MILLER and THOMAS L. CONNELLY,:
                             :
     Defendants.             :

RULING ON PLAINTIFFS' MOTION TO COMPEL

Pending before the court is the plaintiffs' motion to compel.[1] (Doc. #51.) The plaintiffs move to compel responses to interrogatories 1 - 25 and requests for production 1 - 3.

I.   Background

The following background is necessary in order to place in context the pending motion. The plaintiffs, Nicholas Caggianiello, Neil Howard, and Thomas Falco, are employees of the defendants, FSG PrivatAir, Inc., David C. Hurley, Hugh F. Regan, Thomas H. Miller and Thomas L. Connelly. (Compl. ¶16.) In June 2003, the plaintiffs, on behalf of themselves and all other similarly

---

[1] United States District Judge Alvin W. Thompson referred the motion to compel to the undersigned. See doc. #52.

situated employees of FSG PrivatAir, Inc., commenced this action alleging that the defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., by failing to pay them overtime compensation.

"The FLSA generally requires employers to pay premium overtime provisions to employees who work in excess of 40 hours per week." Thibodeaux v. Executive Jet Intern., Inc., 328 F.3d 742, 148 (5th Cir. 2003) (citing 29 U.S.C. § 207.) There are exceptions, however, to the FLSA's overtime requirement, including an exemption for "any employee of a carrier by air subject to the provisions of title II of the Railway Labor Act."[2] 29 U.S.C. § 213(b)(3). The plaintiffs allege that FSG PrivatAir is "engaged in the business of providing aviation services including private travel charter services, corporate shuttle services, aircraft sales and management and ground services." (Compl. ¶21.) They further allege that FSG PrivatAir "is not an air carrier subject to the provisions of Title II of the Railway Labor Act." (Compl. ¶22.)

The defendants moved to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. (Doc. #7.) They argued that FSG PrivatAir is exempt from the overtime requirements of the FLSA pursuant to 29 U.S.C. § 213(b)(3) because

---

[2] Title II of the RLA applies to "every common carrier by air engaged in interstate or foreign commerce . . . and every air pilot or other person who performs any work as an employee or subordinate official of such carrier or carriers . . . ." 45 U.S.C. § 181.

it is a common air carrier subject to the Railway Labor Act ("RLA"). In addition to moving to dismiss, the defendants moved for sanctions pursuant to Fed. R. Civ. P. 11, contending that the plaintiffs knew or should have known that FSG PrivatAir is a common air carrier exempt from the FLSA. (Doc. #11.) The plaintiffs opposed the motions, requesting that the court "allow the parties to present evidence, after discovery, to resolve the jurisdictional issue of whether the parties are exempt from the provisions of the FLSA." (Doc. #19 at 11.) On October 9, 2003, the court, after oral argument, denied the defendants' motions and permitted the parties to conduct discovery. (Doc. #24.) The court limited discovery "to the issue of subject matter jurisdiction and the status of PrivatAir as a common carrier" and stayed discovery as to other issues. (Docs. ##26, 36.) The court ordered that dispositive motions on the issue of subject matter jurisdiction be filed by April 26, 2004. (Doc. #30.)

On January 23, 2004, the plaintiffs served FSG PrivatAir with interrogatories and requests for production. On February 26, 2004, the defendant served responses and objections. The defendant objected to many of the discovery requests on the ground that the information sought was not relevant to the issue of subject matter jurisdiction and its status as a common air carrier.

On April 27, 2004, the defendants filed renewed motions to

3

dismiss and for sanctions.[3] (Docs. ##45, 47.) The defendants reiterate their argument that FSG PrivatAir is a common air carrier subject to the RLA and therefore exempt from the FLSA. Specifically, the defendants assert that FSG PrivatAir holds itself out to the public as a common air carrier providing charter flights, corporate flights and aircraft management services to the general public and operates in furtherance of air carrier operations under the air carrier certificate of its corporate affiliate, Ogden Flight Services Group, Inc. ("Ogden"). See doc. #46 at 3.

On May 18, 2004, the plaintiffs responded to the motion to dismiss with a two page opposition in which they contended that the motion was "not ripe by virtue of the defendants' failure to reasonably comply with discovery requests" and "that the jurisdictional issue cannot be fairly resolved until their discovery is complied with." (Doc. #50.) The plaintiffs simultaneously filed the instant motion to compel.[4]

---

[3] These motions are not before the undersigned.

[4] Although the plaintiffs were aware both of the defendants' objections and the court-imposed deadline for the filing of dispositive motions, they did not move to compel responses to their discovery requests -- which they earlier had argued were needed to resolve the jurisdictional issue -- until May 18, 2004. When the court, during oral argument, sought an explanation why the plaintiffs did not move to compel until after April 26, 2004, the deadline for the defendants's motion to dismiss, the plaintiffs stated that "we didn't, quite frankly, expect a dispositive motion to be filed because discovery had not been completed." (Tr. 6/18/04 at 8.) Although the court reaches the merits of the

4

II. Discussion

Discovery at this juncture is limited to subject matter jurisdiction and whether the defendant was a common air carrier. Although neither the FLSA nor the RLA defines the term "common carrier by air," courts that have considered the issue have concluded that "the crucial determination in assessing the status of a carrier is whether the carrier has held itself out to the public or to a definable segment of the public as being willing to transport for hire, indiscriminately." Woolsey v. Nat'l Transp. Safety Bd., 993 F.2d 516, 523 (5th Cir. 1993). See also Thibodeaux v. Executive Jet Intern., Inc., 328 F.3d 742, 750 (5th Cir. 2003) ("The key inquiry [is] whether [the defendant] held itself out to the public as being willing to transport for hire."); Valdiviseo v. Atlas Air, Inc., 305 F.3d 1283, 1286 (11th Cir. 2002) ("Status as a common carrier is contingent on the carrier holding itself out to the public and offering its services indiscriminately to those interested in its services."). The test "is an objective one, relying on what the carrier actually does rather than the label which the carrier attaches to its activity or the purpose which motivates it." Thibodeaux, 328 F.3d at 750 (5th Cir. 2003)(quoting Woolsey, 993 F.2d at 523).

The court, having considered the foregoing legal principles

---

motion, it should not go unsaid that the plaintiffs' explanation for its flagrant tardiness rings hollow.

and the parties' arguments, rules on the plaintiffs' discovery requests as follows:

A.   Interrogatories

1.   Interrogatory 1 seeks the identity of the person responding to the interrogatory requests. The response indicates that Attorney Russell Sweeting, the defendants' attorney, answered the interrogatories and signed them. The plaintiffs object to this response and argue that defense counsel cannot answer and sign the interrogatory responses. They seek to compel an employee of FSG PrivatAir to respond to the interrogatories. The plaintiffs' argument is unavailing. Rule 33 of the Federal Rules of Civil Procedure "expressly provides that interrogatories directed to a corporate party may be answered 'by any officer or agent, who shall furnish such information as is available to the party.' This language has been uniformly construed to authorize 'answers by an attorney' for the party." Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 508 (4th Cir. 1977). See e.g., Rea v. Wichita Mort. Corp., 747 F.2d 567, 574 n.6 (10th Cir. 1984); Gluck v. Ansett Australia Ltd., 204 F.R.D. 217, 221 (D.D.C. 2001); Pontillo v. Federated Dept. Stores, Inc., No. 93 CIV. 1950(SWK), 1993 WL 385727, at *3 (S.D.N.Y. Sept. 29, 1993); Lastick v. Bahama Cruise Line, Inc., No. 88 CIV. 3624(KC), 1990 WL 139023, at *4 (S.D.N.Y. Sept. 18, 1990); 7 Moore's Federal Practice, § 33.104[3] (3d. ed. 2000). Interrogatory 1 is denied.

2.  The plaintiffs' motion to compel a response to interrogatory 2 is withdrawn at the request of the moving party. (Tr. 6/18/04 at 50.)

3.  Interrogatory 3 seeks information regarding the relationship between FSG PrivatAir and other entities. The plaintiffs claim that FSG PrivatAir's ownership structure is relevant to whether the FLSA applies to it. The plaintiffs' motion to compel a response to interrogatory 3 is granted in that the defendant shall supplement its response by setting forth the legal relationship between the defendant, Odgen and PrivatAir S.A..

4.  The plaintiffs' motion to compel a response to interrogatory 4 is withdrawn at the request of the moving party. (Tr. 6/18/04 at 67.)

5.  The plaintiffs' motion to compel a response to interrogatory 5 is withdrawn at the request of the moving party. (Tr. 6/18/04 at 69.)

6.  Interrogatories 6(a) and (b) seek information regarding air carrier certificates and operations and specifications manuals. The plaintiffs' motion to compel a response to these requests is granted as to the defendant, Odgen and Privatair S.A. from July 2000 through July 2003. (Tr. 6/18/04 at 76.) Interrogatory 6(c) requests information regarding applications submitted by FSG PrivatAir, Ogden and PrivatAir S.A. to the FAA "pertaining to obtaining, amending, or transferring any air carrier certificates

from January 1997 to present." The plaintiffs' motion to compel a response to this request is denied because the information sought is not relevant to the defendant's status as a common air carrier.

7. The plaintiffs' motion to compel a response to interrogatory 7 is withdrawn at the request of the moving party. (Tr. 6/18/04 at 78-79.)

8. Interrogatory 8 seeks information regarding all aircraft owned or leased "in the name of" PrivatAir S.A. or Ogden. Interrogatory 9 seeks the same information for the defendant. The court's ruling as to interrogatory 8 therefore applies to interrogatory 9 as well.

The plaintiffs' motion to compel a response to interrogatories 8(a) - 8(f), 8(j) and 8(m) - 8(o) is withdrawn at the request of the moving party. (Tr. 6/18/04 at 100-102.)

Interrogatories 8(g) and 8(h) seek, for every aircraft, the holder of the operating certificate and insurance certificate. The plaintiffs contend that information regarding control and responsibility of each aircraft is relevant to FSG PrivatAir's claim that it is operating on behalf of the general public. (Tr. 6/18/04 at 82.) The court is not persuaded that the information sought is relevant to subject matter jurisdiction and whether the defendant held itself out to the public or to a definable segment of the public as willing to transport for hire indiscriminately. See Thibodeaux v. Executive Jet Intern., Inc., 328 F.3d 742, 749

8

(5th Cir. 2003). These requests are denied.

The plaintiffs modified some of their requests during oral argument. As modified, interrogatory 8(i) requests a summary of trips made from July 1, 2000 through July 1, 2003 for each aircraft; interrogatory 8(k) requests whether flight logs, voyage reports or trip sheets "exist" for each flight included in the summary requested in 8(i); interrogatory 8(l) requests the defendants to identify, as a subset of 8(i), trips that are charter or taxi passenger; and interrogatory 8(p) requests the identity of the present custodian of the records identified in responding to the requests. (Tr. 8/18/04 at 100, 102.)

The plaintiffs contend that the information requested by these interrogatories is relevant to whether FSG PrivatAir is "selling [its] services" as it claims. (Tr. 6/18/04 at 81.) The plaintiffs note that FSG PrivatAir does not have its own air carrier certificate and suggest that it is not the entity that provides air charter services, if any are offered. The plaintiffs' theory is that the "flights are operated on behalf of the individual airplane owners and the services provided are to individual airplane owners and are not services associated with holding themselves out as a charter company to the general public for air taxi services." (Tr. 6/18/04 at 82-83.) The court is persuaded that the plaintiffs should be permitted to explore the requested flight activity and the degree to which FSG PrivatAir was providing commercial

9

transportation. Interrogatories 8(i), 8(k), 8(l) and 8(p), as modified, are granted.

9. The plaintiffs' motion to compel a response to interrogatory 10 is withdrawn at the request of the moving party. (Tr. 6/18/04 at 94.)

10. During oral argument, the plaintiffs narrowed interrogatories 11 - 15 to the following request: Since July 2000, have the defendants ever taken the position in administrative or court proceedings that they are subject to the FLSA? If so, identify the date, docket number and forum. (Tr. 6/18/04 at 97.) The plaintiffs argue that they should be entitled to test the consistency of the defendants' assertion that they are subject to the RLA, as opposed to the FLSA. Because this information has some relevance, the motion to compel the request, as modified, is granted.

11. The plaintiffs' motion to compel a response to interrogatories 16(a) and 16(b) is withdrawn at the request of the moving party. (Tr. 6/18/04 at 103.)

12. Interrogatories 16(c), 16(d) and 17 - 19 inquire whether FSG PrivatAir paid overtime wages to employees with particular job titles. Interrogatory 20, as modified by the plaintiffs during oral argument, seeks a description of the defendant's written hourly overtime policies, a copy of said policies and the identity of the present custodian. (Tr. 6/18/04 at 109.) The requested

information is not relevant to whether FSG PrivatAir holds itself out to the public and offers its services indiscriminately to those interested in its services.  <u>Valdiviseo v. Atlas Air, Inc.</u>, 305 F.3d 1283, 1286 (11th Cir. 2002).  These requests are denied.

13. The plaintiffs' motion to compel a response to interrogatories 21 and 22 is withdrawn at the request of the moving party.  (Tr. 6/18/04 at 109.)

14. Interrogatories 23 and 24 inquire whether FSG PrivatAir contended and/or "adopted, maintained or followed a policy" that it was subject to the RLA.  The plaintiffs appear to argue that FSG PrivatAir's status as a "common carrier by air" depends on whether it complied with, or had policies regarding, the RLA.  The case law does not support the plaintiffs' argument as to the relevancy of this information.  These requests are denied.

15. Interrogatory 25 seeks information regarding FSG PrivatAir's marketing and advertising.  The defendant responded to a portion of the request by stating that it "markets and advertises through the internet, trade publications, brochures, direct mailings, radio and trade shows."  At issue is the plaintiffs' inquiry as to whether FSG PrivatAir "engaged a public relations or advertising firm and the cost of such advertising and marketing."  The plaintiffs seek this information for the 3 year period prior to the commencement of the lawsuit.  The plaintiffs argue that this information goes to the scope and breadth of the defendants'

11

advertising and bears on "whether the defendants held themselves held themselves out indiscriminately to the public." (Tr. 6/18/04 at 110, 112.) The court is persuaded that the information sought by the plaintiffs has some relevance and grants the motion to compel a response to interrogatory 25.

B. <u>Requests for Production</u>

1. Request for production 1 seeks copies of documents responsive to interrogatories 4 - 15, 18, 20, 22 and 24. The parties are referred to the court's ruling as to the particular interrogatories. The request for production is granted as to the interrogatories granted by the court.

2. Request for production 2 seeks copies of tax records and schedules for FSG PrivatAir, Odgen and PrivatAir A.S. from 1997 to 2003. The requested information is not relevant and the motion to compel is denied.

3. Request for production 3 is withdrawn at the request of the moving party. (Tr. 6/18/04 at 114.)

SO ORDERED at Hartford, Connecticut this 9th day of March, 2005.

Donna F. Martinez
United States Magistrate Judge