UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICHOLAS CAGGIANIELLO, NEIL HOWARD and THOMAS FALCO, on behalf of themselves and all other similarly situated employees of FSG PrivatAir, Inc.<br><br>PLAINTIFFS,<br>VS.<br><br>FSG PRIVATAIR, INC. and in their individual and official capacities DAVID C. HURLEY, HUGH F. REGAN, THOMAS H. MILLER and THOMAS L. CONNELLY<br><br>DEFENDANTS. | CASE NO. 303CV1011(AWT)<br><br><br><br><br><br><br><br><br><br><br><br><br><br>JULY 7, 2005 |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND BRIEFING SCHEDULE

Pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure, the Defendants hereby move for a protective order in response to Plaintiffs' Notice of the Deposition of Defendant Hugh Regan ("Regan") for July 14, 2005. Pursuant to the Court's Order dated December 24, 2003, subject matter jurisdiction discovery ended on April 26, 2004 when the Defendants filed their Renewed Motions to Dismiss and for Sanctions. Pursuant to the Court's Orders on March 15, 2005, the Renewed Motions to Dismiss and for Sanctions were denied without prejudice to be renewed once the Defendants have complied with outstanding discovery obligations. Pursuant to the Court's Order dated March 9, 2005, Defendant FSG PrivatAir, Inc. ("PrivatAir") provided supplemental discovery responses and the Defendants have complied with all outstanding discovery

**ORAL ARGUMENT IS REQUESTED**

obligations. Therefore, the Defendants move for a protective order to prevent the deposition of Regan and seek a briefing schedule to file Renewed Motions to Dismiss and for Sanctions based upon the supplemental discovery responses. The undersigned counsel has attached an affidavit to this Motion as evidence of a good faith effort to resolve this issue with opposing counsel and submits a Memorandum of Law in Support.

                      Respectfully Submitted,
                      THE DEFENDANTS

By: *[signature]*
      Joseph C. Maya, Esq. ct/17742
      Russell J. Sweeting, Esq. ct/24877
      Maya & Associates, P. C.
      266 Post Road East
      Westport, CT 06880
      Telephone: (203) 221-3100
      Fax No:    (203) 221-3199

## CERTIFICATION

This is to certify that a copy of the foregoing was faxed and mailed this 7th day of July 2005 to:

James T. Baldwin, Esq.
John B. Kaiser, Esq.
Coles, Baldwin & Craft, LLC
1261 Post Road, P.O. Box 577
Fairfield, CT 06824

_____
Russell J. Sweeting

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICHOLAS CAGGIANIELLO, NEIL HOWARD and THOMAS FALCO, on behalf of themselves and all other similarly situated employees of FSG PrivatAir, Inc.<br><br>PLAINTIFFS,<br>VS.<br><br>FSG PRIVATAIR, INC. and in their individual and official capacities DAVID C. HURLEY, HUGH F. REGAN, THOMAS H. MILLER and THOMAS L. CONNELLY<br><br>DEFENDANTS. | CASE NO. 303CV1011(AWT)<br><br><br><br><br><br><br><br><br><br><br><br><br><br>JULY 7, 2005 |

## AFFIDAVIT

Russell J. Sweeting, Esquire, being duly sworn does hereby depose and say:

1. This affidavit is made of my own personal knowledge.

2. I am over the age of 18 years and am competent to testify as to the matters stated herein.

3. I am the attorney representing the Defendants in the above captioned case.

4. Plaintiff's Attorney, John B. Kaiser, Esq., sent me a letter and Notice of Deposition for Hugh Regan dated June 24, 2005. *See* Exhibit A.

5. On June 29, 2005, I sent a letter to Attorney Kaiser requesting that he withdraw the Notice of Deposition of Hugh Regan scheduled for July 14, 2005. *See* Exhibit B.

6.  As of July 7, 2005, I have yet to receive a response from Attorney Kaiser.

*[signature]*
Russell J. Sweeting

Subscribed and sworn to before me this 7th day of July, 2005.

*[signature]*
Commissioner of Superior Court

# EXHIBIT A

# COLES, BALDWIN & CRAFT, LLC
ATTORNEYS & COUNSELORS AT LAW
THE BRICK TOWER BUILDING
1261 POST ROAD
P.O. BOX 577
FAIRFIELD, CONNECTICUT 06824

TELEPHONE: 203-319-0800
FACSIMILE: 203-319-1210

WWW.CBCCT.COM

KEVIN A. COLES
JAMES T. BALDWIN
PETER L. CRAFT [1]
CATHERINE L. CREAGER

OF COUNSEL:
JOHN B. KAISER [*]

REPLY TO:
JOHN B. KAISER
EMAIL: JKAISER@CBCCT.COM
DIRECT DIAL EXTENSION: 18

[1] Also Admitted in New York
[*] Also Admitted in Massachusetts

June 24, 2005

*Via Facsimile: 203-221-3199 and*
*First Class Regular Mail*

Russell J. Sweeting, Esquire
**Maya & Associates, P.C.**
266 Post Road East
Westport, CT 06880

Re: <u>Caggianiello v. PrivatAir, Inc.</u>

Dear Russell:

Please find enclosed a Notice of the Deposition of Hugh Regan in connection with the above.

Also, please accept this correspondence as a further effort to resolve discovery disputes without resort to court intervention. Specifically, in connection with the court-ordered response to the Interrogatory relating to advertising information, you have failed to Identify, as that term is defined in the Interrogatories, the person(s) responsible for generating the documents and engaging in the advertising work you referenced.

To save some typing and debate, I attach the definition pages reflecting the definition of Identify. We desire to take this person's deposition as well. Could you kindly call me with that information, fax the name to me, or formally supplement your responses.

Very truly yours,

John B. Kaiser

JBK:wp

cc: Clients

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---

NICHOLAS CAGGIANIELLO, NEIL HOWARD and THOMAS FALCO, on behalf of themselves and all other similarly situated employees of FSG PrivatAir, Inc.

**Plaintiffs,**

vs.

FSG PRIVATAIR, INC., and in their individual and official capacities DAVID C. HURLEY, HUGH F. REGAN, THOMAS H. MILLER and THOMAS L. CONNELLY

**Defendants.**

---

CIVIL ACTION NO.   3:03CV1011(AWT)

June 24, 2005

Please take notice that the Plaintiffs, pursuant to Federal Rule of Civil procedure 30 et seq, will take the deposition of the Defendant, **Hugh F. Regan**, in the above-entitled action, for use at the trial thereof, as made and provided by a certified court reporter, or other competent authority, and will continue from day to day until completed, at:

> DATE, TIME, PLACE:
> **Thursday, July 14, 2005, 10:00 a.m.**
> The offices of Coles, Baldwin & Craft, LLC
> 1261 Post Road
> Fairfield, Connecticut 06824

Dated at Fairfield, Connecticut, this 24th day of June, 2005.

        Respectfully submitted,

        THE PLAINTIFFS

        BY:

        _____
        John B. Kaiser, Of Counsel
        Federal Bar Number 23577
        **Coles, Baldwin & Craft, LLC**
        1261 Post Road
        Fairfield, CT 06615
        Tel: 203.319.0800
        Fax: 203.319.1210
        Email: JKaiser@cbcct.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent via regular mail, postage pre-paid, on this date to:

Joseph C. Maya, Esq.
Maya & Associates, P.C.
183 Sherman Street
Fairfield, CT 06824

Russell J. Sweeting, Esq.
Maya & Associates, P.C.
183 Sherman Street
Fairfield, CT 06824

Richard J. Diviney, Esq.
65 Jesup Road
PO Box 390
Westport, CT 06881-0390

Computer Reporting Service
1 Grandview Terrace
North Haven, CT 06473

        _____
        John B. Kaiser

discovery requests, this party will ask the Court to exclude such evidence, material, information or testimony in accordance with the provisions of Rule 37(c)(1).

## Definitions

A.  The word "DOCUMENTS" means any written, typed, printed, recorded, graphic, or photographic matter, or sound reproductions, or any other writing or tangible thing of any kind or matter, however produced or reproduced, including copies, or computer or data processing inputs or outputs in whatever form, or any means of electronic storage of information. These include, but are not limited to, all letters, telegrams, cables, wires, e-mails, faxes, telecopies, notes, notices, reports, analyses, studies, memoranda, affidavits, accounts, invoices, checks, receipts, bills, ledgers, books, publications, diagrams, statements, drafts, agreements, contracts, deeds, deposition or other transcripts, agendas, minutes, records, ordinances, diaries, voice recordings, lists, journals, logs, charts, summaries, work papers, manuals, calendars, governmental forms, computer or data processing inputs or printouts, microfiche or microfilm, recordings, statistical compilations, slides, photographs, negatives, motion pictures, video tapes or other film, samples or other physical objects of whatever nature, whether originals or reproductions, now or formerly in the possession, custody, access or control of you or any servant, employee, agent, representative, affiliate, relative or predecessor of yours. The term "DOCUMENTS" also includes every copy where the copy is not an identical reproduction of the original or where the copy contains any commentary, marginal comment or any notation or attachment that may not appear in the original. Without limitation of the term "control," a document is deemed within your control if you have ownership, possession, access to or custody of the document, or may obtain a copy of it from any other person or public or private entity having physical possession thereof.

B.  The words "IDENTIFY," "IDENTITY," or "IDENTIFICATION," as used herein, mean:

1.  When used in reference to a person, "IDENTIFY," "IDENTITY," or "IDENTIFICATION" means that you should state, as applicable, that person's full name and present or last known address; telephone number; date of birth or approximate age; present occupation and/or employer; present business address; present occupational title and position; his or her past or present affiliation or relationship with you; each former position, title held or relationship with you during the applicable time period, specifying, in each instance, the title, position or relationship and the dates he or she held this position.

2.  When used in reference to a business, partnership, corporation, association, department, agency or any other governmental, quasi-governmental or private entity (collectively "ENTITY"), "IDENTIFY," "IDENTITY," or "IDENTIFICATION" means that you should state, as applicable, the full name or title, address and telephone number of the entity; the principal, chief officer or authority, or person with whom you dealt at the entity; and a description of the primary business or purpose of the entity.

3. When used with respect to a document, as defined herein, "IDENTIFY," "IDENTITY," or "IDENTIFICATION" means that you should state the date, subject and substance, author, all recipients, type of document (e.g., letter, telegram, memoranda, computer printout, sound reproduction, chart, photograph, film, etc.), its present location, and the identity of each of its present custodians, and shall include all documents including those that you may claim as privileged. If any documents were, but no longer are, in your possession or subject to your control, state whether it (a) is missing or lost; (b) was destroyed; (c) was transferred voluntarily or involuntarily to others; or (d) has been otherwise disposed of; and, in each instance, explain the circumstances surrounding any authorization for such destruction, transfer or other disposition.

4. When used in respect to any meeting or conversation, "IDENTIFY," "IDENTITY," or "IDENTIFICATION" means that you should state the date and specific location of the meeting or conversation, the subject matter of the meeting or conversation, plus the "identification" of all persons present, attending, participating, witnessing or having knowledge of the meeting or conversation.

5. When used in respect to an occurrence, event or happening, "IDENTIFY," "IDENTITY," or "IDENTIFICATION" means that you should describe in detail what occurred or transpired at the occurrence, event or happening; the date, specific location and duration of the occurrence, event or happening; and identify all persons present, attending, participating, witnessing or having knowledge of the occurrence, event or happening.

6. When used in respect to a statement, "IDENTIFY," "IDENTITY," or "IDENTIFICATION" means that you should state the substance of the statement; the date and specific location of the statement; and the "identity" of all persons present, witnessing, making or having knowledge of the statement.

C. "PERSON" or "PERSONS" includes natural persons, firms, partnerships, associations, joint ventures, corporations and any other form of business organization, entity or arrangement, as well as governmental or quasi-governmental bodies, departments or agencies. If it is not a natural person, then it includes all natural persons associated with the entity.

D. The terms "RELATE or PERTAIN" shall include any and all documents or matters that concern, refer to, involve, evidence or otherwise relate or pertain to the requested document, matter, material or information, in whole or in part, or that contain or reflect the same, in whole or in part. When referring to an allegation in any pleading, "RELATE or PERTAIN" also shall include, inter alia, any and all documents or matters that tend to support or disprove said allegation.

E. The word "COMMUNICATION" means and includes, but is not limited to, any oral communication, conversation or statement, written correspondence,

# EXHIBIT B

**MAYA & ASSOCIATES, P.C.**
ATTORNEYS AT LAW

WWW.MAYALAW.COM
PLEASE REPLY TO:
266 POST ROAD EAST
WESTPORT, CT 06880
TELEPHONE (203) 221-3100
FACSIMILE (203) 221-3199

261 MADISON AVENUE
NEW YORK, NEW YORK 10016
TELEPHONE (212) 682-5700
FACSIMILE (212) 682-5797

June 29, 2005

**VIA FACSIMILE AND FIRST CLASS MAIL**

John B. Kaiser, Esq.
Coles, Baldwin & Craft, LLC
1261 Post Road
P.O. Box 577
Fairfield, CT 06824

Re: <u>Caggianiello v. FSG PrivatAir, Inc.</u>

Dear John:

In response to your June 24, 2005 letter and Notice of Deposition for Hugh Regan, I plan to file a Motion for Protective Order if you insist on taking his deposition. Subject matter jurisdiction discovery ended when the Defendants filed their renewed Motions to Dismiss and for Sanctions on April 26, 2004 in accordance with Judge Thompson's Order. Judge Thompson's Orders dated March 15, 2005 in reference to the Renewed Motions to Dismiss and for Sanctions state that the Motions will be renewed once the Defendants have complied with the outstanding discovery obligations. The Defendants have complied with those discovery obligations in accordance with Judge Martinez's discovery Order dated March 9, 2005.

In reference to Interrogatory 25 concerning the advertising, I suggest that you review Plaintiffs' First Request for Interrogatories to PrivatAir. The Interrogatory does not require PrivatAir to identify the person(s) responsible for generating the documents and engaging in the advertising work. In addition, Judge Martinez's Order confirms that PrivatAir already responded to this interrogatory and that the only issue is whether PrivatAir "engaged a public relations or advertising firm and the cost of such advertising and marketing." I believe you received a supplemental response with this information dated March 21, 2005.

PrivatAir has identified thousands of charter flights in its recent supplemental discovery responses and those flights, by definition, are Part 135 flights. I will bring this to the attention of the Court and ask the Court to set a briefing schedule for Renewed Motions to Dismiss and for Sanctions based upon this additional evidence.

**MAYA & ASSOCIATES, P.C.**

6/29/05
John B. Kaiser, Esq.
Page 2

  I write this letter in an effort to resolve our discovery disputes. If I do not hear back from you by June 31, 2005, I will file a Motion for Protective Order with the Court.

             Sincerely,

             Russell J. Sweeting