UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICHOLAS CAGGIANIELLO, NEIL HOWARD and THOMAS FALCO, on behalf of themselves and all other similarly situated employees of FSG PrivatAir, Inc.<br><br>PLAINTIFFS,<br>VS.<br><br>FSG PRIVATAIR, INC. and in their individual and official capacities DAVID C. HURLEY, HUGH F. REGAN, THOMAS H. MILLER and THOMAS L. CONNELLY<br><br>DEFENDANTS. | CASE NO. 303CV1011(AWT)<br><br><br><br><br><br><br><br><br><br><br><br><br><br>JULY 7, 2005 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND BRIEFING SCHEDULE

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Defendants respectfully submit this memorandum of law in support of their Motion for Protective Order and Briefing Schedule.

I.   **BACKGROUND:**

The Plaintiffs bring three claims against the Defendants under Section 7 (a) of the FLSA. However, the Defendant, FSG PrivatAir, Inc. ("PrivatAir") is a Common Air Carrier and subject to Title II of the Railway Labor Act ("RLA") under 45 U.S.C. § 181. Therefore, the Defendants are exempt from the FLSA pursuant to 29 U.S.C. § 213(b) (3) because the Plaintiffs are employed by a Common Air Carrier. The Court has limited discovery to the issue of subject matter jurisdiction relating to PrivatAir's status as a Common Air Carrier. The Defendants have filed Motions to Dismiss and for Sanctions to

be renewed once the outstanding discovery obligations have been satisfied. The Defendants have now complied with all outstanding discovery obligations and PrivatAir has produced evidence that it has conducted thousands of charter flights during the Plaintiffs' employment. The Plaintiffs are now attempting to extend discovery and have noticed the deposition of Defendant Hugh Regan.

## II.    LAW:

Rule 26(c) provides that "upon motion by a party or by the person from whom discovery is sought . . . and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). "A plain reading of the language of Rule 26(c) demonstrates that the party seeking a protective order has the burden of showing that good cause exists for issuance of that order. It is equally apparent that the obverse also is true, i.e., if good cause is not shown, the discovery materials in question should not receive judicial protection . . . ." In re Agent Orange Product Liability Litigation, 821 F.2d 139, 145 (2d Cir. 1987), cert. denied sub nom. Dow Chemical Co. v. Ryan, 484 U.S. 953, 108 S. Ct. 344, 98 L. Ed. 2d 370 (1987).

## III.    ARGUMENT:

The Plaintiffs' Notice of the Deposition of Defendant Hugh Regan ("Regan") for July 14, 2005 is procedurally defective and contravenes the Court's Orders in this case. The time to conduct subject matter jurisdiction discovery has ended in this case and the Notice of Deposition is untimely and does not even limit the scope of the deposition to the issue of subject matter jurisdiction and the Common Air Carrier issue.

The Court has limited discovery in this case to the issue of subject matter jurisdiction relating to Defendant FSG PrivatAir's ("PrivatAir") status as a Common Air Carrier. The time to complete this discovery ended on April 26, 2004 pursuant to the Court's Order dated December 24, 2003 and the Defendants filed their Renewed Motions to Dismiss and for Sanctions at this time. However, the Renewed Motions to Dismiss and for Sanctions were denied without prejudice to be renewed once the Defendants have complied with outstanding discovery obligations pursuant to the Court's Orders on March 15, 2005. PrivatAir provided supplemental discovery responses showing that it has conducted thousands of charter flights during the Plaintiffs' employment and the Defendants have complied with all outstanding discovery obligations. Therefore, the Defendants move for a protective order to prevent the deposition of Regan and seek a briefing schedule to file Renewed Motions to Dismiss and for Sanctions based upon the supplemental discovery responses.

## IV. CONCLUSION:

For all of the foregoing reasons, the Defendants respectfully request that a Protective Order be granted to prevent the deposition of Regan and that a briefing schedule be approved for the filing of Renewed Motions to Dismiss and for Sanctions.

Respectfully Submitted
THE DEFENDANTS.

By: _____
Joseph C. Maya, Esq. ct/17742
Russell J. Sweeting, Esq. ct/24877
Maya & Associates, P. C.
266 Post Road East
Westport, CT 06880
Telephone: (203) 221-3100
Fax No: (203) 221-3199

## CERTIFICATION

This is to certify that a copy of the foregoing was faxed and mailed this 7th day of July 2005 to:

James T. Baldwin, Esq.
John B. Kaiser, Esq.
Coles, Baldwin & Craft, LLC
1261 Post Road, P.O. Box 577
Fairfield, CT 06824

Russell J. Sweeting