UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICHOLAS CAGGIANIELLO, NEIL HOWARD and THOMAS FALCO, on behalf of themselves and all other similarly situated employees of FSG Privatair, Inc.<br><br>Plaintiffs,<br><br>vs.<br><br>FSG PRIVATAIR, INC., and in their individual and official capacities DAVID C. HURLEY, HUGH F. REGAN, THOMAS H. MILLER and THOMAS L. CONNELLY<br><br>Defendants. | CIVIL ACTION NO. 3:03CV1011(AWT)<br><br>August 5, 2005 |

## MOTION FOR SANCTIONS

Plaintiffs, Nicholas Caggianiello, Neil Howard and Thomas Falco, by their attorney, move this court pursuant to F.R.C.P. for an order imposing sanctions on the defendants for violations of F.R.C.P. 11(b)(1). In support of said Motion, the Plaintiffs state as follows:

1. The Defendants have filed a Motion for Protective Order which is baseless, causing unnecessary delay for the court and a needless increase in the cost of litigation. Specifically, this court has previously considered the Plaintiffs' request to take depositions and has expressly – and on the record – stated that such depositions can proceed.

2. Notwithstanding the clear mandate from this Court on the topic of depositions, the Defendants have filed a motion to protect the taking of such depositions. Counsel for Plaintiffs have attempted to resolve this dispute in good faith and have specifically and explicitly referred counsel for the Defendants to this

court's direction with respect to the taking of depositions. (See Correspondence dated July 19, 2005 attached hereto as Exhibit "A." Despite such efforts, the Defendants' attorneys continue to obstruct the orderly process of this case by refusing to make a witness available and by filing a baseless Motion for Protective Order.

3.   The filing of this motion and the conduct of the Defendants have caused Plaintiff to invest excessive hours writing, responding, filing responses and arguing in the litigation of this matter.

**WHEREFORE,** for the above-stated reasons and for good and just cause, the Plaintiffs request that this court grant this Motion and enter the appropriate relief.

Dated at Fairfield, Connecticut
August 5, 2005

<div style="margin-left:40%">
Respectfully submitted,

THE PLAINTIFFS

BY: _____
James T. Baldwin, Esq. (ct08535)
COLES, BALDWIN & CRAFT, LLC.
1261 Post Road, P.O. Box 577
Fairfield, CT 06824
Tel. (203) 319-0800
Fax (203) 319-1210
</div>

2

## CERTIFICATION

This is to certify that a copy of this Objection to Defendants' Motion to Exempt from Answering Complaint was sent by first class mail on August 5, 2005 to the following counsel of record:

Joseph C. Maya, Esq.
Maya & Associates, P.C
183 Sherman Street
Fairfield, CT 06824

Richard J. Diviney, Esq.
65 Jesup Road
PO Box 390
Westport, CT 06881-0390

Russell J. Sweeting, Esq.
Maya & Associates, P.C.
183 Sherman Street
Fairfield, CT 06824

_____
James T. Baldwin, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICHOLAS CAGGIANIELLO, NEIL HOWARD and THOMAS FALCO, on behalf of themselves and all other similarly situated employees of FSG Privatair, Inc.<br><br>Plaintiffs,<br><br>vs.<br><br>FSG PRIVATAIR, INC., and in their individual and official capacities DAVID C. HURLEY, HUGH F. REGAN, THOMAS H. MILLER and THOMAS L. CONNELLY<br><br>Defendants. | CIVIL ACTION NO. 3:03CV1011(AWT)<br><br>August 5, 2005 |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS

The Plaintiffs, by and through their undersigned counsel, hereby provide this Honorable Court with the following Memorandum of Law in support of their Motion.

**A.     Facts Relevant to the Instant Motion**

On or about July 8, 2005, the FSG PrivatAir, Inc., et al (the "Defendants") filed a Motion for Protective Order which is baseless, causing unnecessary delay for the court and a needless increase in the cost of litigation. Specifically, this court has previously considered the Plaintiff's request to take depositions and has expressly – and on the record – stated that such depositions can proceed.

**B.     Legal Analysis Relevant to Instant Motion**

No counsel in a local practice, in this State, is fond of seeking sanctions against opposing counsel or a party. Courts are similarly not generally inclined to seriously entertain Motions for Sanctions. This is reality. In this case, however, reality

4

mandates that this court should grant the reasonable request of the Plaintiffs for an award of sanctions in a sum certain – to be articulated at hearing – for the behavior and comportment of Attorney Joseph C. Maya and Russell J. Sweeting ("Defendant's attorneys") and/or the law firm of Maya & Associates, P.C. and/or the Defendants.

Along these lines, "the standard for triggering award of attorney fees under Rule 11 is objective unreasonableness." *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, C.A.2.N.Y., 2003. The District court has broad power to impose sanctions in response to abusive litigation practices. *Friends of Animals, Inc. v. U.S. Surgical Corp.*, 131 F.3d 332, C.A.2 (Conn.), 1997. Here, Defendant's attorneys, notwithstanding the clear mandate of this Court on the topic of depositions, have filed a motion to protect such depositions. The unnecessary filing of this motion is clearly an abuse of the litigation practice.

Furthermore, bad faith is the touchstone of an award of sanctions under statute. *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, C.A.2 (N.Y.), 2000. Counsel for the Plaintiffs have attempted to resolve this dispute in good faith and have specifically and explicitly referred Defendant's attorneys to this Court's direction with respect to the taking of depositions. However, despite such efforts, the Defendant's attorneys continue to act in bad faith and to obstruct the orderly process of this case by refusing to make a witness available and by filing a groundless Motion for Protective Order.

The Court is to impose sanctions against party and/or his attorney under Rule 11 when it appears that competent attorney could not form reasonable belief that signed paper was well-grounded in fact. *Healey v. Chelsea Resources, Ltd.*, 947 F.2d 611, C.A.2.N.Y., 1991. Even if there is arguable legal and factual basis for

motion, an attorney or a party violates Rule 11 by presenting that motion to court for improper purpose such as to delay or needlessly increase cost of litigation, or cost of litigation, or does so without a belief, formed after reasonable inquiry, that position espoused is factually supportable and is warranted by existing law or by nonfrivolous argument for extension, modification, or reversal of existing law. *Caisse Nationale de Credit Agricole-CNCA, New York Branch v. Valcorp, Inc.*, 28 F.3d 259, C.A.2.N.Y., 1994. See also *Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, C.A.2.N.Y., 1992. Defendant's attorneys in this case have filed their motion for an improper purpose and have unmistakably caused the Plaintiff to invest excessive hours writing, responding, filing responses and arguing in the litigation of this matter. Similarly, Defendant's attorneys have also caused this Court to expend unwarranted time in the litigation of this matter.

WHEREFORE, the Plaintiffs respectfully submit this Memorandum of Law in Support of their Motion for Sanctions and request that this Court enter the appropriate relief.

Respectfully submitted,
THE PLAINTIFFS

BY: _____

James T. Baldwin, Esq. (ct08535)
COLES, BALDWIN & CRAFT, LLC.
1261 Post Road, P.O. Box 577
Fairfield, CT 06824
Tel. (203) 319-0800
Fax (203) 319-1210

6