UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NICHOLAS CAGGIANIELLO, NEIL HOWARD and THOMAS FALCO, on behalf of themselves and all other similarly situated employees of FSG Privatair, Inc.

Plaintiffs,

vs.

FSG PRIVATAIR, INC., and in their individual and official capacities DAVID C. HURLEY, HUGH F. REGAN, THOMAS H. MILLER and THOMAS L. CONNELLY

Defendants.

CIVIL ACTION NO. 3:03CV1011(AWT)

August 5, 2005

## OBJECTION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND SANCTIONS

Plaintiffs, Nicholas Caggianiello, Neil Howard and Thomas Falco, by their undersigned attorneys, hereby object to the Defendants' Motion for Protective Order and for Sanctions and state as follows.

1. The plaintiffs hereby object to the defendant's motion for protective order on the basis that Defendant's have no right pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure to move for protective order for the following reasons:

   (a) On February 12, 2004, Hon. Alvin W. Thompson, heard, via telephonic conference, Plaintiff's motion for extension of time and heard arguments from both Plaintiff and Defendant regarding disputes over discovery requests and depositions.

   (b) More specifically, during this conference, Plaintiff asked the Court whether they would be permitted to proceed with the depositions of Defendant Hugh Regan ("Regan") that they had noticed for early March. (Transcript at 9, line 11).

   (c) Defendant complained and objected to the scheduled depositions.

(d) Judge Thompson, despite the protestations about having the said depositions taken, specifically and expressly declared that the deposition could take place if necessary, but that they would be limited in scope.

(e) Judge Thompson further made clear that if there were any problems with the taking of the depositions that the defendants should discuss the problems and let the court know of such problems. (Transcript at 11, line 21-23).

(f) Defendants never contacted the court or Judge Thompson with any problems regarding the orders allowing for the deposition to take place.

2. Despite the good faith efforts of the Plaintiffs to take the scheduled deposition, Defendants have failed to cooperate and comply with the orders.

3. Pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure, scheduled deposition is not an annoyance, embarrassment, oppression, or an undue burden on the defendant in any way. Moreover, this Court has specifically addressed this issue and has concluded that depositions – limited to subject matter inquiries – are permissible. Therefore, and in conformity with the Federal Rules, justice does not require this court to protect the defendant with a motion for protective order.

**WHEREFORE,** for the above-stated reasons and for good and just cause, the Plaintiffs request that this court grant deny Defendants' Motion and enter the appropriate relief.

Dated at Fairfield, Connecticut
August 5, 2005

                                      Respectfully submitted,

                                      THE PLAINTIFFS

BY: _____
James T. Baldwin, Esq. (ct08535)
COLES, BALDWIN & CRAFT, LLC.
1261 Post Road, P.O. Box 577
Fairfield, CT 06824
Tel. (203) 319-0800
Fax (203) 319-1210

2

## CERTIFICATION

This is to certify that a copy of this Objection to Defendants' Motion to Exempt from Answering Complaint was sent by first class mail on August 5, 2005 to the following counsel of record:

Joseph C. Maya, Esq.  
Russell J. Sweeting, Esq.  
Maya & Associates, P.C.  
183 Sherman Street  
Fairfield, CT 06824

Richard J. Diviney, Esq.  
65 Jesup Road  
PO Box 390  
Westport, CT 06881-0390

_____  
James T. Baldwin, Esq.

3