UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICHOLAS CAGGIANIELLO, NEIL HOWARD and THOMAS FALCO, on behalf of themselves and all other similarly situated employees of FSG PrivatAir, Inc.<br><br>PLAINTIFFS,<br><br>VS.<br><br>FSG PRIVATAIR, INC. and in their individual and official capacities DAVID C. HURLEY, HUGH F. REGAN, THOMAS H. MILLER and THOMAS L. CONNELLY<br><br>DEFENDANTS. | CASE NO. 303CV1011(AWT)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>AUGUST 15, 2005 |

### DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR SANCTIONS

Pursuant to the Federal Rules of Civil Procedure, the Defendants respectfully submit this objection to Plaintiffs' Motion for Sanctions that was filed with the Plaintiffs' Objection to Defendants' Motion for Protective Order and Briefing Schedule.

The Defendants have the right to move for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("F.R.C.P." or "Rule").  Furthermore, the Defendants have not violated F.R.C.P. 11(b) (1) by filing said motion.  Pursuant to Rule 11(d), Rule 11 is not applicable to discovery and Plaintiffs' Motion for Sanctions is defective and Plaintiffs' Memorandum in Support of said motion should be ignored.

Furthermore, the purpose of Defendants' Motion for Protective Order is to prevent the Plaintiffs from violating a December 24, 2003 court order and prolonging subject matter jurisdiction discovery beyond the April 26, 2004 deadline imposed by

Judge Thompson. The Plaintiffs have no right to take depositions in violation of a court order.

The Defendants have pursued a speedy resolution to this case from the outset and have not unnecessarily increased the cost of litigation in contrast to the Plaintiffs' assertions in their Motion for Sanctions and accompanying Memorandum of Law. In fact, Defendants' Motions to Dismiss and For Sanctions were filed in response to the Plaintiffs' Complaint to resolve this case quickly and will shortly be renewed pursuant to Judge Thompson's Orders dated March 15, 2005.

The Plaintiffs are pursuing this action under the Fair Labor Standards Act ("FLSA") without a cognizable theory as to why the Court has subject matter jurisdiction because the Plaintiffs were employed by a common air carrier. The FLSA overtime provisions do not apply to "any employee of a carrier by air subject to the provisions of title II of the Railway Labor Act." 29 U.S.C. § 213(b) (3) (2000). Title II of the RLA applies to "every common carrier by air engaged in interstate or foreign commerce…and every air pilot or other person who performs any work as an employee or subordinate official of such carrier or carriers." 45 U.S.C. § 181 (2000). Therefore, the Plaintiffs are attempting to delay the final decision of this Court on the subject matter jurisdiction issue and on the issue of whether the Plaintiffs and their counsel will be sanctioned under Rule 11 for knowingly bringing a baseless lawsuit. The Plaintiffs are attempting to extend subject matter jurisdiction discovery indefinitely to delay a decision by the Court on this issue and to "fish" for a cognizable theory.

If the Court considers Plaintiffs' Motion for Sanction under Rule 37, the Defendants should not be sanctioned because they have not violated any discovery court

orders and have complied fully with Judge Thompson rulings. As referenced in Plaintiffs' Objection, Judge Thompson confirmed on February 12, 2004 that scheduled deposition noticed by the Plaintiffs could take place in March, 2004. However, the depositions were cancelled by the Plaintiffs and were not rescheduled before April 26, 2004, the court ordered deadline for subject matter jurisdiction discovery to be completed as confirmed in Judge Thompson's Order dated December 24, 2003. The Plaintiffs are barred from taking depositions in this case pursuant to court order.

Furthermore, pursuant to Judge Thompson's Orders on March 15, 2005, Defendants' Renewed Motions to Dismiss and for Sanctions will be renewed once the Defendants have complied with outstanding discovery obligations. The Defendants have complied with all outstanding discovery obligations pertaining to Judge Martinez's Order on March 9, 2005. Therefore, Defendants are seeking a briefing schedule for their renewed motions.

As outlined in Plaintiffs' Motion for Protective Order and Briefing Schedule, the undersigned communicated with Plaintiffs' counsel in accordance with Rule 26(c) in an effort to resolve this discovery dispute regarding depositions before contacting the Court by way of motion. Therefore, the Defendants and their counsel should not be sanctioned.

For all of the foregoing reasons, the Defendants respectfully request that Plaintiffs' defective Motion for Sanctions be denied and that a Protective Order be granted to prevent depositions and that a briefing schedule be approved for the filing of Renewed Motions to Dismiss and for Sanctions.

                    Respectfully Submitted
                    THE DEFENDANTS.

By: _____
Joseph C. Maya, Esq. ct/17742
Russell J. Sweeting, Esq. ct/24877
Maya & Associates, P. C.
266 Post Road East
Westport, CT 06880
Telephone: (203) 221-3100
Fax No:      (203) 221-3199

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed this 15th day of August 2005 to:

James T. Baldwin, Esq.
John B. Kaiser, Esq.
Coles, Baldwin & Craft, LLC
1261 Post Road, P.O. Box 577
Fairfield, CT 06824

_____
Russell J. Sweeting