UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICHOLAS CAGGIANIELLO, NEIL HOWARD and THOMAS FALCO, on behalf of themselves and all other similarly situated employees of FSG Privatair, Inc. | CIVIL ACTION NO. 3:03CV1011(AWT) |
| Plaintiffs, | |
| vs. | |
| FSG PRIVATAIR, INC., and in their individual and official capacities DAVID C. HURLEY, HUGH F. REGAN, THOMAS H. MILLER and THOMAS L. CONNELLY | November 18, 2005 |
| Defendants. | |

**PLAINTIFFS' OBJECTION TO DEFENDANTS'
SECOND RENEWED MOTION FOR SANCTIONS**

The plaintiffs in the above-entitled action respectfully object to the Defendants' Second Renewed Motion for Sanctions, dated October 27, 2005, for the reasons set forth in the Memorandum of Law in Opposition to Defendants' Second Renewed Motion for Sanctions, filed herewith.

Respectfully submitted,

THE PLAINTIFFS

BY: _/s/ James T. Baldwin_
James T. Baldwin, Esq. (ct08535)
COLES, BALDWIN & CRAFT, LLC.
1261 Post Road, P.O. Box 577
Fairfield, CT 06824
Tel. (203) 319-0800
Fax (203) 319-1210

**NO ORAL ARGUMENT REQUESTED**

## CERTIFICATION

This is to certify that a copy of this Objection to Defendants' Motion for Sanctions was sent by first class mail on November 18, 2005 to the following counsel of record:

Joseph C. Maya, Esq.
Russell J. Sweeting, Esq.
Maya & Associates, P.C.
183 Sherman Street
Fairfield, CT 06824

Richard J. Diviney, Esq.
65 Jesup Road
PO Box 390
Westport, CT 06881-0390

_____
James J. Baldwin, Esq.

2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NICHOLAS CAGGIANIELLO, NEIL    CIVIL ACTION NO. 3:03CV1011(AWT)
HOWARD and THOMAS FALCO, on behalf
of themselves and all other similarly situated
employees of FSG Privatair, Inc.

                Plaintiffs,

                November 18, 2005

vs.

FSG PRIVATAIR, INC., and in their
individual and official capacities DAVID C.
HURLEY, HUGH F. REGAN, THOMAS H.
MILLER and THOMAS L. CONNELLY

                Defendants.

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS

I.    PRELIMINARY STATEMENT

       Plaintiffs Nicholas Caggianiello, Neil Howard and Thomas Falco, on behalf of themselves and all other similarly situated employees of FSG PrivatAir, Inc., by their attorney, submit this memorandum of law in support of their objection to defendants' renewed motion for sanctions in the above-entitled action pursuant to Federal Rules of Civil Procedure 11(c).

       Plaintiffs have stated claims for relief under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (FLSA) for unpaid wages. Defendants' motion for sanctions should be denied because plaintiffs' have 1) made claims that are warranted by existing law, and 2) the allegations and other factual contentions have evidentiary support in the pleadings and documents filed with the court to date. In objecting to the second renewed motion

for sanctions, the Plaintiffs rely on their second renewed motion to dismiss filed simultaneously with the Court.

## II. STANDARD

By presenting to the court a pleading, an attorney pursuant to Fed. R. Civ. P. 11(b)(2) certifies, after an inquiry reasonable under the circumstances, that to the best of their knowledge, information and belief,

> [T]he claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

Additionally, an attorney certifies pursuant to Fed. R. Civ. P. 11(b)(3),

> [T]he allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after reasonable opportunity for further investigation or discovery.

Pursuant to Fed. R. Civ. P. 11(c), the court in its discretion may impose sanctions, if, after reasonable notice and opportunity to be heard, it determines that subdivision (b) of the rule has been violated. The purpose of imposing sanctions under Rule 11 is deterrence. As such, the sanctions should be limited to that which is necessary to deter repetition of such conduct. See, e.g. Silva v. Witschen, 19 F.3d 725 (1st Cir. 1994) (purpose of Rule is deterrence, not compensation of injured party).

## III. ARGUMENT

The strength of defendants' second renewed motion for sanctions is unavoidably tied to the merit of their second renewed motion to dismiss, filed October 27, 2005. Plaintiffs' opposition to that motion, filed November 18, 2005, contains both factual and legal arguments sufficient to withstand the instant motion. Rather than restating the

2

arguments advanced in opposition to the second renewed motion to dismiss, they are incorporated by reference and reasserted herein.

The defendants allege that the plaintiffs' attorney had no precedent to support the plaintiffs' claims. See Defendants' Memorandum of Law in Support of Second Renewed Motion for Sanctions [hereinafter "Motion for Sanctions"] at 5. There is no dispute, however, that there is no legal authority in this Circuit precluding this action. It is also beyond dispute that this Court is not bound to accept the holdings of other circuits when rendering its decision. Decisions of one circuit court of appeals are not binding upon another circuit. Newsweek, Inc. v. U.S. Postal Service, 663 F.2d 1186, C.A.2, 1981. "Until the Supreme Court speaks, federal circuit courts are under duties to arrive at their own determinations of merits of federal questions presented to them; if the federal court simply accepts the interpretation of another circuit without independently addressing the merits, it is not doing its job." Menowitz v. Brown, 991 F.2d 36, 40 C.A.2.N.Y., 1993.

Furthermore, the defendants' reliance on Knipe v. Skinner is misplaced. See Motion for Sanctions at 5. The court in Knipe awarded sanctions for claims that made no argument in the face of contrary precedent. 19 F.3d 72 (2nd Cir. 1994). Here, there is no contrary, binding precedent which this Court must use to decide whether the defendant FSG should fall within the purview of the RLA.

The initiation of dialogue by plaintiffs' counsel is a testament to the fact that plaintiffs made *a reasonable inquiry into the law and facts* before filing their civil action. Indeed, it is frivolous in and of itself to allege that plaintiffs' counsel failed to determine or ignored that FSG is a common carrier by air under the RLA. See Motion for Sanctions at 4. The factual inquiry regarding whether FSG is a common carrier by air is at the heart

3

of this phase of the litigation, as there exists a genuine issue of material that the defendant FSG was a common carrier by air at the time the plaintiff-employees worked for said company. Plaintiffs' counsel did not ignore this fact nor was there a failure to undertake due diligence in proceeding with this litigation when it can be reasonably argued that FSG is subject to the Fair Labor Standards Act and thus, not a common carrier by air.

Defendants' assertion that plaintiffs' claim has no chance of success from the start because the defendant FSG was a "common carrier" is inflammatory, misleading and without substance in fact or law. As proof of this allegation, Defendants state that Plaintiffs should have known that FSG was a "common carrier" during their employment with said company by virtue of their familiarity with Federal Aviation Requirements and their familiarity with the business. See Motion for Sanctions at 7. However, the Federal Aviation Requirements do not define a common carrier by air. Furthermore, a Motion for Sanctions should not be used to chastise the plaintiffs for their lack of legal knowledge, especially when the issue at hand is left open to a legal factual determination based on case law in other circuits.

The Defendants' allege in both their Motion for Sanctions, See Motion for Sanctions at 7, as well as in their Second Renewed Motion to Dismiss, that by virtue of the Defendants' business in interstate commerce, they are qualified as a common carrier by air. However, this is not the legal test to qualify as a common carrier by air. Engaging in interstate commerce is the second prong of the air carrier test for which the first prong asks whether the employer is a common carrier by air is the first prong. See Defendants' Motion for Sanctions at 5; 45 U.S.C. § 181. It is irrelevant whether or not they engaged in interstate commerce for the instant question of whether the defendant

4

FSG is a common carrier by air. Therefore, the plaintiffs' statements that the defendant FSG engaged in interstate commerce, as well as the fact that the plaintiff-employees engaged in interstate commerce in their capacity as employees for the defendant, has no relevance in regards to whether the defendant FSG was a common carrier by air.

Finally, the plaintiffs' attorney had enough facts to rely on before initiating suit to assert a colorable claim as is evidenced in their Second Renewed Objection to Defendants' Motion to Dismiss. As aforementioned, there are genuine issues of material fact as to whether defendant FSG was a common carrier by air. This is further strengthened by the fact that there is no binding precedent in this jurisdiction that defines a common carrier by air.

These various assertions, themselves unsupported, are simply ludicrous in light of the fact that the two primary cases cited by defendants remotely related to the issue of RLA exemption, Thibodeaux v. Executive Jet International, Inc., 328 F3d 742 (5th Cir. 2003) and Woolsey v. National Transportation Safety Board, 993 F.2d 516 (5th Cir. 1993), stand for the proposition that a full factual inquiry into the scope and nature of an air carrier's operations and ownership is necessary to answer the question of whether the exemption applies. On that basis alone, plaintiffs had a right to and engaged in a lengthy factual and legal inquiry prior to the initial correspondence between counsel and prior to the initiation of this lawsuit. Because genuine issues of material fact exist in this case on the issue of the exemption, it is more than just a stretch to say that plaintiffs' claims have "no reasonable basis in law or fact." Significantly, defendants cite no Supreme Court or Second Circuit decisions to support the proposition that 49 U.S.C. § 42112(b)(3) is clear and unambiguous, so no argument can change its interpretation by the court. To the

5

contrary, those cases cited by defendants stand uniformly for the proposition that the common air carrier exemption is necessarily subject to judicial interpretation, as the term is not defined in either the RLA or the FSLA. *Eg.*, Woolsey v. National Transportation Safety Board, 993 F.2d 516 (5th Cir. 1993); and Thibodeaux v. Executive Jet International, Inc., 328 F3d 742 (5th Cir. 2003).

Defendants' motion for sanctions, with all its scurrilous commentary, is nothing less than an example of the very type of pleading the original movants claim to abhor. In doing so, defendants have knowingly violated the very standards they ask the court to deter.

## CONCLUSION

Based on the foregoing, the plaintiffs respectfully request that this court deny defendants' second renewed motion for sanctions.

Respectfully submitted,

THE PLAINTIFFS

BY: *James T Baldwin/GBK*
James T. Baldwin, Esq. (ct08535)
COLES, BALDWIN & CRAFT, LLC.
1261 Post Road, P.O. Box 577
Fairfield, CT 06824
Tel. (203) 319-0800
Fax (203) 319-1210

6

## CERTIFICATION

This is to certify that a copy of this Memorandum of Law in Opposition to Defendants' Motion for Sanctions was sent by first class mail on November 18, 2005 to the following counsel of record:

Joseph C. Maya, Esq.
Russell J. Sweeting, Esq.
Maya & Associates, P.C.
183 Sherman Street
Fairfield, CT 06824

Richard J. Diviney, Esq.
65 Jesup Road
PO Box 390
Westport, CT 06881-0390

_____
James T. Baldwin, Esq.

7