UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICHOLAS CAGGIANIELLO, NEIL HOWARD and THOMAS FALCO, on behalf of themselves and all other similarly situated employees of FSG PrivatAir, Inc.<br><br>PLAINTIFFS,<br>VS.<br><br>FSG PRIVATAIR, INC. and in "their individual and official capacities DAVID C. HURLEY, HUGH F. REGAN, THOMAS H. MILLER and THOMAS L. CONNELLY<br><br>DEFENDANTS. | CASE NO. 303CV1011(AWT)<br><br><br><br><br><br><br><br><br><br><br><br>JANUARY 10, 2006 |

**REPLY MEMORANDUM OF DEFENDANTS IN SUPPORT OF
THEIR SECOND RENEWED MOTION FOR SANCTIONS**

**I.    PRELIMINARY STATEMENT**

Defendants FSG PrivatAir, Inc. ("PrivatAir"), David C. Hurley, Hugh F. Regan, Thomas H. Miller and Thomas L. Connelly, by their attorney, respectfully submit this reply memorandum in further support of their Second Renewed Motion for Sanctions made pursuant to Rule 11(b)(2) and 11(b)(3) of the Federal Rules of Civil Procedure ("F.R.C.P").

**II.    ARGUMENT**

**A.    PLAINTIFFS' ATTORNEY SHOULD BE SANCTIONED FOR FILING A LAWSUIT WITH NO REASONABLE BASIS IN LAW OR FACT**

The plaintiffs have failed to establish a reasonable basis for their legal and factual assertions in the complaint. The plaintiffs cannot assert Fair Labor Standards Act ("FSLA") claims against the defendants because PrivatAir is an air carrier subject to the Railway Labor Act ("RLA"). *See* 29 U.S.C. § 213(b) (3). The undersigned respectfully refers the Court to the defendants' memorandum

of law in support of the second renewed motion to dismiss dated October 27, 2005 and to the defendants' reply memorandum of law in support of the motion to dismiss dated January 10, 2006.

All of the federal circuit courts addressing the air carrier exemption to the FLSA clearly recognize the exemption and that it applies to air carriers such as PrivatAir who are subject to the RLA. *See* Memorandum of Law in Support of Defendants' Second Renewed Motion to Dismiss. Plaintiffs' argument that the lack of legal authority in this circuit somehow shields them from being subject to clear statutory law is specious. Plaintiffs and their attorneys clearly understood the ramifications of the RLA at the time the complaint was filed by citing to it in paragraph 23 of the complaint and erroneously asserting that it does not apply. Therefore, it is disingenuous for the plaintiffs to assert now that there is no legal authority precluding their claims.

In fact, there is no evidence to establish that PrivatAir is subject to the FLSA. Plaintiffs have not put forth a legitimate theory, as is their burden, as to why PrivatAir is not a common air carrier. The Court clearly does not have subject matter jurisdiction over this case and plaintiffs' attorney should have done his homework before filing this lawsuit. Instead, plaintiffs' attorney filed this lawsuit and ignored the issue of subject matter jurisdiction in its entirety.

The defendants have shown how PrivatAir operates under an Air Carrier Certificate of its subsidiary Ogden Flight Services Group, Inc. ("Ogden"), now known as Flight Services Group, Inc. ("FSG"), entitling it to "conduct common carriage operations." Therefore, the defendants' claim for sanctions is reasonable under the circumstances considering that plaintiffs were actively engaged in the air carrier business and plaintiffs' attorney should have conducted a good faith inquiry into this business before filing the complaint.

In the face of overwhelming evidence, plaintiffs' attorney has continually ignored the

facts and case law in an effort to prolong a fatally flawed lawsuit. Therefore, plaintiffs' attorney should be sanctioned for his conduct.

### III.    CONCLUSION

Based on the foregoing, the defendants respectfully request that the Court impose sanctions on the plaintiffs' attorney pursuant to Rule 11(c). Plaintiffs' attorney has violated Rules 11(b)(2) and (3) by filing a lawsuit with no reasonable basis in law or fact that has no chance of success under existing law or extension thereof. Plaintiffs' attorney failed to make a reasonable inquiry into the law or facts by asserting boilerplate allegations with no factual support. Therefore, the defendants should be awarded attorney fees and costs in defending this action.

Respectfully Submitted,
THE DEFENDANTS

By: _____
Joseph C. Maya, Esq. ct/17742
Russell J. Sweeting, Esq. ct/24877
Maya & Associates, P. C.
266 Post Road East
Westport, CT 06880
Telephone:  (203) 221-3100
Fax No:     (203) 221-3199

CERTIFICATION

This is to certify that a copy of the foregoing was mailed this 10th day of January 2006 to:

James T. Baldwin, Esq.
Coles, Baldwin & Craft, LLC
1261 Post Road, P.O. Box 577
Fairfield, CT 06824

_____
Russell J. Sweeting