UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICHOLAS CAGGIANIELLO, NEIL HOWARD and THOMAS FALCO, on behalf of themselves and all other similarly situated employees of FSG PrivatAir, Inc.<br><br>PLAINTIFFS,<br>VS.<br><br>FSG PRIVATAIR, INC. and in "their individual and official capacities DAVID C. HURLEY, HUGH F. REGAN, THOMAS H. MILLER and THOMAS L. CONNELLY<br><br>DEFENDANTS. | CASE NO. 303CV1011(AWT)<br><br><br><br><br><br><br><br><br><br><br><br>JANUARY 10, 2006 |

**REPLY MEMORANDUM OF DEFENDANTS
IN SUPPORT OF THEIR SECOND RENEWED MOTION TO DISMISS**

1.  **PRELIMINARY STATEMENT**

    Defendants FSG PrivatAir, Inc. ("PrivatAir"), David C. Hurley, Hugh F. Regan, Thomas H. Miller and Thomas L. Connelly, by their attorney, respectfully submit this reply memorandum in further support of their motion, made pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("F.R.C.P"), to dismiss the Complaint in its entirety for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

    The defendant PrivatAir is an air carrier subject to Title II of the Railway Labor Act ("RLA") under 45 U.S.C. § 181. Therefore, PrivatAir is exempt from the Fair Labor Standards Act ("FLSA") as an air carrier pursuant to 29 U.S.C. § 213(b)(3). The plaintiff employees cannot assert claims under the FLSA against the defendants because they are employees of an air carrier.

    In the face of clear statutory law, the plaintiffs have completely failed to uphold their burden

of establishing subject matter jurisdiction in their Objection to Defendants' Second Renewed Motion to Dismiss. Likewise, the plaintiffs have completely failed to advance a legal theory or allege sufficient facts to state a cognizable claim under the FLSA. Therefore, the defendants respectfully request that the court dismiss the plaintiffs' claims pursuant to F.R.C.P. 12(b)(1) and 12(b)(6).

II.     **STANDARD FOR MOTION TO DISMISS**

In a motion to dismiss for lack of subject matter jurisdiction under F.R.C.P 12(b)(1), the defendant is permitted to contest the legal and factual sufficiency of the plaintiffs' assertion of jurisdiction. *See* Robinson v. Government of Malaysia, 269 F.3d 133, 140 (2d Cir. 2000); *citing* Phoenix Consulting, Inc. v. Republic of Angola, 342 U.S. App. D.C. 145, 216 F.3d 36, 40 (D.C. Cir. 2000). In determining whether subject matter jurisdiction exists, the court may consider relevant evidence before the court. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Most importantly, the plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *See Id*. The rule's purpose is to permit trial courts to terminate lawsuits "that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." *See* Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc., 988 F.2d 1157, 1160 (Fed.Cir. 1993).

III.    **ARGUMENT**

    A.     **THE PLAINTIFFS ARE EXEMPT EMPLOYEES UNDER THE FLSA**

The plaintiffs clearly cannot bring claims under the FLSA because they are employees of an air carrier and clearly exempt from the provisions of the FLSA under 29 U.S.C. § 213(b)(3). In the face of unambiguous statutory law, the plaintiffs have resorted to creating irrelevant factual

issues and misconstruing the applicable case law.

### 1. The plaintiffs' complaint should be dismissed as lacking subject matter jurisdiction because PrivatAir is a Common Air Carrier

The defendants have challenged the legal and factual sufficiency of the plaintiffs' assertion of subject matter jurisdiction. Contrary to plaintiffs' conclusory averment in paragraph 6 of the Complaint that, "Jurisdiction of the action is conferred on this court by Section 16(b) of the Act (29 USCA 216(b)), and by the provisions of 28 USCA 1337, relating to any civil action or proceeding arising under any Act of Congress regulating commerce, the factual allegations in the Complaint clearly support the defendants' assertion that the plaintiffs' claims lack subject matter jurisdiction. The Complaint asserts that PrivatAir is an air carrier "providing aviation services including private travel charter services, corporate shuttle services, aircraft sales and management and ground services" and that the plaintiff employees "were engaged in activities in the furtherance of PrivatAir's business of aircraft management and private air charter services." See Complaint, ¶¶ 21, 25. These allegations directly contradict the plaintiffs' conclusory legal assertions that "PrivatAir is not an air carrier subject to the provisions of Title II of the Railway Labor Act" and that "[P]laintiffs, and other employees of defendant employers similarly situated, are not employees subject to the provisions of the Railway Labor Act." See Complaint ¶¶ 22-23.

A case may be dismissed for lack of subject matter jurisdiction on a facial challenge when, viewing the allegations as a whole, it is apparent that a conclusory averment of subject matter jurisdiction is contradicted by other allegations in the pleadings. See Gibbs v. Buck, 307 U.S. 66, 59 S.Ct 725, 83 L.Ed. 1111 (1939); New Mexicans for Bill Richardson v. Gonzalez, 64 F.3d 1495, 1499 (10th Cir. 1995). Here, it is clear that the plaintiffs' conclusory legal assertions of subject matter jurisdiction under the FLSA are contradicted by the plaintiffs' own factual

allegations in the complaint supporting the conclusion that PrivatAir is an air carrier subject to the RLA and exempt from FLSA. The plaintiffs' complaint should be dismissed for lack of subject matter jurisdiction on its face.

Clearly, the plaintiffs have also failed to allege facts sufficient to support subject matter jurisdiction in this case. In addition, the plaintiffs make irrelevant references to the requirements of the RLA and whether PrivatAir has abided by those requirements. *See* Plaintiffs' Memo. of Law in Opposition to Defs. Second Renewed Motion to Dismiss, p. 7, ¶ 1. The only relevant issue is whether PrivatAir is subject to the RLA and not whether it has complied with its provisions. Moreover, plaintiffs' opinion that the FLSA should apply to PrivatAir because its application will not threaten the country's transportation system is wholly irrelevant. *See* Plaintiffs' Memo. of Law in Opposition to Defs. Second Renewed Motion to Dismiss, p. 8, ¶ 2. The Court does not have the power to interpret statutory law based upon public policy considerations. Plaintiffs clearly are resorting to "bottom of the barrel" arguments to continue their fatally flawed lawsuit.

In contrast, the defendants have cited to matters of public record and the plaintiffs' own factual assertions in the Complaint to support the conclusion that PrivatAir is exempt from the FLSA as an air carrier. The allegations in the Complaint and the undisputed facts before the court confirm that federal subject matter jurisdiction is absent and the case should be dismissed.

Moreover, the defendants have appropriately submitted, or directed the court's attention to a wide variety of public information showing that PrivatAir is a common air carrier including an air carrier certificate, a foreign air carrier authorization, an FAA air-operator certificate website, PrivatAir's website, and various literature demonstrating PrivatAir's advertisements

through a wide range of media outlets including the internet, direct mail, business publications, public events and the radio. *See* Defs. Memo. of Law in Support of their Second Renewed Motion to Dismiss, p. 5, ¶ 3.

The plaintiffs cannot dispute their own allegations in the Complaint and cannot dispute matters of public record before the court. Therefore, the plaintiffs have failed to carry their burden in establishing subject matter jurisdiction and their Complaint should be dismissed.

### B. THERE ARE NO RELEVANT FACTUAL ISSUES IN DISPUTE BECAUSE PRIVATAIR IS CLEARLY A COMMON AIR CARRIER

In an attempt to create an irrelevant factual issue, plaintiffs submit self-serving affidavits as Exhibits A and B of their Memorandum of Law in Opposition allegedly confirming that PrivatAir subjected itself to the FLSA during the plaintiffs' employment. Clearly, the only relevant issue is whether the Court has subject matter jurisdiction because PrivatAir is a Common Air Carrier subject to the RLA. PrivatAir's air carrier operation is the only relevant factual inquiry at issue here. Plaintiffs' efforts to focus on other factual issues should be ignored by the Court.

Moreover, plaintiffs clearly misrepresent the deposition testimony relating to PrivatAir's charter flights and their advertising to the general public to create factual issues that do not exist as will be explained in greater detail *infra*. *See* Plaintiffs' Memo. of Law in Opposition to Defs. Second Renewed Motion to Dismiss pp. 2-4, ¶ 1. Issues relating to the ownership of the airplanes, PrivatAir's potential customer list, the methods of PrivatAir's sales people and how much advertising to the public is required of a Common Air Carrier are not factual issues relating subject matter jurisdictions. As long as PrivatAir conducts air carrier operations and holds itself

out to the public as a common air carrier, as has been clearly shown, PrivatAir is subject to the RLA and not to the FLSA. Therefore, the Court does not have subject matter jurisdiction and the plaintiffs' irrelevant factual arguments can be ignored.

Plaintiffs' insinuation that PrivatAir does not offer its services indiscriminately to the public because it can turn away customers based upon a background check and requested destination is flawed. *See* Plaintiffs' Memo. of Law in Opposition to Defs. Second Renewed Motion to Dismiss p. 12, ¶ 1. The article in the *Connecticut Post* entitled "Luxury Aloft" and attached to Defendants Second Renewed Motion to Dismiss in Exhibit D quotes PrivatAir's Director of Security regarding the company's refusal to charter an aircraft for a customer due to dangerous location requests and suspicious itinerary changes or payment methods. Obviously, a charter company or even an airline can refuse to fly a customer based upon safety or security issues in this day in age. Plaintiffs' mischaracterization of the article is obvious on its face and indicative of their attempts to create issues of fact that do not exist.

In assessing the status of a carrier, in Woolsey v. National Transportation Safety Board, 993 F.2d 516 (5th Cir. 1993), the court found the determining factor to be whether the carrier had held itself out to the public or to a definable segment of the public as being willing to transport for hire, indiscriminately. Id. at 523; citing Los Vegas Hacienda, In. v. Civil Aeronautics Bd., 298 F.2d 430 (9th Cir.), *cert. denied*, 369 U.S. 885 (1962). The Woolsey Court found a carrier's marketing efforts as being willing to carry any member of that segment of the public which it serves, crucial in determining its status as a common carrier. Woolsey at 524. In that case, the court found that there was sufficient evidence in which the NTSB could conclude that the carrier had marketed itself to numerous rock stars, and sought to enter and capture the country music

industry by directly soliciting the business of country music luminaries like Reba McEntire. Similarly, PrivatAir's charter and corporate shuttle services are indiscriminately available to the public. Even though a small percentage of the public utilizes PrivatAir's charter and shuttle services, it does not negate the fact that the services are available for the public's use.

The plaintiffs erroneously assert that PrivatAir did not operate as a common carrier by air nor did it operate as a single entity. *See* Plaintiffs' Memo. of Law in Opposition to Defs. Second Renewed Motion to Dismiss, p. 15, ¶ 3. The National Mediation Board ("NMB"), in construing the RLA, looks beyond corporate structure to determine whether separate entities are in fact operating as a single carrier for the purpose of labor-management relations. Air Line Pilots Association v. Texas International Airlines, Inc., 656 F.2d 16 (2nd Cir. 1981) (citing a litany of NMB decisions that held multiple corporate entities were a single carrier under the Railway Labor Act). The three corporate entities in the present case, PrivatAir, SA, FSG PrivatAir, Inc. ("PrivatAir"), and Ogden Flight Services Group, Inc. ("Ogden"), now known as Flight Services Group Inc., ("FSG"), are actually a single carrier under the Railway Labor Act because they operate as a single airline. *See* Defs. Memo. of Law in Support of their Second Renewed Motion to Dismiss, Exhibit F, FAA Affidavit of Max R. Schmitter including ¶ 7 ("FSG PrivatAir, Inc. operated in furtherance of and in support of the air carrier operations under the Part 119 air carrier certificate of Ogden Flight Services Group, Inc. under Part 135") *and* Exhibit G, Air Carrier Certificates of Ogden and FSG. In addition, PrivatAir's affiliate corporate entity, PrivatAir S.A., holds a foreign air carrier authorization pursuant to 14 C.F.R. § 129. *See* Exhibit H, PrivatAir S.A. foreign air carrier authorizations.

In addition, the Defendants submit with this Reply Memorandum a disk containing a trip

log excel file and documenting thousands of charter flights on PrivatAir operated aircraft during the relevant 2000-2003 period that was disclosed to plaintiffs' counsel during the limited subject matter jurisdiction discovery. *See* Exhibit A, computer diskette attached herewith and entitled Trip Log and marked confidential in accordance this Court's Order whereby flights operated on PrivatAir S.A. or Ogden owned/leased aircraft are listed under question 8 and flights operated by PrivatAir on aircraft not owned/leased by PrivatAir S.A. or Ogden are listed under question 9. The document clearly evidences the thousands of charter flights operated by PrivatAir during the 2000-2003 period when the plaintiffs were employed with the company.

Finally, the plaintiffs argue that there is an issue of fact regarding whether PrivatAir is an air carrier despite their own allegations in the complaint that PrivatAir provides travel charter services and corporate shuttle services in its operation of aircraft and aircraft services. *See* Complaint, ¶¶ 21, 26. Clearly, PrivatAir operates its business under the guidelines of Federal Regulations and maintains an air carrier certificate, through its subsidiary, Ogden, now known as FSG. *See* Defs. Memo. of Law in Support of their Second Renewed Motion to Dismiss, Exhibit G, Air Carrier Certificate. Moreover, as evidenced by PrivatAir's website, it is quite obvious that PrivatAir holds itself out to the public as a single air carrier. *E.g.*, PrivatAir website (last visited April 20, 2004) <http://www.privatair.com/home.html>. The undisputed facts indicating that PrivatAir is clearly a common air carrier are already properly before the Court and to continue this litigation further would prolong a fatally flawed lawsuit.

    C.    **PLAINTIFFS' MISSTATE AND MISCHARACTERIZE THE DEPOSITION TESTIMONY OF PRIVATAIR'S REPRESENTATIVES TO BOLSTER THEIR POSITION**

The plaintiffs attempt to mislead this Court by misstating and mischaracterizing the

deposition testimony of Thomas Fitzsimmons and Hugh Regan. The plaintiffs argue that "aircraft managed by FSG may be chartered by third parties, but only with the express permission of the aircraft owners." Plaintiffs support this assertion with a citation to page 37 of Thomas Fitzsimmons' deposition testimony. *See* Plaintiffs' Memo. In Opposition to Defs. Second Renewed Motion to Dismiss pp. 2-3. Contrary to plaintiffs' argument, nowhere on page 37 is there a statement from Mr. Fitzsimmons which supports this assertion made by plaintiffs. Moreover, plaintiffs assert that "in most instances, FSG must get permission from the owner of the aircraft, providing details of the proposed use before the plane can be flown." Plaintiffs support this assertion with a citation to page 101 of Hugh Regans' deposition testimony. *See* Plaintiffs' Memo. in Opposition to Defs. Second Renewed Motion to Dismiss p. 3, ¶ 1. Contrary to plaintiff's misstated facts, when asked by plaintiffs' counsel whether PrivatAir had to get an owner's permission beforehand, each time that an aircraft was flown on a charter flight, Hugh Regan responded, "no". He added that "some did and some didn't. Some owners purchased aircraft with the idea of chartering the heck out of it. They wanted you to fly it forty hours a month. Others wanted only minimum usage". *See* Plaintiffs' Memo. in Opposition to Defs. Second Renewed Motion to Dismiss, Exhibit E, pg. 101, lines 11-21. Thus, the deposition testimony of Thomas Fitzsimmons and Hugh Regan do not negate the fact that PrivatAir indiscriminately offers transportation services to the public.

Finally, plaintiffs assert that, "the individuals who charter their [PrivatAir] clients' planes are hand-picked from a list of potential customers mostly formed by an network of word-of mouth relationships fostered by FSG's relationships with aircraft brokers, dealers and owners". Plaintiffs support their assertion with a citation to pgs 113-117 of Hugh Regan's deposition

testimony. *See* Plaintiff's Memo. in Opposition to Defs. Second Renewed Motion to Dismiss p.3, ¶1. Contrary to plaintiffs' misstatement of the facts, when asked by plaintiffs' counsel to identify how a new list of people would become customers, Hugh Regan testified that they became customers by word-of-mouth, association with others, the grapevine, advertising and promotion. *See* Plaintiffs' Memo. in Opposition to Defs. Second Renewed Motion to Dismiss, Exhibit E, p. 116, lines 4-8. In fact, Hugh Regan stated that the clients hear about PrivatAir's services and record of safety from its largest ads like the Wall Street Journal. Id. at p. 117, lines 3-12. Thus, the deposition testimony of Thomas Fitzsimmons and Hugh Regan do not negate the fact that Defendants are exempt from the FLSA pursuant to 29 U.S.C. §213 (b) because PrivatAir engages in charter and shuttle services to the public as a common air carrier.

## IV.    CONCLUSION

The plaintiffs have completely failed to uphold their burden of establishing subject matter jurisdiction in their Objection to Defendants' Second Renewed Motion to Dismiss. Likewise, the plaintiffs have completely failed to advance a legal theory or allege sufficient facts to state a cognizable claim under the FLSA. Therefore, the defendants respectfully request that the court dismiss the plaintiffs' claims pursuant to F.R.C.P. 12(b)(1) and 12(b)(6).

Respectfully Submitted,
THE DEFENDANTS

By: _____
Joseph C. Maya, Esq. ct/17742
Russell J. Sweeting, Esq. ct/24877
Maya & Associates, P. C.
266 Post Road East
Westport, CT 06880
Telephone:  (203) 221-3100
Fax No:     (203) 221-3199

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed this 10th day of January 2006 to:

James T. Baldwin, Esq.
Coles, Baldwin & Craft, LLC
1261 Post Road, P.O. Box 577
Fairfield, CT 06824

_____
Russell J. Sweeting

**Exhibit A**

**<u>See computer disk entitled Trip Log and marked confidential</u>**