**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------x
                               :
NICHOLAS CAGGIANIELLO, NEIL    :
HOWARD and THOMAS FALCO, on    :
behalf of themselves and all   :
other similarly situated       :
employees of FSG PrivatAir,    :
Inc.,                          :
                               :
     Plaintiffs,               :   Civil Case No.
                               :
v.                             :   3:03CV1011(AWT)
                               :
FSG PRIVATAIR, INC., and       :
in their individual and        :
official capacities DAVID      :
C. HURLEY, HUGH F. REGAN,      :
THOMAS H. MILLER and           :
THOMAS L. CONNELLY,            :
                               :
     Defendants.               :
                               :
-------------------------------x
```

**ORDER RE DEFENDANTS' SECOND RENEWED MOTION FOR SANCTIONS**

For the reasons sets forth below, Defendants' Second Renewed Motion for Sanctions (Doc. No. 84) is hereby DENIED.

In Thibodeaux v. Executive Jet Int'l, Inc., 328 F.3d 742 (5th Cir. 2003), the court stated:

> "We have found that the crucial determination in assessing the status of a carrier is whether the carrier has held itself out to the public or to a definable segment of the public as being willing to transport for hire, indiscriminately." And we emphasized that our test "is an objective one, relying upon what the carrier actually does rather than upon the label which the carrier attaches to its activity or the purpose which motivates it."

Id. at 750 (quoting Woolsey v. Nat'l Transp. Safety Bd., 993 F.2d 516, 523 (5th Cir. 1993)). It is significant for the court's

analysis of the instant motion that the test for status as a common carrier is an objective one, because it therefore requires an examination into the specific facts and circumstances of each case.

In addition, in <u>Woolsey</u> the 5th Circuit panel split 2-1 on the question of "Who is a 'common carrier' and when is 'common carriage not involved?'" <u>Woolsey</u>, 993 F.2d at 526. The dissenting opinion stated: "The fundamental problem in this case is one of definitions. Neither Congress nor the Federal Aviation Administration ("FAA") have defined the term 'common carriage' or 'common carrier.' I am amazed that this is the case." <u>Id.</u>

Also, the court is struck by the fact that in <u>Thibodeaux</u>, the district court granted partial summary judgment in favor of the employee on the issue of liability and the Court of Appeals reversed. Thus, it is apparent that the answer to the question of whether an entity is a common carrier is not always clear cut.

Finally, there is no controlling precedent in the Second Circuit.

Under these circumstances, the court concludes that, while the plaintiffs' arguments advanced in opposition to the defendants' motion to dismiss are unavailing, this is not a situation where an attorney should be sanctioned for filing a claim that has no chance of success under existing law or a reasonable extension thereof.

It is so ordered.

Dated this 6th day of April 2007 at Hartford, Connecticut.

                                                /s/AWT
                                     Alvin W. Thompson
                          United States District Judge