**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------x
                               :
NICHOLAS CAGGIANIELLO, NEIL    :
HOWARD and THOMAS FALCO, on    :
behalf of themselves and all   :
other similarly situated       :
employees of FSG PrivatAir,    :
Inc.,                          :
                               :
     Plaintiffs,               :    Civil Case No.
                               :
v.                             :    3:03CV1011(AWT)
                               :
FSG PRIVATAIR, INC., and       :
in their individual and        :
official capacities DAVID      :
C. HURLEY, HUGH F. REGAN,      :
THOMAS H. MILLER and           :
THOMAS L. CONNELLY,            :
                               :
     Defendants.               :
                               :
-------------------------------x
```

**RULING ON DEFENDANTS' SECOND RENEWED MOTION TO DISMISS**

The plaintiffs, employees of defendant FSG PrivatAir, Inc. ("PrivatAir"), bring this action alleging violations of Section 7(a) of the Fair Labor Standards Act of 1938 ("FSLA"). The defendants have moved to dismiss the plaintiffs' claims for lack of subject matter jurisdiction on the grounds that the plaintiffs were employees of a "common carrier by air," which is subject to Title II of the Railway Labor Act ("RLA") under 45 U.S.C. § 181 and therefore exempt from the requirements of the FLSA pursuant to 29 U.S.C. § 213(b)(3). The plaintiffs do not dispute that if PrivatAir was subject to Title II of the RLA then the defendants cannot be liable under the FLSA. For the reasons set forth

below, the defendants' renewed motion to dismiss is being granted.

## I. Legal Standard

"A party seeking to invoke the subject matter jurisdiction of a Court has the burden of demonstrating that there is subject matter jurisdiction in the case." Shenandoah v. Habritter, 366 F.3d 89, 91 (2d Cir. 2004). The demonstration of jurisdiction must be by a preponderance of the evidence, and "[i]n resolving the question of [subject matter] jurisdiction, the district court can refer to evidence outside the pleadings." See Luckett v. Bure, 290 F.3d 493, 496-497 (2d Cir. 2002).

The FLSA overtime provisions do not apply to "any employee of a carrier by air subject to the provisions of title II of the Railway Labor Act." 29 U.S.C. § 213(b)(3) (2000). Title II of the RLA applies to "every common carrier by air engaged in interstate or foreign commerce . . . and every air pilot or other person who performs any work as an employee or subordinate official of such carrier or carriers." 45 U.S.C. § 181 (2000). Three conditions must be satisfied in order for the exemption to apply: (1) the employer is a common carrier by air; (2) the employer is engaged in interstate or international air transportation; and (3) the employees' work is related to air transportation. See Thibodeaux v. Executive Jet Int'l, Inc., 328 F.3d 742 (5th Cir. 2003); Rocky Mountain Holdings, L.L.C., NMB

Case No. CJ-6638, 26 NMB 132 (Nat'l Mediation Bd. Jan. 12, 1999).

The Second Circuit has not had occasion to define what constitutes a "common carrier by air" for purposes of the RLA. However, those circuit courts that have addressed the issue have determined that "the crucial determination in assessing the status of a carrier is whether the carrier has held itself out to the public or a definable <u>segment</u> of the public as being willing to transport for hire, indiscriminately." <u>Valdivieso v. Atlas Air, Inc.</u>, 305 F.3d 1283, 1287 (11th Cir. 2002) (emphasis in original) (<u>quoting</u> <u>Woolsey v. Nat'l Transp. Bd.</u>, 993 F.2d 516, 523 (5th Cir. 1993); see also <u>Thibodeaux</u>, 328 F.3d at 750 (same).

## II. <u>Discussion</u>

The plaintiffs argue that the evidence submitted by the defendants does not demonstrate that during the time period at issue in this case (June 6, 2000 - June 6, 2003), as opposed to the time period subsequent to the filing of the complaint, PrivatAir held itself out to the public as offering private charter flights and scheduled services for hire.  After reviewing the exhibits to Defendant's Memorandum of Law in Support of Their Second Renewed Motion to Dismiss (Doc. No. 87) and Defendants' Supplemental Exhibit A to Reply Memorandum (Doc. No. 96), the court concludes that the exhibits show that PrivatAir has held itself out to the public as a provider of charter flights since at least March of 2001 and that it operated thousands of charter

flights during the 2000-2003 time period.  Moreover, even though the court allowed the plaintiffs to conduct discovery on the issue of subject matter jurisdiction and such discovery has been completed, the plaintiffs have not offered any evidence to support their assertion that PrivatAir did not hold itself out to the public as offering charter flight services for hire.

The plaintiffs also argue that PrivatAir is not a common carrier by air because it did not hold itself out for hire indiscriminately.  In support of this argument, the plaintiffs refer to a newspaper article where the Chief of Security for PrivatAir states that PrivateAir has turned away clients based on background checks or their requested destination.  The plaintiffs' argument is unpersuasive.  The standard "is whether the carrier has held itself out to the public or a definable <u>segment</u> of the public as being willing to transport for hire, indiscriminately."  <u>Woolsey</u>, 993 F.3d at 516 (emphasis in original).  In this case, the definable segment of the public is that group of prospective customers who the company has determined do not pose an unacceptable financial or security risk.  The plaintiff has offered no evidence to suggest that PrivatAir turned away customers for reasons unrelated to legitimate financial or security concerns.

Finally, the plaintiffs do not contest that PrivatAir is engaged in interstate commerce.  On the contrary, the Complaint

states that the defendants were "engaged at all times in substantial activities related to interstate commerce . . . with the knowledge and intention on the part of Defendants that such activities would facilitate the operation of aircraft and aircraft services across state lines."  Complaint ¶ 26. Similarly, it is undisputed that the plaintiff employees were involved in activity relating to air transportation.  The plaintiffs allege that they "were engaged in activities in the furtherance of PrivatAir's business or aircraft management and private air charter services."  Complaint ¶ 25.

### III.  Conclusion

For the foregoing reasons, the plaintiffs have failed to meet their burden of showing, by a preponderance of the evidence, that defendant PrivatAir is liable under the FLSA because it is not a common carrier by air subject to the RLA.  Accordingly, the Defendant's Second Renewed Motion to Dismiss (Doc. No. 86) is hereby GRANTED.

The Clerk shall close this case.

It is so ordered.

Dated this 6th day of April 2007 at Hartford, Connecticut.

                                                  /s/AWT
                                         Alvin W. Thompson
                                    United States District Judge